# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENX INTERNATIONAL, INC. and ) | |
| IVFONLINE.COM, LLC, ) | |
| Plaintiffs ) | |
| ) | **Civil Action No.: 05-10419DPW** |
| v. ) | |
| ) | |
| JEREMY JOHNSON and ) | |
| REPROMEDIX CORP., ) | |
| Defendants. ) | |

## JEREMY JOHNSON'S ANSWER AND COUNTERCLAIMS

The Defendant, Jeremy Johnson ("Johnson") hereby answers the allegations contained in plaintiffs' complaint as follows:

### Complaint With Jury Demand

1.    Paragraph 1 contains no allegations to which a response is required.  To the extent that Paragraph 1 contains any factual allegations, Johnson admits he is a defendant in this lawsuit but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 1 and, therefore, denies the same.

### Introduction

2.    Paragraph 2 contains legal conclusions to which Johnson is not obligated to respond.  To the extent that Paragraph 2 contains any factual allegations, Johnson denies the same.

### The Parties

3.    Johnson is without sufficient knowledge or information to form a belief as to the truth of the allegations in contained in Paragraph 3 of plaintiffs' complaint and, therefore, denies the same.

4.    Johnson is without sufficient knowledge or information to form a belief as to the truth of the allegations in contained in Paragraph 4 of plaintiffs' complaint and, therefore, denies the same.

5.    Johnson admits that he is a Canadian resident but denies that he currently resides in Boston, Massachusetts.

6.    Johnson admits that Repromedix is a Delaware corporation with its principal place of business in Woburn, Massachusetts. Johnson denies the remaining allegation in Paragraph 6.

### Jurisdiction and Venue

7.    Paragraph 7 contains legal conclusions to which Johnson is not obligated to respond. To the extent that Paragraph 7 contains any factual allegations, Johnson denies the same.

8.    Paragraph 8 contains legal conclusions to which Johnson is not obligated to respond. To the extent that Paragraph 8 contains any factual allegations, Johnson denies the same.

### Choice of Law

9.    Paragraph 9 contains legal conclusions to which Johnson is not obligated to respond. To the extent that Paragraph 9 contains any factual allegations, Johnson denies the same.

### The Facts

10.    Johnson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the plaintiffs' complaint and, therefore, denies the same.

11.    Johnson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the plaintiffs' complaint and, therefore, denies the same.

12.    Denied.

13.    Johnson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the plaintiffs' complaint and, therefore, denies the same.

14.    Johnson admits the first sentence of paragraph 14 of plaintiffs' complaint. Johnson admits that he executed a "Confidentiality and Non-Compete Agreement" (the "Agreement") on or about November 15, 2001, and that a copy of that agreement is attached to plaintiffs' complaint as Exhibit A. Johnson denies the remaining allegations contained in Paragraph 14 of the plaintiffs' complaint.

15.    Johnson states that the Agreement speaks for itself.

16.    Johnson states that the Agreement speaks for itself.

17.    Johnson states that the Agreement speaks for itself.

18.    Johnson states that the Agreement speaks for itself.

19.    Denied.

20.    Johnson admits the allegations contained in Paragraph 20 of the plaintiffs' complaint.

21.    Denied.

22.    Johnson admits that he communicated with Repromedix during the Fall 2004-Winter 2005 season.  Johnson is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 22 and, therefore, denies the same.

23.    Johnson admits that in November 2004, while on vacation, he made telephone calls to customers of IVFONline.com, LLC ("IVFonline"), however Johnson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of paragraph 23 of the plaintiffs' complaint and, therefore, denies the same. Johnson admits that in November 2004, while on vacation, he traveled to Massachusetts and interviewed at Repromedix.

24.    Johnson admits that in or about December 2004, he utilized IVFonline's facsimile machine to send a facsimile to Repromedix, however Johnson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of the plaintiffs' complaint and, therefore, denies the same.

25.    Johnson admits that he entered the IVFonline facility on or about the evening of January 10, 2005, however he denies the remaining the allegations contained in the first sentence of paragraph 25 of plaintiffs' complaint.  Johnson is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of the plaintiffs' complaint and, therefore, denies the same.

26.    Johnson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of the plaintiffs' complaint and, therefore, denies the same.

27.    Johnson admits that in or about January 2005, he asked a co-worker to provide him with a fourth quarter sales report.  Johnson denies the remaining allegations contained in paragraph 27 of plaintiffs' complaint.

28.    Denied.

29.    Johnson admits that he tendered his resignation on or about January 24, 2005, however Johnson states that the resignation letter speaks for itself. Johnson denies the remaining allegations contained in Paragraph 29 of the plaintiffs' complaint.

30.    Johnson admits that on or about January 25, 2005, IVFonline and genX International Inc. provided Johnson with a letter and requested that he execute the letter. The letter speaks for itself. Johnson denies the allegations contained in the second sentence of Paragraph 30 of the plaintiffs' complaint.

31.    Denied.

32.    Johnson admits that on or about January 25, 2005, IVFonline and genX International Inc. provided Johnson with a letter and requested that he execute the letter. The letter speaks for itself. Johnson denies the allegations contained in the second sentence of Paragraph 32 of the plaintiffs' complaint.

33.    Denied.

34.    Johnson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34 of the plaintiffs' complaint and, therefore, denies the same.

35.    Johnson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35 of the plaintiffs' complaint and, therefore, denies the same.

36.    Johnson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 36 of the plaintiffs' complaint and, therefore, denies the same.

37.    Johnson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 37 of the plaintiffs' complaint and, therefore, denies the same.

38.    Johnson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38 of the plaintiffs' complaint and, therefore, denies the same.

39.    Johnson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38 of the plaintiffs' complaint and, therefore, denies the same.

4

40.    Johnson admits that he received a letter from Michael Cecchi of genX and/or IVFonline dated January 27, 2005. Johnson states that the letter speaks for itself.

41.    Johnson is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 41 of the plaintiffs' complaint.

42.    Johnson admits that he began working for Repromedix in or about February 2005. Johnson denies the remaining allegations in Paragraph 42.

43.    Johnson admits that on or about February 3, 2005, he stopped by Ms. Mezezi's office.

44.    Denied.

45.    Johnson admits that he told Ms. Mezezi that while employed by IVFonline, he had contacted a few IVFonline customers to determine Repromedix's reputation and to assist his decision about whether to accept a position with Repromedix.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

## First Cause of Action
### (Breach of Contract Against Johnson)

48.    Johnson realleges and incorporates by reference his responses to Paragraphs 1 through 47.

49.    Denied.

50.    Denied.

## Second Cause of Action
### (Breach of the Duty of Loyalty Against Johnson)

51.    Johnson realleges and incorporates by reference his responses to Paragraphs 1 through 50.

52.    Paragraph 52 of plaintiffs' complaint contains legal conclusions to which no response is required.

53.    Denied.

5

54.    Denied.

## Third Cause of Action
### (Tortious Interference with Contractual Relations Against Repromedix)

55-61.  The allegations contained in Paragraphs 55 through 61 pertain solely to a party other than Johnson and, therefore, Johnson is not obligated to respond.

## Fourth Cause of Action
### (Tortious Interference with Business Relations Against All Defendants)

62.    Johnson realleges and incorporates by reference his responses to Paragraphs 1 through 61.

63.    Johnson admits that he was familiar with IVFonline's clients, but states that the remaining allegations of Johnson's complaint contain legal conclusions to which no response is required.

64.    Denied.

65.    Denied.

66.    Insofar as the allegations contained in paragraph 66 of plaintiffs' complaint apply to Johnson, Johnson admits that he was aware of business relationships between IVFonline and some of its clients. Johnson is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 66 of the plaintiffs' complaint and, therefore, denies the same.

67.    Insofar as the allegations contained in Paragraph 67 of plaintiffs' complaint apply to Johnson, Johnson denies the same. Johnson is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 67 of the plaintiffs' complaint and, therefore, denies the same.

68.    Insofar as the allegations contained in Paragraph 68 of plaintiffs' complaint apply to Johnson, Johnson denies the same. Johnson is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 68 of the plaintiffs' complaint and, therefore, denies the same.

69.    Insofar as the allegations contained in Paragraph 69 of plaintiffs' complaint apply to Johnson, Johnson denies the same. Johnson is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 69 of the plaintiffs' complaint and, therefore, denies the same.

70.    Insofar as the allegations contained in Paragraph 70 of plaintiffs' complaint apply to Johnson, Johnson denies the same. Johnson is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 70 of the plaintiffs' complaint and, therefore, denies the same.

71.    Insofar as the allegations contained in Paragraph 71 of plaintiffs' complaint apply to Johnson, Johnson denies the same.  Johnson is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 71 of the plaintiffs' complaint and, therefore, denies the same.

**Fifth Cause of Action**
**(Misappropriation of Trade Secrets Against Johnson)**

72.    Johnson realleges and incorporates by reference his responses to Paragraphs 1 through 71.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

**Sixth Cause of Action**
**(Misappropriation of Trade Secrets Against Repromedix)**

78.-84. The allegations contained in Paragraphs 78 through 84 pertain solely to a party other than Johnson and, therefore, Johnson is not obligated to respond.

**Seventh Cause of Action**
**(Willful and Malicious Misappropriation of Trade Secrets Against All Defendants)**

85.    Johnson realleges and incorporates by reference his responses to Paragraphs 1 through 84.

85.    Insofar as the allegations contained in Paragraph 85 of plaintiffs' complaint apply to Johnson, Johnson denies the same.  Johnson is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 85 of the plaintiffs' complaint and, therefore, denies the same.

86.    Insofar as the allegations contained in Paragraph 86 of plaintiffs' complaint apply to Johnson, Johnson denies the same.  Johnson is without sufficient knowledge or

7

information to form a belief as to the truth of the remaining allegations contained in Paragraph 86 of the plaintiffs' complaint and, therefore, denies the same.

87.   Insofar as the allegations contained in Paragraph 87 of plaintiffs' complaint apply to Johnson, Johnson denies the same.  Johnson is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 87 of the plaintiffs' complaint and, therefore, denies the same.

88.   Insofar as the allegations contained in Paragraph 88 of plaintiffs' complaint apply to Johnson, Johnson denies the same.  Johnson is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 88 of the plaintiffs' complaint and, therefore, denies the same.

**Eighth Cause of Action**
**(Computer Conversion Against Johnson)**

89.   Johnson realleges and incorporates by reference his responses to Paragraphs 1 through 88.

90.   Denied.

91.   Denied.

92.   Denied.

93.   Denied.

**Ninth Cause of Action**
**(Civil Conspiracy Against All Defendants)**

94.   Johnson realleges and incorporates by reference his responses to Paragraphs 1 through 93.

95.   Denied.

96.   Denied.

97.   Denied.

**Tenth Cause of Action**
**(Aiding and Abetting Against Repromedix)**

98-100. The allegations contained in Paragraphs 98 through 100 pertain solely to a party other than Johnson and, therefore, Johnson is not obligated to respond.

**Eleventh Cause of Action**
**(Unfair Trade Practices Against Johnson)**

101.   Johnson realleges and incorporates by reference his responses to Paragraphs 1 through 100.

102.   Denied.

103.   Denied.

104.   Denied.

105.   Denied.

106.   Denied.

**Twelfth Cause of Action**
**(Unfair Trade Practices Against Repromedix)**

107-110. The allegations contained in Paragraphs 107 through 110 pertain solely to a party other than Johnson and, therefore, Johnson is not obligated to respond. 106.

**Affirmative Defenses**

1.   Plaintiffs failed to state a claim upon which relief may be granted.

2.   Plaintiffs have acted with unclean hands.

3.   The alleged contract between Johnson and plaintiffs is void for failure of consideration.

4.   The alleged contract between Johnson and plaintiffs is overly broad and, therefore, unenforceable.

5.   The alleged contract between Johnson and plaintiffs is unenforceable because it does not protect plaintiffs' legitimate business interests and the sole purpose for the alleged contract is to prevent ordinary competition.

6.   By plaintiffs' own conduct, their claims are barred by estoppel/waiver.

7.   Plaintiffs have suffered no injury as a result of any conduct by Johnson and, therefore, plaintiff's claims are barred.

8.   Plaintiffs' claims against Johnson are barred because Johnson did not receive any proprietary information.

9

9.    Plaintiffs' claims are barred by latches.

10.   Plaintiffs' claims are barred because plaintiffs have failed to identify any business relations with which Johnson allegedly interfered.

11.   Plaintiffs' claims are barred because Johnson's conduct did not occur in Connecticut.

**WHEREFORE**, Johnson respectfully requests that the court: (1) enter judgment in his favor on the First, Second, Fourth, Fifth, Seventh, Eighth, Ninth, and Eleventh Causes of Action; (2) award Johnson his costs and reasonable attorneys' fees; and (3) award Johnson such other relief as the Court may deem just and proper.

## COUNTERCLAIMS OF JOHNSON

Johnson states the following in support of its counterclaims:

### Facts

1.    Johnson is a citizen of Canada.

2.    Repromedix is a Delaware corporation with its principal place of business in Woburn, Massachusetts.

3.    Upon information and belief, genX International, Inc. is a Connecticut corporation with a principal place of business in Connecticut.

4.    Upon information and belief, IVFonline, LLC is a Connecticut corporation with a principal place of business in Ontario, Canada.

5.    Repromedix is a national reference laboratory for infertility testing. As stated on its website, www.repromedix.com, Repromedix "helps doctors find solutions to their most challenging cases by taking an interdisciplinary approach to clinical testing." Repromedix does this by offering comprehensive diagnostic testing to clinicians around the country.

6.    GenX International, Inc., according to the first page of its website, www.genxintl.com, "is a leader in developing new and advanced laboratory technologies and products for infertility, Assisted Reproduction, Cell Biology and another medical application." GenX provides products to clinicians for use in the treatment of infertility.

7.    IVFonline, LLC, supplies lab equipment and products to invitro fertilization clinics. According to the first page of its website, www.ivfonline.com, IVFonline provides "the fertility industry with the most advanced and breakthrough technologies, products, and services that will make a difference in the life of patients and in the IVF practices of doctors and embryologists worldwide."

8.    Neither genX nor IVFonline conducts laboratory diagnostic testing.

9.    Repromedix does not develop or supply laboratory technologies or products.

9.      In or about February 2005, Repromedix hired Johnson as a sales person.

10.     In no fewer than two telephone conversations with Repromedix, Michael Cecchi of genX and/or IVFonline sought to prevent Repromedix from hiring Johnson.

11.     In a letter to Johnson dated January 27, 2005, Michael Cecchi of genX and/or IVFonline stated that genX/IVFonline "will not permit [Mr. Johnson] to accept or pursue" employment with Repromedix.  In a letter to Repromedix dated January 27, 2005, Michael Cecchi of genX and/or IVFonline sought to prevent Repromedix from hiring Johnson.

12.     On information and belief, plaintiffs sent the January 27, 2005 letters to Johnson and Repromedix despite knowing that the "Confidentiality Non-Compete Agreement" is unenforceable and/or that Johnson was not in breach of the "Confidentiality Non-Compete Agreement."

13.     On or about March 7, 2005, plaintiffs brought this action, asserting, *inter alia*, that by working for Repromedix, Johnson is in breach of the "Confidentiality Non-Compete Agreement."

14.     On information and belief, plaintiffs filed this action despite knowing that the "Confidentiality Non-Compete Agreement" is unenforceable and/or that Johnson was not in breach of the "Confidentiality Non-Compete Agreement."

15.     On information and belief, plaintiffs filed this action and sent the January 27, 2005 letters with knowledge that Repromedix does not compete with either genX or IVFonline.

16.     On information and belief, plaintiffs sent the January 27, 2005 letters to Repromedix and Johnson and filed this action for improper purposes, including but not limited to interfering with Johnson's employment by Repromedix.

17.     As a consequence of plaintiffs' actions, Johnson has suffered damages.

## COUNT ONE

### (Tortious Interference with Contractual Relations)

18.     Johnson repeats the allegations set forth in Paragraphs 1 through 17 of these Counterclaims and incorporates them by reference as though fully set forth herein.

19.     From in or about February 2005 to the present, Johnson has been employed with Repromedix.

19.     When plaintiffs sent the January 27, 2005 letter to Johnson and Repromedix, when plaintiffs called Johnson, and when plaintiffs filed this action, they were aware that Johnson was or would become an employee of Repromedix.

20.     With improper purpose and/or by improper means, plaintiffs intentionally interfered with Johnson's employment with Repromedix.

21.     Plaintiffs' tortious interference with Johnson's employment with Repromedix has resulted in harm to Johnson.

11

## COUNT TWO

### (Violation of M.G.L. c.93A, §§2, 11)

22.     Johnson repeats the allegations set forth in paragraphs 1 through 21 of these Counterclaims and incorporates them for reference as though fully set forth herein.

23.     The Counterclaim Defendants are "persons" engaged in "trade" or "commerce" in the Commonwealth of Massachusetts within the meaning of Mass. Gen. Laws c. 93A, §§ 1 and 11.

24.     Johnson is a "person" engaged in "trade" or "commerce" in the Commonwealth of Massachusetts within the meaning of Mass. Gen. Laws c. 93A, §§ 1 and 11.

25.     The Counterclaim Defendants' acts described above constitute unfair methods of competition and/or unfair or deceptive acts or practices declared unlawfully by Mass. Gen. Laws c.93A, §2.

26.     The Counterclaim Defendants' acts also constitute knowing and willful "unfair and deceptive acts or practices" within the meaning of Mass. Gen. Laws. c. 93A, §§2 and 11.

27.     As a direct and proximate result of the Counterclaim Defendants' willful, knowing, and intentional violations of Mass. Gen. Laws. c. 93A, Johnson has suffered actual damages in an amount to be proved at trial including treble damages, attorneys' fees, interest, and costs.

**WHEREFORE**, Johnson respectfully requests that the Court (a) enter judgment in his favor on Counts One and Two of these Counterclaims; (b) award Johnson his costs and reasonable attorneys' fees; and (c) award Johnson such other relief as the Court may deem just and appropriate.

## JURY DEMAND

Johnson demands a trial by jury on all claims so triable in the plaintiffs' complaint and in his Counterclaims.

Respectfully submitted,

**JEREMY JOHNSON**

By his attorneys,


/s/  John R. Bauer
John R. Bauer BBO #630742
Elizabeth C. Sackett BBO #633649
**ROBINSON & COLE LLP**
One Boston Place
Boston, MA  02108-4404
(617) 557-5900

July 20, 2005


<u>**CERTIFICATE OF SERVICE**</u>

I, John R. Bauer, hereby certify that on July 20, 2005, I caused a copy of the foregoing to be mailed by first class mail to Plaintiffs' counsel of record.

/s/  John R. Bauer
John R. Bauer

13