UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GENX INTERNATIONAL, INC. and<br>IVFONLINE.COM, LLC,<br>        Plaintiffs<br><br>v.<br><br>JEREMY JOHNSON and<br>REPROMEDIX CORP.,<br>        Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No.: 05-10419DPW<br>)<br>)<br>)<br>)<br>)<br>) |

### REPROMEDIX CORP.'S ANSWER AND COUNTERCLAIMS

The Defendant, Repromedix Corp. ("Repromedix") hereby answers the allegations contained in plaintiffs' complaint as follows:

### Complaint With Jury Demand

1. Paragraph 1 contains no allegations to which a response is required. To the extent that Paragraph 1 contains any factual allegations, Repromedix admits it is a defendant in this lawsuit but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 1 and, therefore, denies the same.

### Introduction

2. Paragraph 2 contains legal conclusions to which Repromedix is not obligated to respond. To the extent that Paragraph 2 contains any factual allegations, Repromedix denies the same.

### The Parties

3. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations in contained in Paragraph 3 of plaintiffs' complaint and, therefore, denies the same.

4. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations in contained in Paragraph 4 of plaintiffs' complaint and, therefore, denies the same.

5. Repromedix admits that defendant Johnson is a Canadian resident but denies that Mr. Johnson currently resides in Boston, Massachusetts.

6. Repromedix admits that it is a Delaware corporation with its principal place of business in Woburn, Massachusetts. Repromedix denies the remaining allegation in Paragraph 6.

## Jurisdiction and Venue

7. Paragraph 7 contains legal conclusions to which Repromedix is not obligated to respond. To the extent that Paragraph 7 contains any factual allegations, Repromedix denies the same.

8. Paragraph 8 contains legal conclusions to which Repromedix is not obligated to respond. To the extent that Paragraph 8 contains any factual allegations, Repromedix denies the same.

## Choice of Law

9. Paragraph 9 contains legal conclusions to which Repromedix is not obligated to respond. To the extent that Paragraph 9 contains any factual allegations, Repromedix denies the same.

## The Facts

10. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the plaintiffs' complaint and, therefore, denies the same.

11. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the plaintiffs' complaint and, therefore, denies the same.

12. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the plaintiffs' complaint and, therefore, denies the same.

13. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the plaintiffs' complaint and, therefore, denies the same.

14. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the plaintiffs' complaint and, therefore, denies the same.

15. Repromedix states that the "Confidentiality Non-Compete Agreement" ("the "Agreement") speaks for itself.

16. Repromedix states that the Agreement speaks for itself.

17. Repromedix states that the Agreement speaks for itself.

18. Repromedix states that the Agreement speaks for itself.

19. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the plaintiffs' complaint and, therefore, denies the same.

20. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of the plaintiffs' complaint and, therefore, denies the same.

21. Denied.

22. Repromedix admits that it communicated with Jeremy Johnson during the Fall 2004-Winter 2005 season. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 22 and, therefore, denies the same.

23. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of the plaintiffs' complaint and, therefore, denies the same.

24. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of the plaintiffs' complaint and, therefore, denies the same.

25. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of the plaintiffs' complaint and, therefore, denies the same.

26. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of the plaintiffs' complaint and, therefore, denies the same.

27. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of the plaintiffs' complaint and, therefore, denies the same.

28. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 of the plaintiffs' complaint and, therefore, denies the same.

29. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 of the plaintiffs' complaint and, therefore, denies the same.

30. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of the plaintiffs' complaint and, therefore, denies the same.

31. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 of the plaintiffs' complaint and, therefore, denies the same.

32. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 of the plaintiffs' complaint and, therefore, denies the same.

33. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 33 of the plaintiffs' complaint and, therefore, denies the same.

34. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34 of the plaintiffs' complaint and, therefore, denies the same.

35. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35 of the plaintiffs' complaint and, therefore, denies the same.

36. Repromedix admits that Mr. Sockol had a telephone conversation with Michael Cecchi. Repromedix denies the remaining allegations contained in Paragraph 36.

37. Repromedix admits that Mr. Sockol informed Mr. Cecchi in a telephone conversation that Repromedix intended to hire Mr. Johnson.

38. Repromedix admits to receiving a letter from genX International, Inc. ("genX") dated January 27, 2005. Repromedix states that the letter speaks for itself.

39. Repromedix states that the January 27, 2005 letter speaks for itself.

40. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 40 of the plaintiffs' complaint and, therefore, denies the same.

41. Repromedix admits that during a second telephone conversation with Mr. Cecchi, Repromedix informed genX that it intended to hire Mr. Johnson. Repromedix denies the remaining allegations contained in Paragraph 41.

42. Repromedix admits that it hired Mr. Johnson in or about February 2005. Repromedix denies the remaining allegations in Paragraph 42.

43. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 43 of the plaintiffs' complaint and, therefore, denies the same.

44. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 44 of the plaintiffs' complaint and, therefore, denies the same.

45. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 45 of the plaintiffs' complaint and, therefore, denies the same.

46. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 46 of the plaintiffs' complaint and, therefore, denies the same.

47. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 47 of the plaintiffs' complaint and, therefore, denies the same.

48. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 48 of the plaintiffs' complaint and, therefore, denies the same.

49. Repromedix denies that Mr. Johnson has disclosed plaintiffs' confidential, proprietary or trade secret information to Repromedix. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of the plaintiffs' complaint and, therefore, denies the same.

**First Cause of Action**
**(Breach of Contract Against Johnson)**

48-50. The allegations contained in Paragraphs 48 through 50 pertain solely to a party other than Repromedix and, therefore, Repromedix is not obligated to respond.

## Second Cause of Action
### (Breach of the Duty of Loyalty Against Johnson)

51-54. The allegations contained in Paragraphs 51 through 54 pertain solely to a party other than Repromedix and, therefore, Repromedix is not obligated to respond.

## Third Cause of Action
### (Tortious Interference with Contractual Relations Against Repromedix)

55. Repromedix realleges and incorporates by reference its responses to Paragraphs 1 through 53.

56. Repromedix admits that it was aware of the alleged contract between plaintiffs and Jeremy Johnson. Repromedix further states that the contract speaks for itself.

57. Denied.

58. Denied.

59. Denied.

60. Denied

61. Denied

## Fourth Cause of Action
### (Tortious Interference with Business Relations Against All Defendants)

62. Repromedix realleges and incorporates by reference its responses to Paragraphs 1 through 61.

63. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 63 of the plaintiffs' complaint and, therefore, denies the same.

64. Denied.

65. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 65 of the plaintiffs' complaint and, therefore, denies the same.

66. Insofar as the allegations contained in Paragraph 66 of plaintiffs' complaint apply to Repromedix, Repromedix denies the same. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the remaining

allegations contained in Paragraph 66 of the plaintiffs' complaint and, therefore, denies the same.

67. Insofar as the allegations contained in Paragraph 67 of plaintiffs' complaint apply to Repromedix, Repromedix denies the same. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 67 of the plaintiffs' complaint and, therefore, denies the same.

68. Insofar as the allegations contained in Paragraph 68 of plaintiffs' complaint apply to Repromedix, Repromedix denies the same. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 68 of the plaintiffs' complaint and, therefore, denies the same.

69. Insofar as the allegations contained in Paragraph 69 of plaintiffs' complaint apply to Repromedix, Repromedix denies the same. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 69 of the plaintiffs' complaint and, therefore, denies the same.

70. Insofar as the allegations contained in Paragraph 70 of plaintiffs' complaint apply to Repromedix, Repromedix denies the same. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 70 of the plaintiffs' complaint and, therefore, denies the same.

71. Insofar as the allegations contained in Paragraph 71 of plaintiffs' complaint apply to Repromedix, Repromedix denies the same. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 71 of the plaintiffs' complaint and, therefore, denies the same.

**Fifth Cause of Action**
**(Misappropriation of Trade Secrets Against Johnson)**

72-77. The allegations contained in Paragraphs 72 through 77 pertain solely to a party other than Repromedix and, therefore, Repromedix is not obligated to respond.

**Sixth Cause of Action**
**(Misappropriation of Trade Secrets Against Repromedix)**

78. Repromedix realleges and incorporates by reference its responses to Paragraphs 1 through 75.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

**Seventh Cause of Action**
**(Willful and Malicious Misappropriation of Trade Secrets Against All Defendants)**

85. Repromedix realleges and incorporates by reference its responses to Paragraphs 1 through 84.

85. Insofar as the allegations contained in Paragraph 85 of plaintiffs' complaint apply to Repromedix, Repromedix denies the same. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 85 of the plaintiffs' complaint and, therefore, denies the same.

86. Insofar as the allegations contained in Paragraph 86 of plaintiffs' complaint apply to Repromedix, Repromedix denies the same. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 86 of the plaintiffs' complaint and, therefore, denies the same.

87. Insofar as the allegations contained in Paragraph 87 of plaintiffs' complaint apply to Repromedix, Repromedix denies the same. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 87 of the plaintiffs' complaint and, therefore, denies the same.

88. Insofar as the allegations contained in Paragraph 88 of plaintiffs' complaint apply to Repromedix, Repromedix denies the same. Repromedix is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 88 of the plaintiffs' complaint and, therefore, denies the same.

### Eighth Cause of Action
### (Computer Conversion Against Johnson)

89-93.  The allegations contained in Paragraphs 89 through 93 pertain solely to a party other than Repromedix and, therefore, Repromedix is not obligated to respond.

### Ninth Cause of Action
### (Civil Conspiracy Against All Defendants)

94.  Repromedix realleges and incorporates by reference its responses to Paragraphs 1 through 93.

95.  Denied.

96.  Denied.

97.  Denied.

### Tenth Cause of Action
### (Aiding and Abetting Against Repromedix)

98.  Repromedix realleges and incorporates by reference its responses to Paragraphs 1 through 91.

99.  Denied.

100.  Denied.

### Eleventh Cause of Action
### (Unfair Trade Practices Against Johnson)

101-106.  The allegations contained in Paragraphs 101 through 106 pertains solely to a party other than Repromedix and, therefore, Repromedix is not obligated to respond.

### Twelfth Cause of Action
### (Unfair Trade Practices Against Repromedix)

107.  Repromedix realleges and incorporates by reference its responses to Paragraphs 1 106.

108.  Denied.

109.  Denied.

110.  Denied.

### Affirmative Defenses

1. Plaintiffs failed to state a claim upon which relief may be granted.

2. Plaintiffs have acted with unclean hands.

3. The alleged contract between Jeremy Johnson and plaintiffs is void for failure of consideration.

4. The alleged contract between Jeremy Johnson and plaintiffs is overly broad and, therefore, unenforceable.

5. The alleged contract between Jeremy Johnson and plaintiffs is unenforceable because it does not protect plaintiffs' legitimate business interests and the sole purpose for the alleged contract is to prevent ordinary competition.

6. By plaintiffs' own conduct, their claims are barred by estoppel/waiver.

7. Plaintiffs have suffered no injury as a result of any conduct by Repromedix and, therefore, plaintiff's claims are barred.

8. Plaintiffs' claims against Repromedix are barred because Repromedix did not receive any proprietary information.

9. Plaintiffs' claims are barred by latches.

10. Plaintiffs' claims are barred because Repromedix's conduct was at all times privileged.

11. Plaintiffs' claims are barred because plaintiffs have failed to identify any business relations with which Repromedix allegedly interfered.

12. Plaintiffs' claims are barred because Repromedix's conduct did not occur in Connecticut.

**WHEREFORE**, Repromedix respectfully requests that the Court: (1) enter judgment in its favor on the Third, Fourth, Sixth, Seventh, Eighth, Tenth and Twelfth Counts of plaintiffs' complaint; (2) award Repromedix its costs and reasonable attorneys' fees; and (3) award Repromedix such other relief as the court may deem just and proper.

### COUNTERCLAIMS OF REPROMEDIX

Repromedix states the following in support of its counterclaims:

**Facts**

1. Repromedix is a Delaware corporation with its principal place of business in Woburn, Massachusetts.

2. Upon information and belief, genX International, Inc. is a Connecticut corporation with a principal place of business in Connecticut.

3. Upon information and belief, IVFonline, LLC is a Connecticut corporation with a principal place of business in Ontario, Canada.

4. Repromedix is a national reference laboratory for infertility testing. As stated on its website, www.repromedix.com, Repromedix "helps doctors find solutions to their most challenging cases by taking an interdisciplinary approach to clinical testing." Repromedix does this by offering comprehensive diagnostic testing to clinicians around the country.

5. GenX International, Inc., according to the first page of its website, www.genxintl.com, "is a leader in developing new and advanced laboratory technologies and products for infertility, Assisted Reproduction, Cell Biology and another medical application." GenX provides products to clinicians for use in the treatment of infertility.

6. IVFonline, LLC, supplies lab equipment and products to invitro fertilization clinics. According to the first page of its website, www.ivfonline.com, IVFonline provides "the fertility industry with the most advanced and breakthrough technologies, products, and services that will make a difference in the life of patients and in the IVF practices of doctors and embryologists worldwide."

7. Neither genX nor IVFonline conducts laboratory diagnostic testing.

8. Repromedix does not develop or supply laboratory technologies or products.

9. In or about February 2005, Repromedix hired Jeremy Johnson as a sales person.

10. In no fewer than two telephone conversations with Repromedix, Michael Cecchi of genX and/or IVFonline sought to prevent Repromedix from hiring Jeremy Johnson.

11. In a letter to Repromedix dated January 27, 2005, Michael Cecchi of genX and/or IVFonline sought to prevent Repromedix from hiring Jeremy Johnson. In a letter to Jeremy Johnson dated January 27, 2005, Michael Cecchi of genX and/or IVFonline stated that genX/IVFonline "will not permit [Mr. Johnson] to accept or pursue" employment with Repromedix.

12. On information and belief, plaintiffs sent the January 27, 2005 letters to Repromedix and Mr. Johnson despite knowing that the "Confidentiality Non-Compete Agreement" is unenforceable and/or that Mr. Johnson was not in breach of the "Confidentiality Non-Compete Agreement."

13. On or about March 7, 2005, plaintiffs brought this action, asserting, *inter alia*, that by working for Repromedix, Mr. Johnson is in breach of the "Confidentiality Non-Compete Agreement."

14. On information and belief, plaintiffs filed this action despite knowing that the "Confidentiality Non-Compete Agreement" is unenforceable and/or that Mr. Johnson was not in breach of the "Confidentiality Non-Compete Agreement."

15. On information and belief, plaintiffs filed this action and sent the January 27, 2005 letters with knowledge that Repromedix does not compete with either genX or IVFonline.

16. On information and belief, plaintiffs sent the January 27, 2005 letters to Repromedix and Johnson and filed this action for improper purposes, including but not limited to interfering with Mr. Johnson's employment by Repromedix.

17. As a consequence of plaintiffs' actions, Repromedix has suffered damages.

## COUNT ONE

### (Tortious Interference with Contractual Relations)

18. Repromedix repeats the allegations set forth in Paragraphs 1 through 17 of these Counterclaims and incorporates them by reference as though fully set forth herein.

19. From in or about February 2005 to the present, Mr. Johnson has been employed with Repromedix.

19. When plaintiffs sent the January 27, 2005 letters to Repromedix and Mr. Johnson, when plaintiffs called Repromedix, and when plaintiffs filed this action, they were aware that Mr. Johnson was or would become an employee of Repromedix.

20. With improper purpose and/or by improper means, plaintiffs intentionally interfered with Mr. Johnson's employment with Repromedix.

21. Plaintiffs' tortious interference with Mr. Johnson's employment with Repromedix has resulted in harm to Repromedix.

## COUNT TWO

### (Violation of M.G.L. c.93A, §§2, 11)

22. Repromedix repeats the allegations set forth in paragraphs 1 through 21 of these Counterclaims and incorporates them for reference as though fully set forth herein.

23. GenX and IVFonline are "persons" engaged in "trade" or "commerce" in the Commonwealth of Massachusetts within the meaning of Mass. Gen. Laws c. 93A, §§ 1 and 11.

24. Repromedix is a "person" engaged in "trade" or "commerce" in the Commonwealth of Massachusetts within the meaning of Mass. Gen. Laws c. 93A, §§ 1 and 11.

25. The Defendants' acts described above constitute unfair methods of competition and/or unfair or deceptive acts or practices declared unlawfully by Mass. Gen. Laws c.93A, §2.

26. The Defendants' acts also constitute knowing and willful "unfair and deceptive acts or practices" within the meaning of Mass. Gen. Laws. c. 93A, §§2 and 11.

27. As a direct and proximate result of the Defendants' willful, knowing, and intentional violations of Mass. Gen. Laws. c. 93A, Repromedix has suffered actual damages in an amount to be proved at trial including treble damages, attorneys' fees, interest, and costs.

**WHEREFORE**, Repromedix respectfully requests that the Court (a) enter judgment in its favor on Counts One and Two of these Counterclaims; (b) award Repromedix its costs and reasonable attorneys' fees; and (c) award Repromedix such other relief as the Court may deem just and appropriate.

### JURY DEMAND

Repromedix demands a trial by jury on all claims so triable in the plaintiffs' complaint and in its counterclaims.

Respectfully submitted,

**REPROMEDIX CORP.**

By its attorneys,

/s/ John R. Bauer
John R. Bauer BBO #630742
Elizabeth C. Sackett BBO #633649
**ROBINSON & COLE LLP**
One Boston Place
Boston, MA 02108-4404
(617) 557-5900

July 20, 2005