UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

GENX INTERNATIONAL, INC. and : CIVIL ACTION NO. 05-10419DPW
IVFONLINE.COM, LLC,

    Plaintiffs,

v.

JEREMY JOHNSON and
REPROMEDIX CORP.,

    Defendants.   : AUGUST 5, 2005

**PLAINTIFFS' REPLY TO DEFENDANT REPROMEDIX CORP.'S COUNTERCLAIMS**

Plaintiffs, genX International, Inc. and IVFonline.com, LLC (collectively referred to herein as "genX"), hereby reply to the allegations in the Counterclaim of Defendant Repromedix Corp., dated June 20, 2005, as follows:

**Facts**

1. Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 1 of the Counterclaim, and therefore, leave Defendant Repromedix Corp. to its proof.

2. Plaintiffs admit the allegations contained in ¶ 2 of the Counterclaim.

3. As to the allegations contained in ¶ 3 of the Counterclaim, Plaintiffs admit that IVFonline.com, LLC is a Connecticut corporation, but deny the remaining allegations therein.

4. Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 4 of the Counterclaim, and therefore, leave Defendant Repromedix Corp. to its proof.

5. As to the allegations contained in ¶ 5 of the Counterclaim, Plaintiffs admit that genX's website contains such language and that genX provides products to clinicians for use in the treatment of infertility, but deny that such constitutes a complete or comprehensive description of genX's business.

6. As to the allegations contained in ¶ 8 of the Counterclaim, Plaintiffs admit that IVFonline.com's website contains such language and that IVFonline.com supplies lab equipment and products to invitro fertilization clinics, but deny that such constitutes a complete or comprehensive description of IVFonline.com's business.

7. Plaintiffs deny the allegations in ¶ 7 of the Counterclaim.

8. Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 8 of the Counterclaim, and therefore, leave Defendant Repromedix Corp. to its proof.

9. Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 9 of the Counterclaim, and therefore, leave Defendant Repromedix Corp. to its proof.

10. As to the allegations contained in ¶ 10 of the Counterclaim, Plaintiffs admit Michael Cecchi made no fewer than two telephone calls to Repromedix, but deny the remaining allegations therein, inasmuch as genX merely sought to mitigate its damages caused by Johnson's intentional breach of valid and enforceable post-termination restrictive covenants by bringing such post-termination restrictive covenants to Repromedix's attention.

11. As to the allegations contained in ¶ 11 of the Counterclaim, Plaintiffs admit that Michael Cecchi sent a letter to Defendant Johnson dated January 27, 2005, and

that the letter stated that genX would not permit Defendant Johnson "to accept or pursue employment" with Defendant Repromedix Corp. and that Michael Cecchi sent a latter to Defendant Repromedix Corp. dated January 27, 2005, but deny the remaining allegations therein, inasmuch as genX merely sought to mitigate its damages caused by Johnson's intentional breach of valid and enforceable post-termination restrictive covenants by bringing such post-termination restrictive covenants to Repromedix's attention.

12. Plaintiffs deny the allegations contained in ¶ 12 of the Counterclaim.

13. Plaintiffs admit the allegations contained in ¶ 13 of the Counterclaim.

14. Plaintiffs deny the allegations contained in ¶ 14 of the Counterclaim.

15. Plaintiffs deny the allegations contained in ¶ 15 of the Counterclaim.

16. Plaintiffs deny the allegations contained in ¶ 16 of the Counterclaim.

17. Plaintiffs deny the allegations contained in ¶ 17 of the Counterclaim.

## COUNT ONE

18. Plaintiffs hereby reallege their reply to ¶¶ 1-17 of the Counterclaim as their reply to ¶ 18 of the Counterclaim.

19. Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 19 of the Counterclaim, and therefore, leave Defendant Johnson to his proof.

Second ¶ 19. Plaintiffs admit the allegations contained in the Second ¶ 19 of the Counterclaim.

20. Plaintiffs deny the allegations contained in ¶ 20 of the Counterclaim.

21. Plaintiffs deny the allegations contained in ¶ 21 of the Counterclaim.

## COUNT TWO

22.     Plaintiffs hereby reallege their reply to ¶¶ 1-21 of the Counterclaim as their reply to ¶ 22 of the Counterclaim.

23.     As to the allegations contained in ¶ 23 of the Counterclaim, they purport to characterize legal requirements to which no reply is required.

24.     As to the allegations contained in ¶ 24 of the Counterclaim, they purport to characterize legal requirements to which no reply is required.

25.     Plaintiffs deny the allegations contained in ¶ 25 of the Counterclaim.

26.     Plaintiffs deny the allegations contained in ¶ 26 of the Counterclaim.

27.     Plaintiffs deny the allegations contained in ¶ 27 of the Counterclaim.

Plaintiffs deny that Defendant Repromedix Corp. is entitled to any of the relief described in the Wherefore Clause of the Counterclaim.

## FIRST DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant Repromedix Corp.'s counterclaims are barred by the doctrine of unclean hands.

## THIRD DEFENSE

Defendant Repromedix Corp.'s counterclaims are barred by the doctrine of waiver.

## FOURTH DEFENSE

Defendant Repromedix Corp.'s counterclaims are barred by the doctrine of estoppel.

## FIFTH DEFENSE

Defendant Repromedix Corp.'s counterclaims are barred by the doctrine of laches.

## SIXTH DEFENSE

Defendant Repromedix Corp.'s counterclaims are barred because genX's conduct did not occur in Massachusetts.

## SEVENTH DEFENSE

Defendant Repromedix Corp. did not suffer any damages as a result of any conduct by genX.

## EIGHTH DEFENSE

Defendant Repromedix Corp.'s counterclaims are barred because genX's conduct was privileged.

WHEREFORE, Plaintiffs pray that Defendant Repromedix Corp. take nothing by virtue of its Counterclaim, but that judgment be entered in Plaintiffs' favor with costs and such other relief deemed appropriate by the court.

                                **GENX INTERNATIONAL, INC. and IVFONLINE, LLC**

                                By: /s/ Glenn A. Duhl
                                Glenn A. Duhl BBO#653001
                                Siegel, O'Connor, O'Donnell & Beck, P.C.
                                150 Trumbull Street
                                Hartford, CT 06103
                                (860) 727-8900
                                Fax: (860) 527-5131
Dated August 5, 2005                  gduhl@siegeloconnor.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2005, a copy of the foregoing Initial Motion for Extension of Time was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Glenn A. Duhl