**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                              :

**GENX INTERNATIONAL, INC. and**   :  **CIVIL ACTION NO. 05-CV-10419(DPW)**
**IVFONLINE.COM, LLC,**            :
                              :

     **Plaintiffs,**            :
**v.**                            :
                              :

**JEREMY JOHNSON and**        :
**REPROMEDIX CORP.,**         :
                              :

    **Defendants.**          :  **March 21, 2006**

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

Plaintiffs, genX international, inc. and IVFonline.com, LLC (collectively referred to herein as "genX") move this Court for an order compelling Defendant Jeremy Johnson ("Johnson") to fully and fairly comply with certain of Defendants' First Set of Interrogatories and Request for Production to Defendant Johnson, dated and served September 21, 2005, to which Johnson has objected or otherwise failed to provide full and fair responses, and for an order compelling Defendant Repromedix Corp. ("Repromedix") to fully and fairly comply with certain of Defendants' First Set of Interrogatories and Request for Production to Defendant Repromedix Corp., dated and served September 21, 2005, to which Johnson has objected or otherwise failed to provide full and fair responses. Attempts to resolve this discovery dispute without this Court's intervention have failed.

I.    **Nature of the Case**

genX international, inc. is a Connecticut corporation with its principal place of business in Connecticut. genX international, inc. is in the business of developing and manufacturing new and advanced laboratory technologies and products for infertility,

assisted reproduction, cell biology and other medical applications. IVFonline.com, LLC is a Connecticut corporation with its principal place of business in Connecticut. IVFonline.com is in the business of marketing and selling products for infertility, assisted reproduction, cell biology and other medical applications. Repromedix is a Delaware Corporation with its principal place of business in Woburn, Massachusetts. Repromedix is in the business of designing laboratory reproductive testing and finding solutions to infertility problems. genX and Repromedix conduct similar businesses, manufacture and sell competing products and vie for similar clients, customers and market shares in the human assisted reproduction and infertility industry.

On or about October 19, 2001, genX hired Johnson to fill the position of sales representative. In consideration of his continued employment with genX, Johnson executed a Confidentiality Non-Compete Agreement ("Agreement") in genX's favor. The Agreement contained multiple employment-related restrictive covenants. In accordance with the Agreement, Johnson covenanted and agreed that during his employment by genX and for a period of two (2) years after Johnson ceased to be employed by genX, he shall not within Canada, United States or countries directly or indirectly, either for his own account or as a partner, shareholder (other than shares regularly traded in a recognized market), officer, employee, agent or otherwise, be employed by, connected with, participate in, consult or otherwise associate with any other business, enterprise or venture that is the same as, similar to or competitive with genX. In accordance with the Agreement, Johnson further covenanted and agreed that during employment, and thereafter two (2) years, he shall not disclose to anyone any Confidential Information. For purposes of the Agreement, "Confidential Information"

shall include any of genX's confidential, proprietary or trade secret information that was disclosed to Johnson or that he otherwise learns in the course of his employment with genX, such as, but not limited to business plans, customer lists, financial statements, software diagrams, flow charts and product plans.

During his employment with genX, Johnson had access and became privy to genX's confidential, proprietary and trade secret information, including, *inter alia*, trademarks, formulas, research and product development compilations, processes, product lists, customer lists, and compilations of customer purchasing habits. Near the end of his employment, Johnson engaged in conduct which led genX to believe that he had misappropriated genX's confidential, proprietary and trade secret information. Specifically, in October 2004, Johnson, in his capacity as genX employee, attended the 2004 American Society for Reproductive Medicine ("ASRM") Conference in Philadelphia, Pennsylvania. Upon information and belief, a Repromedix representative approached Johnson at the 2004 ASRM Conference for the purpose of improperly luring him to join Repromedix and to gain access to his experience and knowledge of genX's products, laboratory tests, techniques, trade secrets, customer lists, compilations of customer purchasing habits and other confidential and proprietary information belonging to genX.

Upon information and belief, following the 2004 ASRM Conference, Johnson and Repromedix communicated with one another throughout the period dating from October 2004 through January 2005. On or about January 10, 2005 at or around 11:45 p.m., Johnson, in violation of established company policy, used his company issued employee identification number to gain access to the genX facility at which he was

employed.   During his employment with genX, Johnson was never known to have worked during late night hours.  On or about January 14, 2005, Johnson sought a digital copy of a genX sales report from a genX employee from whom he had never sought such information in the past.

On January 24, 2005, Johnson tendered a resignation letter dated January 24, 2005, effective the following day.   The resignation letter stated that Johnson had accepted a position with Repromedix.  After sending multiple letters to Repromedix and Johnson advising them of the commitments and obligations imposed on Johnson by virtue of the Agreement, genX placed a phone call with Repromedix's President to ascertain if Repromedix was proceeding with Johnson's hiring.  Despite being aware of the Agreement, and the obligations imposed on Johnson thereunder, Repromedix advised genX that it would proceed with Johnson's hiring.

On or about February 3, 2005, at or around 5:15 p.m., Johnson appeared at Monica Mezezi's (IVFonline.com, LLC's President) office.  Johnson stated to Mezezi that he had contacted genX's customers to inform them that he would no longer be working with genX and had accepted a position with Repromedix.   Johnson acknowledged that his actions were in contravention of the Agreement.  Johnson further indicated that he had contacted genX's customers during his employment with genX to inquire about those customer's opinions of Repromedix as well as his possible move to Repromedix.  Johnson also stated that he had contacted genX customers during a visit to Repromedix in November 2004, during which Johnson interviewed for a position with Repromedix.   Johnson further indicated that he planned to use the contacts and

customer relationships he had developed during his employment with genX in his new position with Repromedix.

After conducting an audit on the company computer Johnson used during his employment with genX, genX discovered that Johnson had, without genX's authorization or consent, removed his contacts list from genX's server. The contacts list Johnson removed contained various information concerning genX's clients and customers.

Plaintiffs commenced this action on March 3, 2005, asserting multiple claims against Defendants. Specifically, Plaintiffs assert claims against Johnson for: (1) breach of contract (First Cause of Action); (2) breach of the duty of the loyalty (Second Cause of Action); (3) misappropriation of trade secrets (Fifth Cause of Action); (4) computer conversion (Eighth Cause of Action); and (5) Unfair Trade Practices (Eleventh Cause of Action). Plaintiffs assert claims against Repromedix for: (1) tortious interference with contractual relations (Third Cause of Action); (2) misappropriation of trade secrets (Sixth Cause of Action); (3) aiding and abetting (Tenth Cause of Action); and (4) unfair trade practices (Twelfth Cause of Action). Plaintiffs assert claims against both Johnson and Repromedix for: (1) tortious interference with business relations (Fourth Cause of Action); (2) willful and malicious misappropriation of trade secrets (Seventh Cause of Action); and (3) civil conspiracy (Ninth Cause of Action).

## II.    Plaintiffs' Discovery Requests and the Parties' Discovery Conferences

On September 21, 2005 Plaintiffs simultaneously served Johnson and Repromedix with separate sets of interrogatories and requests for production. With respect to Johnson, Plaintiffs propounded 13 interrogatories and 38 requests for

production, all of which Johnson objected to.[1]  Similarly, with respect to Repromedix, Plaintiffs propounded 12 interrogatories and 36 requests for production, all of which Repromedix objected to.[2]  Thereafter, counsel for Plaintiffs sent letters to counsel for Johnson and Repromedix delineating why their objections should be withdrawn or overruled, and requesting a conference pursuant to Local Rule 37.1.

On Wednesday, January 18, 2006, around 2:15 p.m., counsel for Plaintiffs and counsel for Defendants engaged in a telephone conference to address Defendants' objections to Plaintiffs' discovery requests.  The conference lasted approximately one-half hour.  The parties agreed that with respect to those discovery requests answered by Defendants subject to objections, Defendants would waive such objections.  The parties also agreed that Defendants would submit a privilege log.[3]

In the following days, the parties further agreed that Defendants would produce a list of all genX customers who Defendant Johnson had contacted on Repromedix's behalf, subject to an attorney's eyes only agreement.  Defendants subsequently produced this list.

In the weeks that followed, the parties' counsel corresponded with one another by email and telephone with respect to the remaining outstanding discovery issues.  On February 27, 2006, Defendants' counsel sent Plaintiffs' counsel a letter outlining Defendants' position with respect to their objections to Plaintiffs' discovery requests. That same day, around 2:45 p.m., the parties' counsel engaged in a second telephone conference.  The conference lasted approximately one hour.  During the conference, the parties agreed that Plaintiffs would withdraw Requests for Production 23, 33 and 34

---

[1] Johnson did respond to several of Plaintiffs' discovery requests, subject to his objections.
[2] Repromedix did respond to several of Plaintiffs' discovery requests, subject to its objections.
[3] However, as of the date of this motion's filing, Defendants have yet to produce a privilege log.

to Repromedix. The parties also agreed that Plaintiffs' would limit Request for Production 28 to Repromedix to causes of action similar to those alleged in Plaintiffs' complaint.

With respect to Requests for Production 17, 18, 33, and 34 to Johnson, Defendants' counsel intimated that he would talk to his client about the prospect of producing documents responsive to the requests. However, as of the date of this motion's filing, Defendants' counsel has not contacted Plaintiffs' counsel with a resolution.

During the conference, Plaintiffs' counsel further proposed the following process with respect to Interrogatories 4, 6, and 11 to Johnson, Interrogatories 1, 2, 4, 10, 11 and 12 to Repromedix, Requests for Production 1, 2, 15, 16, 23, 25, 26 and 37 to Johnson and Requests for Production 1, 2, 3, 15, 16, 17, 25 and 30 to Repromedix: (1) Defendants disclose all clients who Johnson has directly contacted on Repromedix's behalf since September 1, 2004; (2) Johnson gives an affirmative representation to Plaintiffs that he has not indirectly contacted Plaintiffs' clients by disclosing the names or other information pertaining to such clients to anyone affiliated with Repromedix; (3) counsel for the parties review together the list of Johnson's contacts against genX's client list to determine where there is overlap; (4) after determining where there is overlap, counsel may communicate with their respective clients regarding the ramifications of the overlap with respect to Plaintiffs' claims. Defendants' counsel stated that he would speak with his clients about Plaintiffs' counsel's suggestion. However, as of the date of this motion's filing, Defendants' counsel has not contacted Plaintiffs' counsel with a resolution.

### III.    The Discovery Matters Raising Issues to Be Decided By This Court

#### a.    Discovery requests propounded on Repromedix

INTERROGATORY NO. 1:
Identify all customers, potential customers and/or clients with whom Jeremy Johnson has had any contact on behalf of Repromedix Corp. since he commenced employment, and identify each document upon which you relied in answering or which in any way concerns the information requested in this interrogatory.

RESPONSE:
Repromedix objects to this Interrogatory on the grounds that it is overly broad and vague, including, without limitation, with respect to the use of the phrases, "any contact" and "potential customers." Repromedix further objects to this Interrogatory on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Interrogatory on the grounds that it seeks Repromedix's confidential, proprietary business information.  Subject to and without waiving these objections, Repromedix states: Repromedix concedes that since Jeremy Johnson ("Johnson") joined Repromedix, and on its behalf, he has called upon and/or provided services to individuals and entities that were customers or clients of IVFonline while he was employed there.

REASON WHY MOTION TO COMPEL SHOULD BE GRANTED:

The objection on grounds of vagueness is without merit, inasmuch as the foregoing interrogatory uses plain and unambiguous language.  The phrases "any contact" and "potential customers" mean what they say.  Further, this interrogatory is properly limited in temporal scope to the period of Defendant Johnson's employment with Defendant Repromedix Corp., a period relevant to this case.  Therefore, any objection on grounds of over breadth is without merit.

The objection on grounds of relevance is totally devoid of merit.  Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp.  Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Defendant Repromedix Corp.'s benefit.  As such,

this interrogatory requests information that is inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston v. I.R.S.*, 138 F.R.D. 9, 10 (D. Mass. 1990)("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

Finally, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp. v. Electronic Technology Corp.*, 161 F.R.D. 228, 231 (D. Mass 1995)(citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

<u>INTERROGATORY NO. 2:</u>
Identify all customers and/or clients whom Repromedix Corp. has serviced since September 1, 2004 and identify each document upon which you relied in answering or which in any way concerns the information requested in this interrogatory.

<u>RESPONSE:</u>
Repromedix objects to this Interrogatory on the grounds that it is unduly burdensome, overly broad and vague, including, without limitation, with respect to the use of the term "serviced." Repromedix further objects to this Interrogatory on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

Repromedix further objects to this Interrogatory on the grounds that it seeks Repromedix's confidential, proprietary business information.

<u>REASON WHY MOTION TO COMPEL SHOULD BE GRANTED</u>:

The objection pertaining to undue burden lacks merit, inasmuch as this interrogatory is limited in temporal scope to the period post-dating September 1, 2004, a period relevant to this case, and to customers and/or clients serviced by Defendant Repromedix Corp. Moreover, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan v. Santaniello v. Duncan*, 1996 WL 121730, at *2 (D. Mass. March 8, 1996)(citations and internal quotation marks omitted)(copy attached as Exhibit C).

The objection on grounds of vagueness is also without merit, inasmuch as this interrogatory uses plain and unambiguous language. The term "service" means what it says. Additionally, the objection on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this interrogatory requests information that is inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10.

Finally, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and

its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

INTERROGATORY NO. 4:
Identify all customers and/or clients with whom Repromedix Corp. has entered into a contract since September 1, 2004 and include the address and telephone number for each customer and/or client.

RESPONSE:
Repromedix objects to this Interrogatory on the grounds that it is duplicative of Interrogatory No. 2. Repromedix hereby incorporates by reference its Response to Interrogatory No. 2.

REASON WHY MOTION TO COMPEL SHOULD BE GRANTED:

The objection on grounds that this interrogatory is duplicative of Interrogatory No. 2 is without merit. Interrogatory No. 2 requests information concerning customers and/or clients serviced by Defendant Repromedix Corp. This interrogatory requests information pertaining to customers and/or clients with whom Defendant Repromedix Corp. has entered into a contract. It is possible that Defendant Repromedix Corp. did not enter into contractual relationships with the customers and/or clients it has serviced. Further, this interrogatory seeks the addresses and telephone numbers for each customer and/or client, whereas Interrogatory No. 2 does not.

To the extent Defendant Repromedix Corp. incorporates its objections to Interrogatory No. 2 by reference, Plaintiffs hereby incorporate their reasons why the motion to compel with respect to Interrogatory No. 2 should be granted by reference.

INTERROGATORY NO. 10:
Since July 1, 2004, identify the names and addresses of each business with whom Jeremy Johnson has had communications for the purpose of obtaining, encouraging or maintaining business with or through Repromedix Corp. and for each such business state whether the Jeremy Johnson had prior business dealings with that business when

he was employed by genX or whether Repromedix Corp. knew of that business having business dealings with genX.

RESPONSE:
Repromedix objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the use of the phrase, "communications for the purpose of obtaining, encouraging, or maintaining business." Repromedix further objects to this Interrogatory to the extent that it is duplicative of Interrogatory No. 1.

REASON WHY MOTION TO COMPEL SHOULD BE GRANTED:

This interrogatory is properly limited in temporal scope to the period post-dating July 1, 2004, a period relevant to this case. Therefore, the objection on grounds of over breadth is without merit. In a similar vein, the objection on grounds of undue burden lacks merit, as the interrogatory is limited to businesses with which Defendant Johnson has had communications for the purpose of obtaining, encouraging or maintaining business with or through Defendant Repromedix Corp. In this regard, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

Further, the foregoing interrogatory uses plain and unambiguous language. The phrase "communications for the purpose of obtaining, encouraging or maintaining business" means what it says. Accordingly, the objection on grounds of vagueness also lacks merit.

Finally, the objection on grounds that this interrogatory is duplicative of Interrogatory No. 1 is without merit, as this interrogatory requests addresses, whereas Interrogatory No. 1 does not. To the extent Defendant Repromedix Corp. incorporates its objections to Interrogatory No. 1 by reference, Plaintiffs hereby incorporate their

reasons why the motion to compel with respect to Interrogatory No. 1 should be granted by reference.

INTERROGATORY NO. 11:
Since January 1, 2005, identify the names and addresses of each business with whom Repromedix Corp. has had communications for the purpose of obtaining, encouraging or maintaining business.

RESPONSE:
Repromedix objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the use of the phrase, "communications for the purpose of obtaining, encouraging, or maintaining business." Repromedix further objects to this Interrogatory to the extent that it is duplicative of Interrogatory Nos. 2 and 4.

REASON WHY MOTION TO COMPEL SHOULD BE GRANTED:

This interrogatory is properly limited in temporal scope to the period post-dating January 1, 2005, a period relevant to this case. Therefore, the objection on grounds of over breadth lacks merit. In a similar vein, the objection on grounds of undue burden is without merit, as the interrogatory is limited to businesses with which Defendant Repromedix Corp. has had communications for the purpose of obtaining, encouraging or maintaining business. In this regard, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

Further, the foregoing interrogatory uses plain and unambiguous language. The phrase "communications for the purpose of obtaining, encouraging or maintaining business" means what it says. Accordingly, the objection on grounds of vagueness also lacks merit.

Finally, the objection on grounds that this interrogatory is duplicative of Interrogatory Nos. 2 and 4 is without merit, as this interrogatory requests addresses,

whereas Interrogatory Nos. 2 and 4 do not.  Additionally, this interrogatory requests information concerning a different time period than Interrogatory Nos. 2 and 4.  To the extent Defendant Repromedix Corp. incorporates its objections to Interrogatory Nos. 2 and 4 by reference, Plaintiffs hereby incorporate their reasons why the motion to compel with respect to Interrogatory Nos. 2 and 4 should be granted by reference.

<u>INTERROGATORY NO. 12:</u>
Identify all customers and/or clients whom Jeremy Johnson has serviced since he commenced employment with Repromedix Corp. and identify each document upon which you relied in answering or which in any way concerns the information requested in this interrogatory.

<u>RESPONSE:</u>
Repromedix objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the use of the phrase, "serviced/* Repromedix further objects to this Interrogatory to the extent that it is duplicative of Interrogatory Nos. 1 and 10.

<u>REASON WHY MOTION TO COMPEL SHOULD BE GRANTED</u>:

This interrogatory is properly limited in temporal scope to the period post-dating Defendant Johnson's commencement of employment with Defendant Repromedix Corp, a period relevant to this case.  Therefore, any objection on grounds of over breadth is without merit.  Moreover, as concerns the claim of undue burden, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

Further, the foregoing interrogatory uses plain and unambiguous language.  The term "serviced" means what it says.  Accordingly, the objection on grounds of vagueness lacks merit.  Finally, the objection on grounds that this interrogatory is duplicative of Interrogatory Nos. 1 and 10 is without merit, as this interrogatory requests

information concerning customers and/or clients Defendant Johnson has serviced rather than customers and/or clients with whom Defendant Johnson has had contact or with whom Defendant Johnson has communicated.  To the extent Defendant Repromedix Corp. incorporates its objections to Interrogatory Nos. 1 and 10 by reference, Plaintiffs hereby incorporate their reasons why the motion to compel with respect to Interrogatory Nos. 1 and 10 should be granted by reference.

REQUEST FOR PRODUCTION NO. 1:
Any and all compilations of information containing customer and/or client information created or maintained by Repromedix Corp. since September 1, 2004.

RESPONSE:
Repromedix objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Request on the grounds that it is overly broad and vague, including, without limitation, with respect to the use of the phrase, "compilations of information." Repromedix further objects to this Request on the grounds that it seeks the production of documents containing confidential and proprietary business information belonging to Repromedix and its customers.

REASON WHY MOTION TO COMPEL SHOULD BE GRANTED:

The objection to this request for production on grounds of relevance is totally devoid of merit.  Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp.  Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit.  As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims.  *See Church of Scientology of Boston*, 138 F.R.D. at 10.

Additionally, this request for production is properly limited in temporal scope to the period post-dating September 1, 2004, a period relevant to this case.  Therefore,

any objection on grounds of over breadth is also without merit. Similarly, the foregoing request for production uses plain and unambiguous language. The term "compilation" means what it says. Accordingly, the objection on grounds of vagueness also lacks merit.

Finally, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* Accordingly, the objection on grounds of confidentiality lacks merit.

REQUEST FOR PRODUCTION NO. 2:
Any and all mailing lists Repromedix Corp. has maintained since September 1, 2004, including but not limited to those contained on Repromedix Corp.'s computer system(s) or Rolodex(s).

RESPONSE:
Repromedix objects to this Request on the grounds that it is overly broad, and to the extent it is duplicative of Request No. 1.

REASON WHY MOTION TO COMPEL SHOULD BE GRANTED:

This request for production is properly limited in temporal scope to the period post-dating September 1, 2004, a period relevant to this case. Therefore, any objection on grounds of over breadth is without merit.

Further, this request for production is not duplicative of Request No. 1, inasmuch as entities on Defendant Repromedix Corp.'s mailing lists may not be Repromedix Corp.'s customers and/or clients. To the extent Defendant Repromedix Corp.

incorporates its objections to Request No. 1 by reference, Plaintiffs hereby incorporate their reasons why the motion to compel with respect to Request No. 1 should be granted by reference.

REQUEST FOR PRODUCTION NO. 3:
Any and all documents distributed by Repromedix Corp. to customers serviced and/or managed by Repromedix Corp. since September 1, 2004, including but not limited to announcements relating to Jeremy Johnson's employment and promotional documents.

RESPONSE:
Repromedix objects to this Request on the grounds that it is duplicative of Request No. 1.

REASON WHY MOTION TO COMPEL SHOULD BE GRANTED:

This request for production is not duplicative of Request No. 1, inasmuch as it seeks documents distributed to customers serviced and/or managed by Defendant Repromedix Corp., whereas Request No. 1 seeks compilations of information containing customer and/or client information created or maintained by Defendant Repromedix Corp. To the extent Defendant Repromedix Corp. incorporates its objections to Request No. 1 by reference, Plaintiffs hereby incorporate their reasons why the motion to compel with respect to Request No. 1 should be granted by reference.

REQUEST FOR PRODUCTION NO. 15:
Any and all documents concerning any accounts or potential accounts to which Jeremy Johnson has been assigned or which Jeremy Johnson serviced since his hiring by Repromedix Corp.

RESPONSE:
Repromedix objects to this Request on the grounds that it is overly broad. Repromedix further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

<u>REASON WHY MOTION TO COMPEL SHOULD BE GRANTED:</u>

This request for production is properly limited in scope to documents concerning any accounts or potential accounts to which Defendant Johnson has been assigned or which Defendant Johnson has serviced. Further, the request for production is confined in temporal scope to the period post-dating the commencement of Defendant Johnson's employment by Defendant Repromedix Corp., a period relevant to this case. As such, any objection on grounds of over breadth is without merit.

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* Accordingly, the objection on grounds of confidentiality lacks merit.

<u>REQUEST FOR PRODUCTION NO. 16:</u>
Any and all documents concerning each communication with customers or potential customers for Repromedix Corp. by Jeremy Johnson, including originals and/or copies of any telephone message slips, sales materials, descriptive brochures used to solicit customers and/or requests for reimbursement of expenses.

<u>RESPONSE:</u>
Repromedix objects to this Request on the grounds that it is duplicative of Request No. 15.

<u>REASON MOTION TO COMPEL SHOULD BE GRANTED:</u>

The objection on the ground that this request for production is duplicative of Request No. 15 is without merit. This request for production seeks documents

concerning each *communication* with customers or potential customers for Defendant

Repromedix Corp. by Defendant Johnson, whereas Request No. 15 seeks documents

concerning accounts or potential accounts to which Defendant Johnson has been

assigned or which Defendant Johnson has serviced.    To the extent Defendant

Repromedix Corp. incorporates its objections to Request No. 15 by reference, Plaintiffs

hereby incorporate their reasons why the motion to compel should be granted by

reference.

REQUEST FOR PRODUCTION NO. 17:
Any and all documents concerning any bids for accounts which Jeremy Johnson directly
or indirectly assisted Repromedix Corp. in preparing.

RESPONSE:
Repromedix objects to this Request on the grounds that it is overly broad and vague,
including without limitation with respect to the phrases "bids for accounts," and "indirectly
assisted." Repromedix further objects to this Request on the grounds that it seeks the
production of documents containing Repromedix's confidential and proprietary business
information, as well as the confidential and proprietary business information of third parties.

REASON WHY MOTION TO COMPEL SHOULD BE GRANTED:

This request for production is necessarily confined in temporal scope to the

period post-dating the commencement of Defendant Johnson's relationship with

Defendant Repromedix Corp., a period relevant to this case.  As such, any objection on

grounds of over breadth is without merit.

Further, this request for production uses plain and unambiguous language.  The

phrases "bids for accounts" and "indirectly assisted" mean what they say.  As such, any

objection on grounds of vagueness also lacks merit.

Additionally, it is well settled that a party seeking judicial protection from

disclosing its confidential or proprietary information bears the burden of showing that

the information is, indeed, confidential and proprietary and that its disclosure would be

harmful.  *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted).   Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants.  *See id*.  Accordingly, the objection on grounds of confidentiality lacks merit.

REQUEST FOR PRODUCTION NO. 18:

Any and all documents concerning the wages, commissions, bonuses, or other remuneration received or earned or to be received or earned by Jeremy Johnson during the course of his employment with Repromedix Corp.

RESPONSE:

Repromedix objects to this Request on the grounds that it is overly broad. Repromedix further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information. Repromedix further objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

REASON WHY MOTION TO COMPEL SHOULD BE GRANTED:

This request for production is properly limited in temporal scope to the period post-dating Defendant Johnson's commencement of employment with Defendant Repromedix Corp., a period relevant to this case.  Further, it is confined to documents concerning the wages, commissions, bonuses, or other remuneration received or earned or to be received by Defendant Johnson.  Therefore, any objection on grounds of over breadth is without merit.

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful.  *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231

(citations omitted).   Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants.  *See id*.  Accordingly, the objection on grounds of confidentiality lacks merit.

Finally, the objection to this request for production on grounds of relevance is totally devoid of merit.  This request for production seeks documents that are relevant to, *inter alia*, damages, as well as the value of Defendant Johnson's services to Defendant Repromedix Corp.  "Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action."  *Church of Scientology of Boston*, 138 F.R.D. at 10 (citations and internal quotation marks omitted)(emphasis in the original).   The requested documents are inescapably relevant to Plaintiffs' claims.

REQUEST FOR PRODUCTION NO. 25:
Any and all documents from which an accounting may be made from the date Jeremy Johnson terminated his employment with genX to the present, as to all contacts Jeremy Johnson has had, directly or indirectly, with businesses and/or persons who have been customers of genX.

RESPONSE:
Repromedix objects to this Request on the grounds that it is overly broad and unduly burdensome. Repromedix further objects to this Request on the grounds that it lacks knowledge of genX's former or existing customers. Repromedix further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

REASON WHY MOTION TO COMPEL SHOULD BE GRANTED:

The objections pertaining to over breadth and undue burden are without merit.

This request for production is confined in temporal scope to the period post-dating

Defendant Johnson's termination of employment with Plaintiffs to the present. Further, this request for production is limited to documents from which an accounting may be made as to all contacts Defendant Johnson has had with business or persons who have been customers of Plaintiffs. Again, with respect to the claim of undue burden, "discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

REQUEST FOR PRODUCTION NO. 27:
Any and all documents concerning Jeremy Johnson's business related expenses since he commenced employment with Repromedix Corp., including, but not limited to expense reports, receipts, and requests for reimbursement.

RESPONSE:
Repromedix objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

REASON MOTION TO COMPEL SHOULD BE GRANTED:

The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. The requested documents may shed light on which clients and/or customers Defendant Johnson has solicited on behalf of Defendant Repromedix Corp., some of which may be Plaintiffs' clients and/or customers. As such, this request

for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See*

*Church of Scientology of Boston*, 138 F.R.D. at 10.

Moreover, it is well settled that a party seeking judicial protection from disclosing

its confidential or proprietary information bears the burden of showing that the

information is, indeed, confidential and proprietary and that its disclosure would be

harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231

(citations omitted). Further, even assuming, *arguendo*, that the information is

confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can

show a particularized need for the information based on the nature of their claims

against Defendants. *See id.* Accordingly, the objection on grounds of confidentiality

lacks merit.

REQUEST FOR PRODUCTION NO. 29:
Any documents and/or records concerning each telephone number used by Jeremy
Johnson  to engage in business on Repromedix Corp.'s behalf including but not limited to
office, home and cellular telephones, pagers, and fax machines.

RESPONSE:
Repromedix objects to this Request on the grounds that it is overly broad and unduly
burdensome. Repromedix further objects to this Request on the grounds that it requests
documents that are neither relevant to the claims or defenses of any party, nor reasonably
calculated to lead to the discovery of admissible evidence. Repromedix further objects to this
Request on the grounds that it seeks the production of documents containing Repromedix's
confidential and proprietary business information.

REASON MOTION TO COMPEL SHOULD BE GRANTED:

The objections pertaining to over breadth and undue burden are without merit.

This request for production is necessarily limited in temporal scope to the period post-

dating the commencement of Defendant Johnson's relationship with Defendant

Repromedix Corp., a period relevant to this case. Moreover, with respect to the claim of

undue burden, "discovery may not be avoided merely because it may involve

inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10.

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* Accordingly, the objection on grounds of confidentiality lacks merit.

REQUEST FOR PRODUCTION NO. 30:
Any calendars, day timers or like instruments, whether in written or electronic form, used by any Repromedix employee since September 1, 2004.

RESPONSE:
Repromedix objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Request on the

grounds that it is overly broad and unduly burdensome. Repromedix further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

REASON MOTION TO COMPEL SHOULD BE GRANTED:

The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. Defendants Johnson and Repromedix could well have passed genX's Plaintiffs confidential, proprietary and trade secret information along to other Repromedix Corp. employees. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10.

The objections pertaining to over breadth and undue burden are equally without merit. The request for production is limited in temporal scope to the period post-dating September 1, 2004, a period relevant to this case. And with respect to the claim of undue burden, "discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231

(citations omitted).    Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants.    *See id*.    Accordingly, the objection on grounds of confidentiality lacks merit.

REQUEST FOR PRODUCTION NO. 35:
Any documents prepared by or for Repromedix concerning the immigration status of Jeremy Johnson.

RESPONSE:
Repromedix objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:

The objection to this request for production on grounds of relevance is totally devoid of merit.  This request for production seeks documents that are relevant to, *inter alia*, the value of Defendant Johnson's services to Defendant Repromedix Corp. "Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action." *Church of Scientology of Boston*, 138 F.R.D. at 10 (citations and internal quotation marks omitted)(emphasis in the original).  The requested documents are inescapably relevant to Plaintiffs' claims.

### b. Discovery requests propounded on Johnson

INTERROGATORY NO. 2:
Since September 1, 2004, state whether you have filed any immigration petitions, and if so, identify, (a) the type of petition(s) you have filed; (b) the dates you filed the petition(s); (c) each beneficiary under the petition(s); (d) whether the petition(s) are

currently pending; and (e) each document upon which you relied in answering, or which in any way concerns, the information requested in this interrogatory.

RESPONSE:
Johnson objects to this Interrogatory on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

REASON MOTION TO COMPEL SHOULD BE GRANTED:

The objection on grounds of relevance is totally devoid of merit. This interrogatory seeks information bearing on Defendant Johnson's credibility as well as the value of Defendant Johnson's services to Defendant Repromedix Corp. As such, this interrogatory requests information that is inescapably relevant to Plaintiffs' claims.

*See Church of Scientology of Boston*, 138 F.R.D. at 10.

INTERROGATORY NO. 4:
Identify all Repromedix Corp. customers whom you have serviced, and identify each document upon which you relied in answering or which in any way concerns the information requested in this interrogatory.

RESPONSE:
Johnson objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks Repromedix's confidential, proprietary business information. Johnson concedes that since joining Repromedix, and on its behalf, he has called upon and/or provided services to individuals and entities that were customers or clients of IVFonline while he was employed there.

REASON MOTION TO COMPEL SHOULD BE GRANTED:

This interrogatory is properly limited in scope to all Repromedix Corp. customers whom Defendant Johnson has serviced. Additionally, the interrogatory is necessarily confined in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case. Further, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal

27

quotation marks omitted).  As such, any objection on grounds of over breadth or undue burden is without merit.

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that disclosure would be harmful.  *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231. Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants.  *See id*. Accordingly, the objection on grounds of confidentiality lacks merit.

INTERROGATORY NO. 6:
Identify all customers, potential customers and/or clients with whom you have had any contact on behalf of Repromedix Corp. since you commenced employment and the source of such customers, potential customer and/or clients, and identify each document upon which you relied in answering or which in any way concerns the information requested in this interrogatory.

RESPONSE:
Johnson objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the use of the phrase "source of such customers and/or clients." Johnson further objects to this Interrogatory on the grounds that it seeks Repromedix's confidential, proprietary business information.  Subject to and without waiving these objections, Johnson states: Johnson concedes that since joining Repromedix, and on its behalf, he has called upon and/or provided services to individuals and entities that were customers or clients of IVFonline while he was employed there.

REASON MOTION TO COMPEL SHOULD BE GRANTED:

The objections on grounds of over breadth and undue burden are without merit, inasmuch as this interrogatory is properly confined in temporal scope to the period post-dating Defendant Johnson's commencement of employment with Defendant Repromedix Corp., a period relevant to this case, and to information concerning

Defendant Johnson's employment with Defendant Repromedix Corp. Further, with respect to the claim of undue burden, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

The objection on grounds of vagueness is equally without merit, because the foregoing interrogatory uses plain and unambiguous language. The phrase "source of such customers and/or clients" means what it says.

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* Accordingly, the objection on grounds of confidentiality also lacks merit.

INTERROGATORY NO. 11:
Since September 1, 2004, identify the names and addresses of each customer and/or business with whom you have had communications for the purpose of obtaining, encouraging or maintaining business with or through Repromedix Corp. and for each such customer and/or business state whether you had prior business dealings with that customer and/or business when you were employed by genX or whether you knew of that customer and/or business having business dealings with genX.

RESPONSE:
Johnson objects to this Interrogatory on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Johnson further objects to this Interrogatory on the grounds that it seeks Repromedix's

confidential, proprietary business information which is not within his possession, custody, or control. Subject to and without waiving these objections, Johnson states: Johnson concedes that since joining Repromedix, and on its behalf, he has called upon and/or provided services to individuals and entities that were customers or clients of IVFonline while he was employed there.

REASON MOTION TO COMPEL SHOULD BE GRANTED:

The objection on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this interrogatory requests information that is inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10.

Further, this interrogatory is properly limited in temporal scope to the period post-dating September 1, 2004, a period relevant to this case. Therefore, the objection on grounds of over breadth lacks merit. In a similar vein, the objection on grounds of undue burden is without merit, as the interrogatory is limited to each customer and/or business with whom Defendant Johnson has had communications for the purpose of obtaining, encouraging or maintaining business with or through Repromedix Corp. Moreover, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

Finally, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See*

*ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231.  Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants.  *See id.*  Accordingly, the objection on grounds of confidentiality also lacks merit.

REQUEST FOR PRODUCTION NO. 1:
Any and all compilations of information containing customer or client information created or maintained by you since September 1, 2004.

RESPONSE:
Johnson objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it is overly broad.   Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

REASON MOTION TO COMPEL SHOULD BE GRANTED:

The objection to this request for production on grounds of relevance is totally devoid of merit.  Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp.   Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit.  As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims.  *See Church of Scientology of Boston*, 138 F.R.D. at 10.

Similarly, this request for production is properly limited in temporal scope to the period post-dating September 1, 2004, a period relevant to this case.  Therefore, any objection on grounds of over breadth is also without merit.

Finally, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful.  *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 23.  Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants.  *See id.*  Accordingly, the objection on grounds of confidentiality lacks merit.

REQUEST FOR PRODUCTION NO. 2:
Any and all client contact lists you have maintained since September 1, 2004, including but not limited to those contained on your computer system or Rolodex.

RESPONSE:
Johnson objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it is overly broad and vague, including, without limitation, with respect to the phrases "client contact lists," and "your computer system." Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

REASON MOTION TO COMPEL SHOULD BE GRANTED:

The objection to this request for production on grounds of relevance is totally devoid of merit.  Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp.  Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit.  As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims.  *See Church of Scientology of Boston*, 138 F.R.D. at 10.

Additionally, this request for production is properly limited in temporal scope to the period post-dating September 1, 2004, a period relevant to this case. Therefore, any objection on grounds of over breadth is also without merit. Similarly, the foregoing request for production uses plain and unambiguous language. The phrases "client contact lists," and "your computer system" mean what they say. Accordingly, the objection on grounds of vagueness also lacks merit.

Finally, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231. Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* Accordingly, the objection on grounds of confidentiality lacks merit.

REQUEST FOR PRODUCTION NO. 4:
Any and all W-2s and/or IRS Form 1099s received by you since January 1, 2004, and all state and federal income tax returns filed by you since then until the time of trial.

OBJECTION: Johnson objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

REASON MOTION TO COMPEL SHOULD BE GRANTED:

The objection on grounds of relevance lacks merit, inasmuch as the request for production seeks documents bearing on Defendant Johnson's credibility as well as documents bearing on damages. "Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if

there is *any* possibility that the information sought may be relevant to the subject matter

of the action." *Church of Scientology of Boston*, 138 F.R.D. at 10 (citations and internal

quotation marks omitted)(emphasis in the original).  As such, this request for production

seeks documents that are inescapably relevant to Plaintiffs' claims.

REQUEST FOR PRODUCTION NO. 15:
Any and all documents concerning any accounts or potential accounts, to which you
have been assigned or which you serviced since your hiring by Repromedix Corp.

RESPONSE:
Johnson objects to this Request on the grounds that it is overly broad. Johnson further
objects to this Request on the grounds that it seeks the production of documents containing
Repromedix's confidential and proprietary business information.

REASON MOTION TO COMPEL SHOULD BE GRANTED:

        This request for production is properly limited in scope to documents concerning

any accounts or potential accounts to which Defendant Johnson has been assigned or

which Defendant Johnson has serviced.  Further, the request for production is confined

in temporal scope to the period post-dating the commencement of Defendant Johnson's

employment with Defendant Repromedix Corp., a period relevant to this case.  As such,

any objection on grounds of over breadth is without merit.

        Moreover, it is well settled that a party seeking judicial protection from disclosing

its confidential or proprietary information bears the burden of showing that the

information is, indeed, confidential and proprietary and that its disclosure would be

harmful.  *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231.

Further, even assuming, *arguendo*, that the information is confidential or proprietary and

its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the

information based on the nature of their claims against Defendants.  *See id.*

Accordingly, the objection on grounds of confidentiality lacks merit.

REQUEST FOR PRODUCTION NO. 16:
Any and all documents concerning each communication with customers or potential customers for Repromedix by you, including originals and/or copies of any telephone message slips, sales materials, descriptive brochures used to solicit customers and/or requests for reimbursement of expenses.

RESPONSE:
Johnson objects to this Request on the grounds that it is overly broad, unduly burdensome, and duplicative of Request No. 15. Johnson hereby incorporates by reference his Response to Request No. 15.

REASON MOTION TO COMPEL SHOULD BE GRANTED:

This request for production is properly limited in scope to documents concerning each communication with customers or potential customers for Defendant Repromedix Corp. by Defendant Johnson. Further, the request for production is necessarily confined in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case. Additionally, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted). As such, any objection on grounds of over breadth or undue burden is without merit.

The objection on the ground that this request for production is duplicative of Request No. 15 is equally without merit. This request for production seeks documents concerning each *communication* with customers or potential customers for Defendant Repromedix Corp. by Defendant Johnson, whereas Request No. 15 seeks documents concerning accounts or potential accounts to which Defendant Johnson has been assigned or which Defendant Johnson has serviced. To the extent Defendant Johnson incorporates his objections to Request No. 15 by reference, Plaintiffs hereby incorporate

their reasons why the motion to compel with respect to Request No. 15 should be granted by reference.

REQUEST FOR PRODUCTION NO. 17:
Any and all documents concerning any bids for accounts which you directly or indirectly assisted Repromedix Corp. in preparing.

RESPONSE:
Johnson objects to this Request on the grounds that it is overly broad and vague, including, without limitation, with respect to the phrases "bids for accounts" and "indirectly assisted." Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information, as well as the confidential and proprietary business information of third parties.

REASON MOTION TO COMPEL SHOULD BE GRANTED:

This request for production is necessarily confined in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case. As such, any objection on grounds of over breadth is without merit. Further, this request for production uses plain and unambiguous language. The phrases "bids for accounts" and "indirectly assisted" mean what they say. As such, any objection on grounds of vagueness also lacks merit.

Additionally, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231. Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* Accordingly, the objection on grounds of confidentiality lacks merit.

REQUEST FOR PRODUCTION NO. 18:

Any and all documents concerning the wages, commissions, bonuses, or other remuneration received or earned or to be received or earned by you during the course of your employment with Repromedix Corp.

RESPONSE:

Johnson objects to this Request on the grounds that it is overly broad. Johnson further objects to this Request on the grounds that it seeks documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

REASON MOTION TO COMPEL SHOULD BE GRANTED:

This request for production is properly limited in temporal scope to the period post-dating Defendant Johnson's commencement of employment with Defendant Repromedix Corp., a period relevant to this case. Further, it is confined to documents concerning the wages, commissions, bonuses, or other remuneration received or earned or to be received by Defendant Johnson. Therefore, any objection on grounds of over breadth is without merit.

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231. Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* Accordingly, the objection on grounds of confidentiality lacks merit.

Finally, the objection to this request for production on grounds of relevance is totally devoid of merit. This request for production seeks documents that are relevant

to, *inter alia*, damages, as well as the value of Defendant Johnson's services to Defendant Repromedix Corp.  "Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action."  *Church of Scientology of Boston*, 138 F.R.D. at 10 (citations and internal quotation marks omitted)(emphasis in the original).  The requested documents are inescapably relevant to Plaintiffs' claims.

REQUEST FOR PRODUCTION NO. 23:
 Any and all documents concerning customers or former customers of genX, including without limitation, Rolodexes (whether maintained on paper or electronically), customer order forms, contracts or agreements, and bids.

RESPONSE:
Johnson objects to this Request on the grounds that it is overly broad and unduly burdensome. Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information, as well as the confidential and proprietary business information of third parties.  Subject to and without waiving these objections, Johnson states that he retained no documents concerning customers or former customers of genX or IVFonline.

REASON MOTION TO COMPEL SHOULD BE GRANTED:

This request for production is properly limited in scope to documents concerning Plaintiffs' customers or former customers.  Further, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).  As such, any objection on grounds of over breadth or undue burden is without merit.

The objection to this request for production on grounds of relevance is totally devoid of merit.  Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated

their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10.

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 23. Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* Accordingly, the objection on grounds of confidentiality lacks merit.

REQUEST FOR PRODUCTION NO. 25:
Any and all documents from which an accounting may be made from the date you terminated your employment with genX, to the present as to all contacts you have had, directly or indirectly, with businesses and/or persons who have been customers of genX.

RESPONSE:
Johnson objects to this Request on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the term "indirectly." Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

<u>REASON MOTION TO COMPEL SHOULD BE GRANTED</u>:

This request for production is confined in temporal scope to the period post-dating Defendant Johnson's termination of employment with Plaintiffs to the present. Further, the request for production is limited to documents from which an accounting may be made as to all contacts Defendant Johnson has had with business or persons who have been customers of Plaintiffs. Again, "discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted). Thus, the objections pertaining to over breadth and undue burden are without merit. Moreover, this request for production uses plain and unambiguous language. The term "indirectly" means what it says. Accordingly, the objection on grounds of vagueness lacks merit.

The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 .

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231.

Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* Accordingly, the objection on grounds of confidentiality lacks merit.

REQUEST FOR PRODUCTION NO. 26:
Any and all documents from which an accounting may be made from the date you terminated your employment with genX, to the present as to all contacts you have had, directly or indirectly, with genX's clients and customers.

RESPONSE:
Johnson objects to this Request on the grounds that it duplicative of Request No. 25. Johnson hereby incorporates by reference his Response to Request No. 25.

REASON MOTION TO COMPEL SHOULD BE GRANTED:

This request for production is not duplicative of Request No. 25, inasmuch as this request for production seeks documents concerning genX's clients and customers, whereas Request No. 25 seeks documents concerning businesses and/or persons who have been customers of genX. To the extent Defendant Johnson incorporates his objections to Request No. 25 by reference, Plaintiffs hereby incorporate their reasons why the motion to compel with respect to Request No. 25 should be granted by reference.

REQUEST FOR PRODUCTION NO. 28:
All your business related expense receipts since you commenced your employment with Repromedix Corp., including but not limited to expense reports and receipts, and requests for reimbursement.

RESPONSE:
Johnson objects to this Request on the grounds that it is overly broad. Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

REASON MOTION TO COMPEL SHOULD BE GRANTED:

This request for production is properly limited in temporal scope to the period post-dating Defendant Johnson's commencement of employment with Defendant Repromedix Corp., a period relevant to this case. Therefore, any objection on grounds of over breadth is without merit.

The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. The requested documents may shed light on which clients or customers Defendant Johnson has solicited on behalf of Defendant Repromedix Corp., some of which may be Plaintiffs' clients or customers. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10.

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231. Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id*. Accordingly, the objection on grounds of confidentiality lacks merit.

42

REQUEST FOR PRODUCTION NO. 30:

Any documents and/or records concerning each telephone number used by you to engage in business on behalf of Repromedix Corp., including but not limited to office, home and cellular telephones, pagers, and fax machines.

RESPONSE:

Johnson objects to this Request on the grounds that it is overly broad and unduly burdensome. Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

REASON MOTION TO COMPEL SHOULD BE GRANTED:

The objections pertaining to over breadth and undue burden are without merit. This request for production is necessarily limited in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case. Moreover, with respect to the claim of undue burden, "discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10.

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231. Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendant. *See id.* Accordingly, the objection on grounds of confidentiality lacks merit.

REQUEST FOR PRODUCTION NO. 31:
Any calendars, day timers, or like instrument, whether in written or electronic form, used by you since commencing employment with Repromedix Corp., to the extent not already requested.

RESPONSE:
Johnson objects to this Request on the grounds that it is overly broad and unduly burdensome. Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

REASON MOTION TO COMPEL SHOULD BE GRANTED:

The objections pertaining to over breadth and undue burden are without merit. This request for production is properly confined in temporal scope to the period post-dating Defendant Johnson's commencement of employment with Defendant Repromedix Corp., a period relevant to this case. Moreover, with respect to the claim of undue burden, "discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

The objection to this request for production on grounds of relevance is totally devoid of merit.  Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp.  Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit.  As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims.  *See Church of Scientology of Boston*, 138 F.R.D. at 10.

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that disclosure would be harmful.  *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231. Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendant.  *See id*.  Accordingly, the objection on grounds of confidentiality lacks merit.

REQUEST FOR PRODUCTION NO. 33:
Any business cards collected by you during your employment with genX.

OBJECTION:
Johnson objects to this Request on the grounds that it is overly broad and unduly burdensome. Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

<u>REASON MOTION TO COMPEL SHOULD BE GRANTED</u>:

The objections pertaining to over breadth and undue burden are without merit. This request for production is properly limited in temporal scope to the period post-dating Defendant Johnson's commencement of employment with Defendant Repromedix Corp., a period relevant to this case. Moreover, with respect to the claim of undue burden, "discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this request for production seeks tangible things that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10.

<u>REQUEST FOR PRODUCTION NO. 34</u>:
Any lap top computers, PDAs, and/or cellular telephones in your possession.

<u>RESPONSE</u>:
Johnson objects to this Request on the grounds that it is unduly burdensome. Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

REASON MOTION TO COMPEL SHOULD BE GRANTED:

The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Defendant Johnson may be housing such information in technology listed in this request for production. As such, this request for production seeks tangible things that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10.

Additionally, the objection pertaining to undue burden is equally without merit. In this regard, "discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231. Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* Accordingly, the objection on grounds of confidentiality lacks merit.

REQUEST FOR PRODUCTION NO. 37:
Any and all compilations of information containing prospective or potential customer or client information created or maintained by you.

RESPONSE:

Johnson objects to this Request on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the phrases, "compilations of information," and "prospective or potential customer or client information." Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this request on the ground that it seeks the production of documents that contain Repromedix's confidential and proprietary business information.

REASON MOTION TO COMPEL SHOULD BE GRANTED:

The objections to this request for production pertaining to over breadth and undue burden are without merit. In this regard, "discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted). Further, this request for production uses plain and unambiguous language. The phrases "compilations of information," and "prospective or potential customer or client information" mean what they say. Therefore, any objection on grounds of vagueness lacks merit.

The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10.

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the

information is, indeed, confidential and proprietary and that disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231. Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendant. *See id.* Accordingly, the objection on grounds of confidentiality lacks merit.

**GENX INTERNATIONAL, INC. and
IVFONLINE.COM, LLC**


By: /s/ Glenn A. Duhl_____
Glenn A. Duhl BBO#653001
Siegel, O'Connor, O'Donnell & Beck, P.C.
150 Trumbull Street
Hartford, CT 06103
(860) 727-8900
Fax: (860) 527-5131

Dated March 21, 2006                    gduhl@siegeloconnor.com

## CERTIFICATE OF SERVICE

    I hereby certify that on March 21, 2006, a copy of the foregoing Memorandum of Law in Support of Motion to Compel was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Glenn A. Duhl_____
Glenn A. Duhl