**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GENX INTERNATIONAL, INC. and IVFONLINE.COM, LLC )<br><br>Plaintiffs, )<br><br>v. )<br><br>JEREMY JOHNSON and REPROMEDIX CORP., )<br>Defendants. ) | CIVIL ACTION NO. 05-CV-10419(DPW) |

**DEFENDANTS' MEMORANDUM IN**
**OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

**INTRODUCTION**

Plaintiffs genX International, Inc. and IVFonline.com, LLC (collectively referred to as "genX") brought this action against former employee, Jeremy Johnson ("Johnson") and his present employer, Repromedix Corp. ("Repromedix") (collectively, "Defendants"), asserting that Johnson breached a non-competition agreement with genX. What is baffling about this action is that ***genX and Repromedix are not competitors.*** Repromedix has communicated to genX that they are not competitors. *See* September 30, 2005 letter from John R. Bauer to Glenn A. Duhl, attached hereto as Exhibit A. Nonetheless, genX has persisted in the suit.

GenX served discovery requests on Defendants, including multiple discovery requests seeking information and documents concerning Repromedix's customers. Defendants responded to genX's discovery requests and, in some instances, asserted objections to those requests. After the parties conferred about those objections, Defendants supplemented their responses by, for example, identifying genX customers that Johnson had solicited on behalf of Repromedix.[1] However, Defendants continued to assert objections to several overly broad requests for which

---

[1] Ironically, spectacularly so, in its responses to Plaintiffs' discovery requests, Defendants refused to identify a single genX customer on the grounds that the information is confidential!

genX offered no or insufficient justification. The parties' counsel continued to engage in negotiations to resolve their differences. In fact, a proposal for resolving those disputes, pursuant to which Defendants would agree to provide genX with a list of all individuals and entities that Johnson solicited on behalf of Repromedix, was pending, when, ***without warning***, genX filed its Motion to Compel. Had genX's counsel conferred with Defendants' counsel before filing this motion, they would have learned that Defendants had agreed to the proposal.

While many of the disputes raised in the Motion to Compel would have been resolved without recourse to this Court had genX's counsel complied with their obligations to confer before filing the Motion, Defendants continue to assert objections to several of genX's requests, including the following, which are discussed in greater detail herein:

(A) Requests for information and documents pertaining to Johnson's immigration status;

(B) Requests for Johnson's federal and state tax returns, including all W-2s and/or IRS Form 1099s;

(C) Requests for all of Johnson's business related expense receipts and requests for reimbursement since commencing his employment with Repromedix;

(D) Requests for documents concerning every telephone number used by Johnson to engage in business on behalf of Repromedix, including his home telephone and cell phone;

(E) Requests for documents concerning Johnson's wages, commissions, and bonuses since he joined Repromedix;

(F) Requests for all documents concerning bids for accounts which Johnson directly or indirectly assisted Repromedix in preparing;

(G) Requests for all of Johnson's calendars, day timers, or like instruments, used by him since commencing employment with Repromedix; and

(H) Requests for all lap top computers, PDAs, and/or cellular telephones in Johnson's possession.

As discussed in detail below, genX has failed to set forth sufficient, if any, justifications for these requests.

## FACTUAL BACKGROUND

*Jeremy Johnson*

Johnson began working for genX as a sales representative on October 11, 2001.  His job included communicating with invitro fertilization clinicians and laboratories worldwide, attending conferences and meetings in the field of invitro fertilization, and exhibiting products during these conferences.  Johnson resigned from genX on February 8, 2005.

On February 14, 2005, Johnson began working for Repromedix as a territory manager. Johnson's primary responsibility is to manage Repromedix's business in the Northwest United States in order to maintain and increase the usage of Repromedix's laboratory tests in this territory.  Johnson calls on Reproductive Endocrinology, Urology, Ob/Gyn, and Maternal Fetal medicine clinics to increase the physicians' usage of Repromedix's esoteric laboratory tests. This often involves meeting with physicians, nurses, medical assistants, and embryologists to educate them on the clinical value of individual tests, to inform them about Repromedix's ability to perform these tests, and to ascertain their interest.  Johnson is also responsible for coordinating blood draw services and courier services. *See* Johnson's Responses to Plaintiffs' First Set of Interrogatories and Requests for Production ("Johnson's Responses"), Response to Interrogatory No. 3, attached hereto as Exhibit B.

Johnson has conceded that since joining Repromedix, and on its behalf, he has called upon and/or provided services to individuals and entities that were customers or clients of genX while he was employed there.  *See* Johnson's Response to Interrogatory No. 4.  This, however, is not surprising because, while genX and Repromedix are not competitors, genX provides products to laboratories in the infertility industry, while Repromedix is a national reference laboratory for infertility testing.  The list of potential clients in this field is finite and easily can be determined by referring to the Department of Health and Human Services website or the Society for Assisted

Reproductive Technology website. *See* The Department of Health and Human Services, Centers for Disease Control and Prevention, "2003 Assisted Reproductive Technology (ART) Report: Fertility Clinic Report by State: Clinic Map," and Society for Assisted Reproductive Technology, "Search for a clinic by zip code," attached hereto as Exhibits C and D, respectively.

***Repromedix and genX are not competitors.***

Repromedix is a national reference ***laboratory*** for infertility testing, which offers comprehensive diagnostic testing to clinicians around the country. *See* Repromedix's Responses to Plaintiffs' First Set of Interrogatories and Requests for Production ("Repromedix's Responses"), Response to Interrogatory No. 3, attached hereto as Exhibit E, and Johnson's Response to Int. No. 5. By contrast, genX International markets "laboratory technologies and products for infertility, assisted reproduction, cell biology, and another medical application." *Id.* And, IVFonline supplies laboratory equipment and products to invitro fertilization clinics. *Id.* In other words, genX ***provides products to clinicians*** for use in the treatment of infertility.

Thus, genX does not conduct laboratory diagnostic testing, which is the focus of Repromedix's business, while Repromedix does not develop or supply laboratory products, which is the focus of genX's business. In short, Repromedix and genX are not competitors. [2]

***GenX has not identified with any particularity***
***the specific trade secrets that it alleges the Defendants misappropriated.***

While genX has alleged that Defendants misappropriated genX's trade secrets, genX has failed to specify the trade secrets that it alleges Defendants misappropriated. In response to discovery requests asking genX to identify the trade secrets it alleges the Defendants misappropriated, genX identified the following: "customer information," "[i]nformation

---

[2] In response to Plaintiffs' interrogatories requesting that genX state the basis for its allegation that genX and Repromedix are competitors, genX points primarily to Repromedix's alleged competition with Reprogenetics, which genX defines as a "sister company" of IVFonline.com, LLC. Johnson never worked for Reprogenetics. Thus, genX has not come close to demonstrating that Repromedix and genX are competitors.

pertaining to . . .marketing platforms," "information pertaining to various trade shows and meetings, and "sales information."   No doubt, genX's trade secret claims will not survive a summary judgment motion.  However, in the meantime, Repromedix should not be compelled to produce overly burdensome and intrusive discovery into its confidential business information where genX has failed to demonstrate any justification warranting the intrusion.

**GenX prematurely filed a motion to compel.**

GenX propounded thirteen (13) interrogatories and thirty-eight (38) requests for production on Johnson and twelve (12) interrogatories and thirty-six (36) requests for production on Repromedix (collectively referred to as "genX's Discovery Requests").  On November 22, 2005, Defendants responded to genX's Discovery requests.  *See* Repromedix's Responses and Johnson's Responses.   On or about December 8, 2005 and January 19, 2006, genX set forth responses to Defendants' objections.  *See* December 8, 2005 letter from Glenn A. Duhl to John R. Bauer, attached hereto as Exhibit F, and January 19, 2006 letter from Glenn A. Duhl to John R. Bauer, attached hereto as Exhibit G.

On January 18, 2006, counsel engaged in a telephone conference to discuss contested discovery items.  Contrary to genX's assertion, at no point in that conference did the Defendants agree that they would waive any objections.  *See* genX's Memorandum of Law at 6.  Much of the conference focused on genX's requests that Defendants produce Repromedix's client list or some subset thereof.  Defendants agreed to produce a list of genX clients that Johnson had contacted on Repromedix's behalf, subject to the restriction that the list be disclosed only to genX's outside counsel.

On February 13, 2006, Johnson provided genX with Supplemental Responses to Plaintiffs' First Set of Interrogatories and Requests for Production ("Supplemental Responses").  *See* Supplemental Responses (redacted), attached hereto as Exhibit H.  Therein, Johnson

supplemented his responses to Interrogatory Nos. 4, 6, and 11 by indicating that since he began

working for Repromedix, he had solicited potential customers on behalf of Repromedix that he

previously solicited on behalf of genX.  He specifically identified those customers and indicated

which were customers of Repromedix before he began working there, and which had become

customers only after he began working there.

GenX fails to quote or even mention these Supplemental Responses in its Memorandum

of Law.  In fact, in the section of genX's Memorandum of Law wherein it sets forth Defendants'

responses to genX's Discovery Requests, genX specifically *excludes* Johnson's Supplemental

Responses, thus inaccurately and incompletely quoting Johnson's responses to genX's discovery

requests.  *See* genX's Memorandum of Law at 27-30.

Despite Defendants' supplementation, genX remained unsatisfied.  In a February 16,

2005 e-mail, genX wrote: "Rather than get bogged down in another telephonic conference, we

would ask you to inform us whether you will withdraw or narrow your objections by Tuesday,

February 21."  *See* February 16, 2006 e-mail from Michael Spagnola to Melissa M. D'Alelio,

attached hereto as Exhibit I.   On February 22, 2005, Defendants informed genX that they would

provide a written response to genX's discovery concerns, and encouraged genX to participate in

the required discovery conference.  *See* February 22, 2006 e-mail from Melissa M. D'Alelio to

Michael Spagnola, attached hereto as Exhibit J.  The parties subsequently arranged a second

telephone conference for February 27, 2006.  Prior to that conference, Defendants provided genX

with a letter addressing each contested item.  *See* February 27, 2006 letter from John R. Bauer to

Glenn A. Duhl, ("February 27, 2006 Letter"), attached hereto as Exhibit K.

The second telephone conference was productive.  GenX agreed to withdraw Requests

for Production Nos. 23, 33, and 34 to Repromedix and to limit other Requests.  Counsel for

Defendants agreed to speak to their clients about responding to Request Nos. 17, 18, 33, and 34

to Johnson.  In addition, genX proposed the following as a means of resolving disputes

concerning several contested items: "(1) Defendants disclose all clients who Johnson has directly

contacted on Repromedix's behalf since September 1, 2004; (2) Johnson gives an affirmative

representation to Plaintiffs that he has not indirectly contacted Plaintiffs' clients by disclosing the

names or other information pertaining to such clients to anyone affiliated with Repromedix; (3)

counsel for the parties review together the list of Johnson's contacts against genX's client list to

determine where there is overlap; (4) after determining where there is overlap, counsel may

communicate with their respective clients regarding the ramifications of the overlap with respect

to plaintiffs' claims" ("genX's Proposal").  GenX's Memorandum of Law at 7.  The parties

agreed that acceptance of genX's Proposal would satisfy Interrogatory Nos. 4, 6, and 11 and

Request Nos. 1, 2, 15, 16, 23, 25, 26, and 37 to Johnson, and Interrogatory Nos. 1, 2, 4, 10, 11,

and 12 and Request Nos. 1, 2, 3, 15, 16, 17, 25, and 30 to Repromedix.  Counsel for Defendants

agreed to speak to their clients about genX's Proposal.

 Before Defendants responded to genX's Proposal, genX unexpectedly filed a Motion to

Compel.  GenX did so without any advance notice to Defendants.  Counsel for the Defendants

admittedly took longer than they should have in responding to genX's Proposal, however, the

delay does not warrant disregarding Federal and Local Rules, and suddenly ceasing good-faith

efforts to resolve or narrow discovery disputes "to the greatest possible extent."

***Defendants were prepared to agree to genX's Proposal.***

 Had genX not prematurely ended discovery discussions by filing the Motion to Compel,

it would have discovered that Defendants were prepared to agree to genX's Proposal.

Accordingly, the parties are not in dispute with respect to Interrogatory Nos. 4, 6, and 11 and

Request Nos. 1, 2, 15, 16, 23, 25, 26, and 37 to Johnson, and Interrogatory Nos. 1, 2, 4, 10, 11,

and 12 and Request Nos. 1, 2, 3, 15, 16, 17, 25, and 30 to Repromedix.[3]

## LEGAL ARGUMENT

I.    **GENX FAILED TO COMPLY WITH FED. R. CIV. P. 37(a)
AND LOCAL RULES 7.1(A)(2) AND 37.1 BY FILING THE MOTION TO
COMPEL WHILE GOOD FAITH NEGOTIATIONS WERE IN PROGRESS.**

Local Rule 7.1(a)(2) plainly requires that, before filing any motion, counsel must "certify

that they have conferred and have attempted in good faith to resolve or narrow the issue." Local

Rule 7.1(A)(2). ***GenX's Motion to Compel contains no such certification.*** Furthermore, Fed.

R. Civ. P. 37(a) provides that "[a] party, *upon reasonable notice to other parties* . . . may apply

for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(emphasis added). Rule

37(A) also require that such a motion "include a certification that the movant has in good faith

conferred or attempted to confer with the party not making the disclosure in an effort to secure

the disclosure without court action." Fed. R. Civ. P. 37(a)(2)(A). Local Rule 37.1(A) elaborates

on the certification requirement:

> Before filing any discovery motion, including any motion for sanctions or for a protective
> order, counsel for each of the parties shall confer in good faith to narrow the areas of
> disagreement *to the greatest possible extent*.

Local Rule 37.1(A)(emphasis added). Importantly, only "if disputed issues are *not resolved* at

the discovery conference" may a dissatisfied party file a motion to compel. Local Rule

37.1(B)(emphasis added).

Clearly, the purpose of these rules is to avoid premature motions. *See Hasbro, Inc. v.

Serafino*, 168 F.R.D. 99, 101 (D. Mass. 1996). Here, the parties had been conferring about the

contested items and had not yet reached an impasse, at least with respect to discovery request

concerning Repromedix's customers (the subject of genX's proposal), when genX filed its

---

[3] GenX also would have learned that, as promised, counsel contacted Johnson concerning whether he possesses
business cards responsive to Request No. 33. In fact, aside from some business cards from other sales
representatives and friends in the industry, Johnson does not have any such business cards.

Motion to Compel.  Counsel for the Defendants believed discussions were merely suspended at the close of the second telephone conference, so that they could consult their clients concerning genX's proposal.  Defendants' counsel was not aware that the discussions concerning genX's proposal were completed.  Indeed, had Defendants thought so, they might have filed a protective order which, pursuant to Local Rule 37.1(A), they could only do once contested issues had been narrowed to the "greatest possible extent."

Accordingly, genX has failed to confer in "good faith," by prematurely bringing the instant Motion to Compel, at least with respect to those requests that are the subject of genX's proposal.

> "Good faith," under 37(a)(2)(B) contemplates, among other things, honesty in one's purpose to meaningfully discuss the discovery dispute . . . and faithfulness to one's obligation to secure information without court action . . .  it mandates a genuine attempt to resolve the discovery dispute through non-judicial means.

*Shuffle Master, Inc. v. Progressive Games, Inc.,* 170 F.R.D. 166, 170 (D. Nevada 1996).  *See also Ross v. Citifinancial, Inc.,* 203 F.R.D. 239, 240 (S.D. Miss. 2001) (holding that Rule 37(a)(2)(B)'s prerequisite is not an "empty formality"), and *VNA Plus, Inc. v. Apria Healthcare Group, Inc.,* Civ. Act. No. 98-2138-KHV, 1999 U.S. Dist. LEXIS 8908 at * 2 (D. Kan. June 8, 1999) (the "duty to confer generally requires counsel to converse, confer, compare views, consult, and deliberate" until impasse).[4]  A motion to compel may not be filed until there "exist such serious differences between counsel that further efforts of negotiation are pointless." *Disantis v. Koolvent Aluminum Products, Inc.,* Civ. Act. No. 97-5434, 1998 U.S. Dist. LEXIS 12480 at *3 (E.D. Pa. August 12, 1998.)  Such an impasse had not yet been reached here with respect to the discovery requests that are the subject of genX's proposal.

The Plaintiffs' rash filing has not only placed an unwarranted burden on judicial

---

[4] All unpublished cases cited in this Opposition are attached hereto in Exhibit L, in the order in which they are cited.

resources, but has caused the Defendants to incur considerable effort and expense opposing this premature motion. This Court has iterated that "the purpose of a full consultation pursuant to Local Rule 37.1(A) is to enable the parties to attempt to narrow, if not resolve, their dispute." *Hasbro,* 168 F.R.D. at 101. After all, "it is not up to the Court to expend its energies when the parties have not sufficiently expended their own." *Id.* The Rules encourage parties to satisfactorily resolve their discovery disputes prior to resorting to judicial intervention. GenX failed to comply with these requirements in aborting productive discovery discussions with the Defendants. For these reasons, the Court should deny the Motion to Compel, at least with respect to the discovery requests that are the subject of genX's proposal.

## II.    GENX'S CONTESTED DISCOVERY REQUESTS ARE OVERBROAD AND SEEK DISCOVERY THAT IS IRRELEVANT TO THIS ACTION.

As to those discovery requests about which the parties are in disagreement, those requests are consistently overbroad and seek documents and information that are not relevant to the subject matter of the claims, counterclaims or defenses to this actions.

### A.    Johnson's Immigration Status is Irrelevant to this Action.

GenX has requested information and documents regarding Johnson's immigration status. In Interrogatory No. 2 to Johnson, genX asks:

> Since September 1, 2004, state whether you have filed any immigration petitions, and if so, identify: (a) the type of petition(s) you have filed; (b) the dates you filed the petition(s); (c) each beneficiary under the petition(s); (d) whether the petition(s) are currently pending; and (e) each document upon which you relied in answering, or which in any way concerns, the information requested in this interrogatory.

Similarly, in Request No. 35 to Repromedix, genX requests "any documents prepared by or for Repromedix concerning the immigration status of Jeremy Johnson."

Defendants objected to each request, stating that such information and documents "are

10

neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence."  *See* Johnson's Response to Int. No. 2; Repromedix's Response to Request No. 35.  *See also* February 27, 2006 Letter (reiterating that information concerning Johnson's immigration status is irrelevant to this action and requesting an explanation for this information).

Johnson's immigration status is irrelevant to this litigation, and genX's discovery requests concerning his immigration status clearly are intended only to harass Johnson. Defendants remain baffled as to how such immigration information bears on Johnson's "credibility" or the "value" of Johnson's services to Repromedix, as genX claims.  *See* genX's Memorandum at 26-7.  Notwithstanding these vague assertions, genX has simply not demonstrated why this information is relevant to its claims.

**B.    GenX has Failed to Demonstrate Why It Needs Johnson's Federal and State Tax Returns, Including all W-2s and/or IRS Form 1099s.**

In Request No. 4. to Johnson, genX requests, "any and all W-2s and/or IRS Form 1099s received by [Johnson] since January 1, 2004, and all state and federal income tax returns filed by [Johnson] since then until the time of trial."  Johnson objected to this Request "on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence."  *See* Johnson's Response to Request No. 4.  *See also* February 27, 2006 letter (reiterating that Johnson's federal and state tax returns, including all W-2s and IRS Form 1099s are irrelevant to this action and requesting an explanation for these documents).

Tax returns are "confidential."  *See* 26 U.S.C. § 6103(a)(establishing the confidentiality of returns and return information).  *See also Gattengo v. Pricewaterhousecoopers, LLP,* 205 F.R.D. 70, 71 (D. Conn. 2001) and *Aliotti v. Vessel Senora,* 217 F.R.D. 496, 497 (N. D. Cal.

2003). Thus, a more stringent standard of relevancy applies for tax returns than the general

standard for discovery in Fed. R. Civ. P. 26(b)(1). *Gates v. Wilkinson*, Civ. Act. No. 03-CV-763,

2005 U.S. Dist. LEXIS 5523 at *4 (N.D.N.Y. April 5, 2005). In order to compel Johnson to

disclose tax returns, the Court must not only find that the tax returns are relevant under Rule

26(b)(1), but that "there exists a compelling need for disclosure of the returns because the

information contained in the returns is not otherwise readily available." *Id.* See also *E. Auto

Distribs., Inc. v. Peugeot Motors of Am., Inc.,* 96 F.R.D. 147, 148-9 (E.D. Va. 1982)(holding that

tax returns are privileged and that public policy restricts their disclosure), and *Natural Gas

Pipeline Co. of Am. V. Energy Gathering, Inc.,* 2 F.3d 1397, 1411 (5th Cir. 1993)(stressing that

"income tax returns are highly sensitive documents" which courts should be reluctant to order

disclosed during discovery).

Johnson's tax information is irrelevant to this litigation. Defendants remain perplexed as

to how such documents bear on "Johnson's credibility" or "damages," as genX asserts. *See*

genX's Memorandum at 33. GenX's Request thus fails to surmount the initial hurdle of Rule

26(b)(1). Thus genX has failed to set forth any need, let alone a "compelling need," for the

disclosure.

### C.    Johnson's Business Related Expense Receipts and Requests for Reimbursement are Not Relevant to this Action.

In Request No. 28 to Johnson, genX requests, "all [Johnson's] business related expense

receipts since [he] commenced [his] employment with Repromedix Corp., including but not

limited to expense reports and receipts, and requests for reimbursement." GenX requests the

same information in Request No. 27 to Repromedix, namely "any and all documents concerning

Jeremy Johnson's business related expenses since he commenced employment with Repromedix

Corp., including, but not limited to expense reports, receipts, and requests for reimbursement."

12

Defendants objected to each Request as being overbroad and "on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence." *See* Johnson's Response to Request No. 28 and Repromedix's Response to Request No. 27. *See also* February 27, 2006 Letter (stating that business expense receipts are irrelevant to this action and requesting an explanation for these documents).

GenX alleges that the requested documents are relevant as they "may shed light on which clients or customers Defendant Johnson has solicited on behalf of Defendant Repromedix Corp., some of which may be Plaintiffs' clients and customers." GenX's Memorandum at 22, 42. Notwithstanding the fact that Repromedix and genX are not competitors, thus making such client information inconsequential, Johnson already conceded that since joining Repromedix, and on its behalf, he has called upon and/or provided services to individuals and entities that were customers or clients of genX while he was employed there. *See* Johnson's Response to Int. No. 4. Moreover, Johnson has identified those customers and indicated which were customers of Repromedix before he began working there, and which had become customers only after he began working there. *See* Johnson's Supplemental Responses. Finally, Defendants have agreed to GenX's Proposal, which will disclose the underlying information sought in these Requests, making these Requests unnecessary.

### D.    GenX's Requests for Johnson's Telephone Records are Overbroad and the Content of Those Records is Irrelevant to this Action.

In Request No. 30 to Johnson, genX requests "any documents and/or records concerning each telephone number used by [Johnson] to engage in business on behalf of Repromedix Corp., including but not limited to office, home and cellular telephones, pagers, and fax machines." GenX requests identical information from Repromedix in Request No. 29: "any documents

and/or records concerning each telephone number used by Jeremy Johnson to engage in business on Repromedix Corp.'s behalf including but not limited to office, home and cellular telephones, pagers, and fax machines."

Defendants objected to each Request, "on the grounds that it is overly broad and unduly burdensome," and "requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence." *See* Johnson's Response to Request No. 30; Repromedix's Response to Request No. 29. *See also* February 27, 2006 Letter (stating that Johnson's telephone records are irrelevant to this action and requesting an explanation of their relevance).

GenX is requesting ***all*** of Johnson's telephone records, which, of course, will indicate only the telephone numbers to which Johnson made calls and from which he received calls, including not only business calls but personal calls, as well. Clearly this request is overbroad. Defendants already provided genX with every telephone number Johnson utilizes to engage in business on behalf of Repromedix. GenX has not demonstrated why Johnson's phone records are relevant to its claims. GenX vaguely asserts:

> The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia,* that defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his hire and Repromedix Corp.'s benefit. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims.

*See* genX's Memorandum at 24, 43. Presumably, genX requests copies of Johnson's telephone records to identify every telephone call that Johnson made or received since being at Repromedix. Presumably, this information will demonstrate whether Johnson has contacted any clients who were clients of genX while he worked there. Again, Johnson already has conceded that he has called upon and/or provided services to individuals and entities that were customers

of genX while he was employed there, and identified those customers.  Moreover, Defendants have agreed to GenX's Proposal, which presumably will disclose the underlying information sought in these Requests, making said Requests unnecessary.

> **E.    Johnson's Wages, Commissions, and Bonuses are Irrelevant to this Action.**

In Request No. 18 to Johnson, genX requests: "any and all documents concerning the wages, commissions, bonuses, and other remuneration received or earned or to be received or earned by [Johnson] during the course of [his] employment with Repromedix Corp."  GenX requests identical information from Repromedix in Request No. 18:  "any and all documents concerning the wages, commissions, bonuses, or other remuneration received or earned or to be received or earned by Jeremy Johnson during the course of his employment with Repromedix Corp."

Defendants objected to each Request "on the grounds that it is overly broad, . . . seeks the production of documents containing Repromedix's confidential and proprietary business information," and "requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence."  Johnson's Response to Request No. 18; Repromedix's Response to Request No. 18.  *See also* February 27, 2006 Letter (stating that these requests are overbroad and irrelevant to this action, and requesting an explanation of their relevance).  Notwithstanding these objections, Johnson produced to genX copies of his Repromedix employment agreements that included Johnson's base salary, an overview of his commission plan and bonus opportunities, his automobile allowance, and his expense policy.  In addition, in response to Interrogatory No. 3(h), Johnson disclosed to genX his annual Repromedix salary.   Johnson's Response to Interrogatory No. 3(h).

GenX is requesting ***any and all*** documents concerning Johnson's wages, commissions, bonuses, or other remuneration, which presumably includes pay stubs, pay checks, as well as

documents concerning medical and/or retirement benefits, and of course tax returns. Clearly genX is overreaching. Again, genX has not demonstrated why documents concerning Johnson's remuneration are relevant to its claims. Defendants are baffled as to how such information is relevant to "damages," and the "value" of Johnson's services to Repromedix, as genX alleges. *See* genX's Memorandum at 21, 38.

**F.    GenX's Request for All Documents Concerning Bids or Accounts that Johnson Directly or Indirectly Assisted Repromedix in Preparing is Overbroad and Seeks Highly <u>Confidential Documents that Have Little or No Relevance to this Action.</u>**

In Request No. 17 to Johnson, genX requests, "any and all documents concerning any bids for accounts which [Johnson] directly or indirectly assisted Repromedix Corp. in preparing." Johnson objected to this Request on the grounds that "it is overly broad and vague, including, without limitation, with respect to the phrases "bids for accounts," and "indirectly assisted." Johnson also objected to this Request on the grounds that "it seeks the production of documents containing Repromedix's confidential and proprietary business information, as well as the confidential and proprietary business information of third parties." Johnson's Response to Request No. 17. *See also* February 27, 2006 Letter (stating that these requests are overbroad and seek irrelevant and confidential information).

GenX has provided ***no clarification*** as to what the phrases "bids for accounts," and "indirectly assisted" mean. Indeed, one could argue that Johnson, as an employee of Repromedix, has "indirectly assisted" Repromedix on every one of its accounts since he joined Repromedix simply because he works to increase physicians' usage of Repromedix laboratory services. GenX's Memorandum of Law does not further clarify these phrases, as genX merely asserts that the phrases "mean what they say." GenX's Memorandum at 36.

In fact, Johnson does not prepare formal "bids for accounts." Recently, with respect to a

few potential customers, Johnson prepared proposal letters that he delivered during his initial visit to those potential clients.  Some of the letters may contain price quotes.

In addition, the documents requested are not Johnson's to disclose or produce.  Rather, they are Repromedix's documents and Johnson is not permitted to turn them over.  Moreover, the documents contain confidential information concerning Repromedix's pricing.

Presumably, genX is requesting these documents primarily to determine whether Johnson has worked on securing any accounts with clients who were clients of genX while he worked there.  Again, Johnson already has conceded as much and identified the clients.  Moreover, because Defendants have agreed to GenX's Proposal, this Request is unnecessary.   To the extent that genX is requesting such documents to inspect whether they contain genX's trade secrets, genX has not specified what information it alleges Johnson and/or Repromedix misappropriated and whether the information warrants trade secret protection.  In this circumstance, Repromedix should not be required to disclose its confidential business information.

Defendants stress that in order to protect a corporate defendant from having to reveal its trade secret and confidential information during discovery, "a plaintiff must demonstrate that there is a factual basis for its claim."  *See Microwave Research Corp. v. Sanders Assoc., Inc.,* 110 F.R.D. 669, 672 (D. Mass. 1986).  GenX, merely by asserting that Johnson has disclosed confidential information and trade secrets to Repromedix in its Complaint, is not automatically entitled to obtain disclosure of the alleged offending processes in aid of discovery, "otherwise it would be a simple matter to obtain one's trade secret by the mere assertion of a claim."  *See Id.* "More is required than a mere allegation to warrant pretrial disclosure."  *See Id.*

**G.    GenX's Request for Johnson's Calendars,**
       **Day Timers, or Like Instruments is Overbroad and Unnecessary.**

In Request No. 31 to Johnson, genX requests: "any calendars, day timers, or like instrument, whether in written or electronic form, used by [Johnson] since commencing employment with Repromedix Corp., to the extent not already requested."  Johnson objected to this Request on the grounds that "it is overly broad and unduly burdensome" and that "it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence."  *See* Johnson's Response to Request No. 31.  *See also* February 27, 2006 Letter (stating that these requests are overbroad and seek irrelevant information).

This Request is overly broad as it is not properly limited to calendars, day timers, or like instruments that have been utilized by Johnson ***in conjunction with his employment with Repromedix.***  As phrased, this Request encompasses personal calendars reflecting personal entries, such as doctor's appointments, which are not relevant to this litigation.  Moreover, Johnson utilizes Microsoft CRM, which is integrated with Microsoft Outlook for keeping track of appointments, sales calls, phone calls, etc.  However, Repromedix also maintains is client database on Microsoft CRM, as well.  Accordingly, complying with this Request would compel disclosure of Repromedix's entire client database.

In addition, GenX has simply not demonstrated why Johnson's calendar is relevant to its claims.  GenX vaguely asserts that same mantra it uses with respect to virtually every request.  *See* genX's Memorandum at 45.

Again, it would appear that the purpose of this Request is to identify every business contact he has made since being at Repromedix, presumably to determine whether Johnson solicited genX customers.  Again, Johnson has conceded soliciting individuals and entities that were genX clients and identified them.  And, once more, Defendants have agreed to GenX's Proposal, obviating the need for this Request.

**H.    GenX's Request for All Lap Top Computers, PDAs,
and/or Cellular Telephones in Johnson's Possession
is Overbroad, Burdensome, Unnecessary and Unwarranted.**

In Request No. 34 to Johnson, genX requests: "any lap top computers, PDAs, and/or

cellular telephones in [his] possession." Johnson objected to this Request on the grounds that "it

is unduly burdensome," "seeks information which is neither relevant to the claims or defenses of

any party, nor reasonably calculated to lead to the discovery of admissible evidence," and "seeks

the production of documents containing Repromedix's confidential and proprietary business

information." *See* Johnson's Response to Request No. 34. *See also* February 27, 2006 Letter

(stating that this request is irrelevant).

This Request is especially overbroad and burdensome, requiring that Johnson produce

***any*** lap top computer(s), PDAs, and/or cellular telephone(s) in his possession. Here, again, to

the extent that the property requested belongs to Repromedix, it is not Johnson's to produce.

Moreover, production of his these items would stifle Johnson's ability to perform his job. In

addition, these items obviously contain important and confidential Repromedix business

information.

GenX simply has not demonstrated how its need for these items warrants the

extraordinary burdens this Request imposes on Johnson and Repromedix. GenX merely asserts

the same vague mantra. *See* genX's Memorandum at 47. It would appear that the sole purpose

of this Request is for genX to inspect Johnson's lap top computer(s), PDAs, and/or cellular

telephone(s) in order to discover whether Johnson has referenced proprietary or trade secret

information, or contacted clients who were previously clients of genX. For the same reasons set

forth repeatedly above, including Defendants' agreement to genX's Proposal, genX has not

sufficiently demonstrated that its need for this information warrants the burdens imposed on the

Defendants by this Request.

**CONCLUSION**

For the reasons set forth herein, Defendants respectfully requests that the Court deny Plaintiffs' Motion to Compel.  Pursuant to Fed. R. Civ. P. 37(a)(4)(B), Defendants further request that the Court order Plaintiffs to reimburse Defendants for the reasonable expenses Defendants incurred in opposing this motion, including attorneys fees, given that the motion was not "substantially justified."

Respectfully submitted,

**JEREMY JOHNSON and REPROMEDIX CORP.,**

By their attorneys,

/s/ Melissa D'Alelio
John R. Bauer (BBO # 630742)
Melissa M. D'Alelio (BBO # 663035)
ROBINSON & COLE, LLP
One Boston Place
Boston, MA 02108-4404
(617) 557-5900

Dated:  April 11, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed  through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 11, 2006.

/s/ Melissa D'Alelio
Melissa M. D'Alelio

Exhibit A

# ROBINSON & COLE LLP

JOHN R. BAUER

One Boston Place
Boston, MA 02108-4404
Main (617) 557-5900
Fax (617) 557-5999
jbauer@rc.com
Direct (617) 557-5936

September 30, 2005

**By Facsimile and First-Class Mail**

Glenn A. Duhl, Esq.
Siegel, O'Connor, O'Donnell & Beck, P.C.
150 Trumbull Street
Hartford, CT 06103

Re:    **GenX International, Inc. and IVFonline.com, LLC v. Jeremy Johnson
and Repromedix Corp., Civ. Act. No. 05-10419DPW**

Dear Glenn:

This is a follow up to our discussion following the Initial Scheduling
Conference concerning a possible resolution of this matter. Specifically, the
following points demonstrate that your clients have no reason to fear that they will
suffer any injury as a result of Repromedix Corporation's ("Repromedix")
employment of Jeremy Johnson.

Repromedix does not compete with your clients. Repromedix is a national
reference laboratory for infertility testing. Repromedix offers comprehensive
diagnostic testing to clinicians around the country.

By contrast, genX International, Inc. ("genX"), according to its website, "is a
leader in developing new and advanced laboratory technologies and products for
infertility, Assisted Reproduction, Cell Biology and another medical application." In
other words, genX provides products to clinicians for use in the treatment of
infertility. Similarly, IVFonline, LLC ("IVFonline") supplies lab equipment and
products to invitro fertilization clinics. According to its website, IVFonline provides
"the fertility industry with the most advanced and breakthrough technologies,
products, and services that will make a difference in the life of patients and in the IVF
practices of doctors and embryologists worldwide."

Thus, neither genX nor IVFonline conducts laboratory diagnostic testing,
which is the focus of Repromedix's business; and Repromedix does not develop or
supply laboratory products, which is the focus of genX/IVFonline's business.[1]



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

WHITE PLAINS

NEW YORK CITY

SARASOTA

*www.rc.com*

---

[1] I reviewed the document referenced in Paragraph 15 of Plaintiffs' Initial Disclosures,
(http://www.asrm.org/Professionals/Meetings/philadelphia2004/final_program/2004finalprogram.pdf),

BOST1-867724-1

# ROBINSON & COLE LLP

Glenn A. Duhl, Esq
September 30, 2005
Page 2


Moreover, Mr. Johnson will represent that, to the extent he even has knowledge of your clients' confidential information, he has not used or disclosed and he will not use or disclose any of your clients' confidential information.  In particular, Mr. Johnson did not bring to Repromedix any customer lists from your clients.  You represented to me that a computer forensics company engaged by your clients determined that there was activity involving Mr. Johnson's computer in the period just before he terminated his employment.  Mr. Johnson will represent that prior to his departure, he deleted certain files from his computer that would have been of no use to someone else coming into his position, including old lists of contacts from various areas, files used to make decisions about the network, websites, and the like.  Again, Mr. Johnson did not download or otherwise copy your clients' customer lists or customer contact information.

Finally, in his communications with Repromedix clients and potential clients, Mr. Johnson has been very careful to say only positive things about your clients and their products.  He intends to continue to doing so.

Please let me know if these points address your clients' concerns.  As we discussed, there is little point in the parties spending significant resources litigating this matter if it can be resolved by more informal means.

I look forward to you response.

Sincerely,



John R. Bauer

---

and I did not find a single reference to Repromedix.  Accordingly, I was unable to find anything in that document that demonstrates that our respective clients are competitors.



Exhibit B

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GENX INTERNATIONAL, INC. and IVFONLINE.COM, LLC | ) ) ) | CIVIL ACTION NO. 05-CV-10419(DPW) |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| JEREMY JOHNSON and REPROMEDIX CORP., | ) ) ) | |
| Defendants. | ) ) | |

## JEREMY JOHNSON'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Defendant Jeremy Johnson ("Johnson"), by his attorneys, hereby responds as follows to Plaintiffs'[1] First Set of Interrogatories and Requests for Production to Defendant Jeremy Johnson (the "Interrogatories and Requests for Production").

## INTERROGATORY NO. 1

State your full name, address, date of birth, place of birth, social security number, immigration status, country of residence, marital status, and name and address of spouse.

## RESPONSE:

Johnson objects to this Interrogatory on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Johnson states:

---

[1]GenX International, Inc. and IVFonline.com, LLC mistakenly refer to themselves as "Defendants" in the heading of their First Set of Interrogatories and Requests for Production to Defendant Jeremy Johnson.

Jeremy Llewellyn Johnson was born on February 6, 1978 in Kitchener, Ontario, Canada.

He currently resides at 180 2nd Street, Apartment 202, Oakland, California, 94607.

## INTERROGATORY NO. 2

Since September 1, 2004, state whether you have filed any immigration petitions, and if so, identify,

    (a)    the type of petition(s) you have filed;

    (b)    the dates you filed the petition(s);

    (c)    each beneficiary under the petition(s);

    (d)    whether the petition(s) are currently pending; and

    (e)    each document upon which you relied in answering, or which in any way concerns, the information requested in this interrogatory.

## RESPONSE:

Johnson objects to this Interrogatory on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 3

With respect to your employment by Repromedix Corp., state:

    (a)    the dates of such employment;

    (b)    each address at which you have been employed;

    (c)    each job title or position held;

    (d)    the dates in such position;

    (e)    the nature of the duties performed in each such position;

    (f)    the name and title of your immediate supervisor(s) in each such position;

    (g)    if you have performed any duties or have had any responsibilities for obtaining business for Repromedix Corp., identify each location, territory, district or zone for which you have any such duties or responsibilities;

2

(h)     the salary, bonuses, commissions, benefits and any other remuneration received by you from Repromedix Corp. in each such position;

(i)     the method or system upon which Repromedix Corp. determines your compensation, including, without limitation, any base salary you receive and any commission or bonus incentives;

(j)     the manner in which you came to be employed by Repromedix Corp., including the name of and position held by any Repromedix Corp. employee with whom you had any contact about employment with Repromedix Corp.;

(k)     identify each and every written agreement between you and Repromedix Corp.; and

(l)     identify each document upon which you relied in answering, or which in any way concerns, the information requested in this interrogatory.

**RESPONSE:**

Johnson objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving these objections, Johnson states:

(a)     Johnson has been employed by Repromedix from February 14, 2005 to the present.

(b)     Repromedix is located at 86 Cummings Park, Woburn, Massachusetts 01801. Johnson's home office address is 180 2nd Street, Apartment 202, Oakland, CA, 94607.

(c)     Johnson's job title is Territory Manager.

(d)     Johnson has held the position of Territory Manager from February 14, 2005 to the present.

(e)     Johnson's primary responsibility is to manage Repromedix's business in the Northwest United States, in order to maintain and increase the usage of Repromedix's esoteric laboratory tests in this territory. His job involves calling on Reproductive Endocrinology, Urology, Ob/Gyn, and Maternal Fetal Medicine clinics to increase the physicians' usage of Repromedix's esoteric laboratory tests. This often involves meeting with physicians, nurses,

medical assistants, and embryologists to educate them on the individual tests' clinical value, to inform them about the company's ability to perform these tests, and to ascertain their interest. Johnson is also responsible for coordinating blood draw services and courier services.

(f)    From February 14, 2005 to September 23, 2005, Johnson's immediate supervisor was Douglas Cunningham. From October 17, 2005 to the present, Johnson's immediate supervisor has been James Lowenstein. His supervisor holds the position of Regional Director.

(g)    Johnson's territory includes Washington, Oregon, Idaho, Montana, Alaska, and parts of California and Nevada.

(h)    Johnson has a salary of $60,000 with a commission plan based on his performance. He is also entitled to certain benefits.

(j)    Johnson spoke with Bob Giguere ("Giguere"), the former Vice President of Sales at Repromedix, in April 2004 at the American Society for Andrology in Baltimore, Maryland. Giguere mentioned that there would be positions available at Repromedix soon. Johnson later e-mailed Giguere and explained that he was currently happy working for IVFonline.com, LLC ("IVFonline"). On June 1, 2004, Giguere e-mailed Johnson that a position had immediately become available in Florida. Johnson, however, rejected this offer via e-mail because of his mother's uncertain health.

On August 26, 2004, Johnson e-mailed Giguere to inquire about current jobs available at Repromedix. On August 27, 2004, Giguere responded to Johnson, explaining that there were positions which would be available in Ohio and San Francisco in November 2004. Johnson e-mailed Giguere, expressing his interest in the San Francisco position. On September 7, 2004, Giguere contacted Johnson and encouraged him to call Doug Cunningham ("Cunningham"), Repromedix's Western Regional Manager. On or around September 8, 2004, Johnson contacted

4

Cunningham. Cunningham was interested in obtaining Johnson's resume. That same day, Johnson e-mailed Giguere to let him know he had spoken to Cunningham. On or around September 9, 2004, Johnson faxed his resume to Cunningham. Johnson and Cunningham had a few telephone conversations between this date and October 16, 2004, when they planned to talk at ASRM in Philadelphia, PA. Unfortunately, Johnson and Cunningham were not able to meet during ASRM.

On or around October 25, 2004, Johnson spoke to Cunningham to arrange an interview. Cunningham and Johnson e-mailed back and forth to set up the interview time and place. On October 28, 2004, Johnson met with Cunningham in Niagara Falls. On November 2, 2004, Johnson e-mailed his references to Cunningham, who then suggested Johnson meet with everyone at Repromedix in mid-November.

On November 16, 2004, Johnson visited Repromedix in Woburn, Massachusetts, where he met Mark Olken ("Olken"), Vice President of Marketing, Kim Stone ("Stone"), Head of Client Services, Hansoo Kim ("Kim"), Vice President of Operations, and Craig Sockol ("Sockol"), Chief Executive Officer.

On or around December 15, 2004, Johnson received an offer letter which he signed and faxed to Repromedix somewhere between December 20 and 22, 2004. Johnson began working for Repromedix on February 14, 2005, conducting marketing research and searching for potential clients in his assigned territory. On March 22, 2005, Johnson signed a second offer letter, with a revised compensation plan.

(k)    In connection with his employment at Repromedix, Johnson executed the two offer letters referenced above. In addition, Johnson entered into a Confidentiality, Assignment and Non-Competition Agreement with Repromedix.

(l)     Johnson's responses are based on his job offer letters dated December 15, 2004

and March 22, 2005.  His answers are also based on a series of e-mails he exchanged with

Giguere and/or Cunningham.

## INTERROGATORY NO. 4

Identify all Repromedix Corp. customers whom you have serviced, and identify each
document upon which you relied in answering or which in any way concerns the information
requested in this interrogatory.

## RESPONSE:

Johnson objects to this Interrogatory on the grounds that it is overly broad, unduly

burdensome, and seeks Repromedix's confidential, proprietary business information.  Subject to

and without waiving these objections, Johnson states:

Johnson concedes that since joining Repromedix, and on its behalf, he has called upon

and/or provided services to individuals and entities that were customers or clients of IVFonline

while he was employed there.

## INTERROGATORY NO. 5

State whether you have managed or participated in the operation of the same or similar
line of business as that carried on by genX since the termination of your employment with genX
and identify and describe your conduct concerning your employment with Repromedix Corp.
with particularity.

## RESPONSE:

Johnson objects to this Interrogatory on the grounds that it is vague, including, without

limitation, with respect to the use of the phrase, "conduct concerning your employment."

Subject to and without waiving these objections, Johnson states:

Repromedix does not compete with genX International, Inc. ("genX") or IVFonline.com.

Repromedix is a national reference laboratory for infertility testing.  Repromedix offers

comprehensive diagnostic testing to clinicians around the country. By contrast, genX, according

to its website, "is a leader in developing new and advanced laboratory technologies and products

for infertility, Assisted Reproduction, Cell Biology and another medical application." In other

words, genX provides products to clinicians for use in the treatment of infertility. Similarly,

IVFonline supplies lab equipment and products to invitro fertilization clinics. According to its

website, IVFonline provides "the fertility industry with the most advanced and breakthrough

technologies, products, and services that will make a difference in the life of patients and in IVF

practices of doctors and embryologists worldwide." Thus, neither genX nor IVFonline conducts

laboratory diagnostic testing, which is the focus of Repromedix's business; and Repromedix

does not develop or supply laboratory products, which is the focus of genX/IVFonline's

business. In other words, Repromedix offers services to its clients, while genX/IVFonline sells

products, offering a minimum or no services to its clients.

## INTERROGATORY NO. 6

Identify all customers, potential customers and/or clients with whom you have had any
contact on behalf of Repromedix Corp. since you commenced employment and the source of
such customers, potential customer and/or clients, and identify each document upon which you
relied in answering or which in any way concerns the information requested in this interrogatory.

## RESPONSE:

Johnson objects to this Interrogatory on the grounds that it is overly broad, unduly

burdensome, and vague, including, without limitation, with respect to the use of the phrase

"source of such customers and/or clients." Johnson further objects to this Interrogatory on the

grounds that it seeks Repromedix's confidential, proprietary business information. Subject to

and without waiving these objections, Johnson states:

7

Johnson concedes that since joining Repromedix, and on its behalf, he has called upon and/or provided services to individuals and entities that were customers or clients of IVFonline while he was employed there.

## INTERROGATORY NO. 7

Since September 1, 2004, identify and describe all company files, websites and/or genX servers accessed by you through the internet and shared with anyone other than genX employees, including but not limited to friends, relatives, and/or Repromedix Corp. officers and employees.

### RESPONSE:

Johnson objects to this Interrogatory on the grounds that it is vague, including, without limitation, with respect to the use of the phrase "all company files, websites and/or genX servers." Subject to and without waiving these objections, Johnson states:

Johnson has not shared any genX or IVFonline files, websites, or servers with anyone other than the employees of genX or IVFonline.

## INTERROGATORY NO. 8

Identify each telephone number used by you to engage in business on behalf of Repromedix Corp., including but not limited to office, home and cellular telephones and pagers.

### RESPONSE:

Johnson objects to this Interrogatory on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, Johnson states:

Johnson uses the following telephone numbers to engage in business on Repromedix's behalf: (415) 314-1970 and (800) 667-8893.

8

**INTERROGATORY NO. 9**

State whether you have destroyed, deleted or otherwise cannot locate any document, whether maintained in hard copy, computer and/or other format, concerning your employment for genX or termination therefrom and, if so, identify and describe each such document.

**RESPONSE:**

Johnson objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation with respect to the use of the phrase, "concerning your employment for genX." Johnson further objects to this Interrogatory on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Johnson states:

Except for documents he routinely destroyed while working for IVFonline and the file that he deleted prior to leaving IVFonline as set forth in his Response to Interrogatory No. 13, Johnson has not destroyed, deleted, or misplaced any documents concerning his employment with genX or termination therefrom.

**INTERROGATORY NO. 10**

Identify each written or oral agreement and/or understanding under which Repromedix Corp., or any other third person has agreed to pay for your defense of this or any other action, or has otherwise agreed to indemnify you for any liability incurred as a result of this or any other action. For each such agreement, state the date of the agreement, whether the agreement is written or oral, the terms and conditions of any such agreement, and identify each document upon which you relied in answering or which in any way concerns the information requested in this interrogatory.

**RESPONSE:**

Johnson objects to this Interrogatory on the grounds that it is overly broad. Johnson further objects to this Interrogatory on the grounds that it requests information subject to the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving these objections, Johnson states:

In the March 22, 2005 offer letter, Johnson and Repromedix agreed that Johnson will be responsible for one-third (1/3) of the costs to defend him and Repromedix in this action. Per the terms of the offer letter, this amount will be forgiven on a monthly basis over the twenty-four (24) months following the settlement of this suit. Johnson and Repromedix further agreed that if Johnson leaves the employ of Repromedix at any time prior to the end of the 24 month period, he will reimburse Repromedix for the unforgiven portion of his one-third of litigation costs.

## INTERROGATORY NO. 11

Since September 1, 2004, identify the names and addresses of each customer and/or business with whom you have had communications for the purpose of obtaining, encouraging or maintaining business with or through Repromedix Corp. and for each such customer and/or business state whether you had prior business dealings with that customer and/or business when you were employed by genX or whether you knew of that customer and/or business having business dealings with genX.

## RESPONSE:

Johnson objects to this Interrogatory on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Johnson further objects to this Interrogatory on the grounds that it seeks Repromedix's confidential, proprietary business information which is not within his possession, custody, or control. Subject to and without waiving these objections, Johnson states:

Johnson concedes that since joining Repromedix, and on its behalf, he has called upon and/or provided services to individuals and entities that were customers or clients of IVFonline while he was employed there.

## INTERROGATORY NO. 12

Have you, any relative of yours or anyone you know taken notes of or otherwise recorded in any fashion any oral statement made by anyone concerning you, your employment with genX and/or Repromedix Corp. and, if so, state:

     (a)     the name of the person who took notes of or otherwise recorded the statement;

     (b)     the manner by which the statement was recorded;

     (c)     the date the statement was made;

     (d)     the name of the person who made the statement;

     (e)     the name of any witnesses to the statement; and

     (f)     the substance of the statement.

## RESPONSE:

Johnson objects to this Interrogatory on the grounds that it seeks information subject to the attorney-client privilege and/or the work-product doctrine. Johnson further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the use of the phrase, "concerning, you, your employment with genX and/or Repromedix Corp." Subject to and without waiving these objections, Johnson states:

Neither Johnson, nor anyone of whom he is aware, has taken notes of or otherwise recorded any oral statements made by anyone concerning Johnson or his employment with genX and/or Repromedix.

## INTERROGATORY NO. 13

Identify and describe any and all activities conducted by you on genX's computers and/or servers from January 16, 2005 to January 24, 2005, including but not limited to any files, folders and/or documents that you created, modified, copied, pasted, deleted, destroyed, printed, downloaded, saved to a disk, and/or attached to an email, and identify each document upon

which you relied in answering or which in any way concerns the information requested in this interrogatory.

**RESPONSE:**

Johnson objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the use of the phrase, "any and all activities conducted by you on genX's computers." Johnson further objects to this Interrogatory on the grounds that it seeks information already in the possession, custody or control of genX and/or IVFonline. Subject to and without waiving these objections, Johnson states:

From January 16 to January 24, 2005, Johnson was focused on updating, organizing, and arranging all of his computer and paper files, so that his replacement would be better able to transition into the position. Specifically, Johnson was updating his paper files, recording any recent telephone, e-mail, or written correspondence. He also deleted files relating to mass mailings and previous marketing activities, possibly some very old compilations of leads related to ICSI tools, aspiration needles, and other products that genX/ IVFonline had stopped selling. Johnson also deleted some files relating to former suppliers that were no longer supplying IVFonline, such as MediCult, Biogenics, and Nidacon. Additionally, Johnson deleted files relating to the company's website, which Johnson had used as a reference in a series of meetings with ActiveWeb, which had designed and maintained a series of websites for IVFonline. These deleted files were copies of files that resided on IVFonline's server at the time.

Prior to leaving IVFonline, Johnson also forwarded to his personal e-mail address a number of personal e-mails and pictures that various friends had sent to his business e-mail account while he was employed with IVFonline. Additionally, Johnson deleted several personal

files which consisted of music, pictures, and e-mails. Johnson did not want his replacement to

have access to his personal e-mails and files. By "personal e-mails," Johnson is referring to e-

mails from friends who were not clients of IVFonline.

Johnson also created a document with his overall sales figures between 2003 and 2004,

without identifying any customer information. This document simply included a list of product

categories and sales numbers, and calculated a percentage of growth between 2003 and 2004. To

Johnson's knowledge, this document does not contain any confidential or proprietary

information. Johnson has not shown this document to anyone.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

Any and all compilations of information containing customer or client information
created or maintained by you since September 1, 2004.

### RESPONSE:

Johnson objects to this Request on the grounds that it seeks information which is neither

relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery

of admissible evidence. Johnson further objects to this Request on the grounds that it is overly

broad. Johnson further objects to this Request on the grounds that it seeks the production of

documents containing Repromedix's confidential and proprietary business information.

### REQUEST NO. 2

Any and all client contact lists you have maintained since September 1, 2004, including
but not limited to those contained on your computer system or Rolodex.

### RESPONSE:

Johnson objects to this Request on the grounds that it seeks information which is neither

relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery

of admissible evidence. Johnson further objects to this Request on the grounds that it is overly

broad and vague, including, without limitation, with respect to the phrases "client contact lists,"

and "your computer system." Johnson further objects to this Request on the grounds that it seeks

the production of documents containing Repromedix's confidential and proprietary business

information.

## REQUEST NO. 3

Any and all documents distributed by you to customers serviced and/or managed by you, since September 1, 2004, including, but not limited to, announcements relating to your employment and promotional documents.

## RESPONSE:

Johnson objects to this Request on the grounds that it is overly broad. Johnson further

objects to this Request on the grounds that it seeks the production of documents containing

Repromedix's confidential and proprietary business information. Subject to these objections,

Johnson states that neither Repromedix nor he issued announcements relating to his employment

with Repromedix.

## REQUEST NO. 4

Any and all W-2s and/or IRS Form 1099s received by you since January 1, 2004, and all state and federal income tax returns filed by you since then until the time of trial.

## RESPONSE:

Johnson objects to this Request on the grounds that it seeks information which is neither

relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery

of admissible evidence.

## REQUEST NO. 5

Any and all documents, with drafts thereof which were at any time signed, or intended to be signed, by you and Repromedix Corp. including but not limited to any employment contracts.

14

**RESPONSE:**

Johnson objects to this Request on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the use of the phrase, "intended to be signed." Subject to and without waiving this objection, Johnson will produce non-privileged documents responsive to this Request that are in his possession, custody, or control.

**REQUEST NO. 6**

Any and all documents concerning the territories, zones or districts to which you have been assigned during your employment with Repromedix Corp.

**RESPONSE:**

Johnson objects to this Request on the grounds that it is overly broad. Subject to and without waiving this objection, Johnson will produce non-privileged documents responsive to this Request that are in his possession, custody, or control.

**REQUEST NO. 7**

Any and all documents that were prepared by genX, produced by genX's computers, or which concern genX's business.

**RESPONSE:**

Johnson objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it is overly broad and vague, including, without limitation, with respect to the phrases, "produced by genX's computers," and "which concern genX's business." Johnson further objects to this Request on the grounds that it seeks documents already in the possession, custody, or control of genX and/or

IVFonline. Subject to and without waiving these objections, Johnson will produce non-

privileged documents responsive to this Request that are in his possession, custody, or control.


## REQUEST NO. 8

Any and all documents concerning your employment with genX, including but not
limited to, documents which relate to securing employment with genX, to the terms and
conditions of employment, to job duties and responsibilities, and to the compensation and fringe
benefits received.


## RESPONSE:

Johnson objects to this Request on the grounds that it seeks information which is neither

relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery

of admissible evidence. Johnson further objects to this Request on the grounds that it is overly

broad and unduly burdensome. Johnson further objects to this Request on the grounds that it

seeks the production of documents already in the possession, custody, or control of genX and/or

IVFonline. Subject to and without waiving these objections, Johnson will produce non-

privileged documents responsive to this Request that are in his possession, custody, or control.


## REQUEST NO. 9

Any and all documents concerning your employment with Repromedix Corp., including
but not limited to, documents which relate to securing employment with Repromedix Corp., to
the terms and conditions of employment, to job duties and responsibilities, and to the
compensation and fringe benefits received.


## RESPONSE:

Johnson objects to this Request on the grounds that it seeks information which is neither

relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery

of admissible evidence. Johnson further objects to this Request on the grounds that it is overly

broad and unduly burdensome. Johnson further objects to this Request on the grounds that it

seeks the production of documents containing Repromedix's confidential and proprietary

business information.  Subject to and without waiving these objections, Johnson will produce

non-privileged documents responsive to this Request that are in his possession, custody, or

control.

### REQUEST NO. 10

Any and all documents created by any individual(s) employed by genX at the time of the
document's creation that you have in your possession, custody or control.

### RESPONSE:

Johnson objects to this Request on the grounds that it is duplicative of Request No. 7.

Johnson hereby incorporates by reference his Response to Request No. 7.

### REQUEST NO. 11

Any and all documents concerning any communications you had with Repromedix Corp.
prior to your acceptance of employment with Repromedix Corp.

### RESPONSE:

Johnson objects to this Request on the grounds that it is overly broad. Subject to and

without waiving these objections, Johnson will produce non-privileged documents responsive to

this request that are in his possession, custody, or control.

### REQUEST NO. 12

Any and all documents concerning any communications between you and Repromedix
Corp. regarding an employment contract, non-competition and/or a confidentiality agreement
with genX.

### RESPONSE:

Johnson objects to this Request on the grounds on the grounds that it seeks the production

of documents subject to the attorney-client privilege and/or the work-product doctrine.  Subject

to and without waiving these objections, Johnson will produce non-privileged documents responsive to this Request that are in his possession, custody, or control.

## REQUEST NO. 13

Any and all documents concerning any contacts or communications you had concerning the possibility of employment, job opportunities, or job openings at Repromedix Corp.

## RESPONSE:

Johnson objects to this Request on the grounds that it is overly broad. Subject to and without waiving this objection, Johnson will produce non-privileged documents responsive to this Request that are in his possession, custody, or control.

## REQUEST NO. 14

Any and all documents that contain a description of any and all work or services performed or to be performed by you on behalf of Repromedix Corp., such as a job description, list of customers, or a map of any territories or regions to which you have been assigned.

## RESPONSE:

Johnson objects to this Request on the grounds that it is overly broad. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information. Subject to and without waiving these objections, Johnson will produce non-privileged documents responsive to this Request that are in his possession, custody, or control.

## REQUEST NO. 15

Any and all documents concerning any accounts or potential accounts, to which you have been assigned or which you serviced since your hiring by Repromedix Corp.

## RESPONSE:

18

Johnson objects to this Request on the grounds that it is overly broad. Johnson further

objects to this Request on the grounds that it seeks the production of documents containing

Repromedix's confidential and proprietary business information.

## REQUEST NO. 16

Any and all documents concerning each communication with customers or potential
customers for Repromedix by you, including originals and/or copies of any telephone message
slips, sales materials, descriptive brochures used to solicit customers and/or requests for
reimbursement of expenses.

## RESPONSE:

Johnson objects to this Request on the grounds that it is overly broad, unduly

burdensome, and duplicative of Request No. 15. Johnson hereby incorporates by reference his

Response to Request No. 15.

## REQUEST NO. 17

Any and all documents concerning any bids for accounts which you directly or indirectly
assisted Repromedix Corp. in preparing.

## RESPONSE:

Johnson objects to this Request on the grounds that it is overly broad and vague,

including, without limitation, with respect to the phrases "bids for accounts," and "indirectly

assisted." Johnson further objects to this Request on the grounds that it seeks the production of

documents containing Repromedix's confidential and proprietary business information, as well

as the confidential and proprietary business information of third parties.

## REQUEST NO. 18

Any and all documents concerning the wages, commissions, bonuses, or other
remuneration received or earned or to be received or earned by you during the course of your
employment with Repromedix Corp.

**RESPONSE:**

Johnson objects to this Request on the grounds that it is overly broad.  Johnson further

objects to this Request on the grounds that it seeks documents that are neither relevant to the

claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible

evidence.  Johnson further objects to this Request on the grounds that it seeks the production of

documents containing Repromedix's confidential and proprietary business information.

**REQUEST NO. 19**

Any and all documents which you intend to introduce as an exhibit or part of an exhibit at
the trial of this matter.

**RESPONSE:**

Johnson objects to this Request on the grounds that it is premature.  Johnson states that

he shall comply with his obligation under Fed.R.Civ.P. 26(a)(3).

**REQUEST NO. 20**

Any and all documents and reports rendered by expert(s) retained by you for the purposes
of this litigation.

**RESPONSE:**

Johnson objects to this Request on the grounds that it is premature and vague, including,

without limitation, the use of the term "rendered."  Johnson states that he shall comply with his

obligations under Fed.R.Civ.P. 26(a)(2).  Johnson further objects to this Request on the grounds

that it requests documents immune from discovery under Fed.R.Civ.P..

**REQUEST NO. 21**

Any and all documents concerning or identifying any contacts between Repromedix
Corp. and you while you were employed by genX, including but not limited to, faxes, diaries,
calendars, electronic mail messages, telephone logs, expense reports, telephone/address books,
Rolodex cards, notes and correspondence files.

**RESPONSE:**

Johnson objects to this Request on the grounds that it is duplicative of Request No. 11.

Johnson hereby incorporates by reference his Response to Request No. 11.

**REQUEST NO. 22**

Any and all documents obtained by you during your employment with genX and provided to Repromedix Corp.

**RESPONSE:**

Johnson objects to this Request on the grounds that it is overly broad. Johnson further

objects to this Request on the grounds that it seeks information which is neither relevant to the

claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible

evidence. Subject to and without waiving this objection, Johnson states that he has not provided

to Repromedix any documents that he obtained from genX or IVFonline.

**REQUEST NO. 23**

Any and all documents concerning customers or former customers of genX, including without limitation, Rolodexes (whether maintained on paper or electronically), customer order forms, contracts or agreements, and bids.

**RESPONSE:**

Johnson objects to this Request on the grounds that it is overly broad and unduly

burdensome. Johnson further objects to this Request on the grounds that it seeks information

which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead

to the discovery of admissible evidence. Johnson further objects to this Request on the grounds

that it seeks the production of documents containing Repromedix's confidential and proprietary

business information, as well as the confidential and proprietary business information of third

parties. Subject to and without waiving these objections, Johnson states that he retained no

documents concerning customers or former customers of genX or IVFonline.

**REQUEST NO. 24**

A complete copy of your Repromedix Corp. personnel file.

**RESPONSE:**

Johnson objects to this Request on the grounds that it is overly broad. Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information. Subject to and without waiving these objections, Johnson will produce non-privileged documents responsive to this Request that are in his possession, custody, or control.

**REQUEST NO. 25**

Any and all documents from which an accounting may be made from the date you terminated your employment with genX, to the present as to all contacts you have had, directly or indirectly, with businesses and/or persons who have been customers of genX.

**RESPONSE:**

Johnson objects to this Request on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the term "indirectly." Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

**REQUEST NO. 26**

Any and all documents from which an accounting may be made from the date you terminated your employment with genX, to the present as to all contacts you have had, directly or indirectly, with genX's clients and customers.

**RESPONSE:**

Johnson objects to this Request on the grounds that it duplicative of Request No. 25.

Johnson hereby incorporates by reference his Response to Request No. 25.

**REQUEST NO. 27**

All employment, partnership and/or fee-sharing agreements and all other business-related contracts to which you have been a party since December 1, 2004.

**RESPONSE:**

Johnson objects to this Request on the grounds that it is overly broad, unduly

burdensome, and vague, including, without limitation, with respect to the phrase "business-

related contacts." Johnson further objects to this Request on the grounds that it seeks

information which is neither relevant to the claims or defenses of any party, nor reasonably

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these

objections, Johnson will produce non-privileged documents responsive to this Request that are in

his possession, custody, or control.

**REQUEST NO. 28**

All your business related expense receipts since you commenced your employment with Repromedix Corp., including but not limited to expense reports and receipts, and requests for reimbursement.

**RESPONSE:**

Johnson objects to this Request on the grounds that it is overly broad.  Johnson further

objects to this Request on the grounds that it seeks information which is neither relevant to the

claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible

evidence. Johnson further objects to this Request on the grounds that it seeks the production of

documents containing Repromedix's confidential and proprietary business information.

**REQUEST NO. 29**

Complaints, pleadings and other documents relating to litigation to which you have been a party since January 1, 2004 including but not limited to deposition transcripts, affidavits, statements and pleadings.

**RESPONSE:**

Johnson objects to this Request on the grounds that it is overly broad and unduly

burdensome. Johnson further objects to this Request on the grounds that it seeks information

which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead

to the discovery of admissible evidence. Subject to and without waiving these objections,

Johnson states that since January 1, 2004, he has not been involved in any litigation other than

this suit.

**REQUEST NO. 30**

Any documents and/or records concerning each telephone number used by you to engage in business on behalf of Repromedix Corp., including but not limited to office, home and cellular telephones, pagers, and fax machines.

**RESPONSE:**

Johnson objects to this Request on the grounds that it is overly broad and unduly

burdensome. Johnson further objects to this Request on the grounds that it seeks information

which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead

to the discovery of admissible evidence. Johnson further objects to this Request on the grounds

that it seeks the production of documents containing Repromedix's confidential and proprietary

business information.

**REQUEST NO. 31**

Any calendars, day timers, or like instrument, whether in written or electronic form, used by you since commencing employment with Repromedix Corp., to the extent not already requested.

**RESPONSE:**

Johnson objects to this Request on the grounds that it is overly broad and unduly

burdensome.  Johnson further objects to this Request on the grounds that it seeks information

which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead

to the discovery of admissible evidence.  Johnson further objects to this Request on the grounds

that it seeks the production of documents containing Repromedix's confidential and proprietary

business information.

**REQUEST NO. 32**

Any documents concerning your job description, duties and responsibilities with
Repromedix Corp.

**RESPONSE:**

Johnson objects to this Request on the grounds that it is duplicative of Request No. 8.

Johnson hereby incorporates by reference his Response to Request No. 8.

**REQUEST NO. 33**

Any business cards collected by you during your employment with genX.

**RESPONSE:**

Johnson objects to this Request on the grounds that it is overly broad and unduly

burdensome.  Johnson further objects to this Request on the grounds that it seeks information

which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead

to the discovery of admissible evidence.

**REQUEST NO. 34**

25

Any lap top computers, PDAs, and/or cellular telephones in your possession.

**RESPONSE:**

Johnson objects to this Request on the grounds that it is unduly burdensome. Johnson

further objects to this Request on the grounds that it seeks information which is neither relevant

to the claims or defense of any party, nor reasonably calculated to lead to the discovery of

admissible evidence. Johnson further objects to this Request on the grounds that it seeks the

production of documents containing Repromedix's confidential and proprietary business

information.

**REQUEST NO. 35**

Each document identified in response to the foregoing interrogatories.

**RESPONSE:**

Johnson hereby incorporates by reference his objections to the foregoing interrogatories.

Subject to and without waiving this objection, Johnson will produce non-privileged documents

responsive to this Request that are in his possession, custody, or control.

**REQUEST NO. 36**

Any document or tangible thing obtained by you as a result of your employment with
genX and retained by you after your termination of employment with genX, including but not
limited to files, software, disks, data compilations, and/or telephone numbers.

**RESPONSE:**

Johnson objects to this Request on the grounds that it is vague, overly broad, and

duplicative of Request Nos. 10 and 22. Johnson hereby incorporates by reference his Responses

to Request Nos. 10 and 22.

**REQUEST NO. 37**

Any and all compilations of information containing prospective or potential customer or client information created or maintained by you.

**RESPONSE:**

Johnson objects to this Request on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the phrases, "compilations of information," and "prospective or potential customer or client information." Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this request on the ground that it seeks the production of documents that contain Repromedix's confidential and proprietary business information.

**REQUEST NO. 38**

All advertisements, fliers, or other communications used or relied upon by you to announce the commencement of your involvement with Repromedix Corp.

**RESPONSE:**

Johnson objects to this Request on the grounds that it is vague, including, without limitation, with respect to the phrase, "involvement with Repromedix." Subject to and without waiving these objections, Johnson states that neither he nor Repromedix issued any announcement concerning his employment with Repromedix.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 21st DAY OF NOVEMBER, 2005.

Jeremy Johnson

As to the Objections:

**Jeremy Johnson.**
**By his attorneys,**

John R. Bauer, BBO # 640742
Melissa M. D'Alelio, Bar Admission Pending
**ROBINSON & COLE LLP**
One Boston Place
Boston, MA  02108-4404
(617) 557-5900

Dated: November 22, 2005

## CERTIFICATE OF SERVICE

I, Melissa M. D'Alelio, hereby certify that on November 22, 2005, I caused a copy of the foregoing to be mailed by first class mail to Plaintiffs' counsel of record.

M D'Alelio

Melissa M. D'Alelio

28

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _____DAY OF
NOVEMBER, 2005.

_____
**Jeremy Johnson**

As to the Objections:

**Jeremy Johnson.**
By his attorneys,

_____
John R. Bauer, BBO # 640742
Melissa M. D'Alelio, Bar Admission Pending
**ROBINSON & COLE LLP**
One Boston Place
Boston, MA  02108-4404
(617) 557-5900

Dated: November ___, 2005

## CERTIFICATE OF SERVICE

I, Melissa M. D'Alelio, hereby certify that on November ___, 2005, I caused a copy of
the foregoing to be mailed by first class mail to Plaintiffs' counsel of record.

_____
Melissa M. D'Alelio

Exhibit C

Case 1:05-cv-10419-DPW        Document 28-4        Filed 04/11/2006      Page 2 of 2

Home  |  About CDC  |  Press Room  |  A-Z Index  |  Contact Us



**Department of Health and Human Services**
**Centers for Disease Control and Prevention**

Search: [        ]

# 2003 Assisted Reproductive Technology (ART) Report: Fertility Clinic Report by State: Clinic Map

**Search a state by clicking on the map or on the text links below.**



For an accessible version of each clinic in the 2003 ART report go to the Accessible 2003 Fertility Clinic Reports by State. This version of the 2003 ART clinics is designed for use with screen readers.

## National Summary

**Text Version**

Alabama | Alaska | Arizona | Arkansas | California | Colorado | Connecticut | District of Columbia | Delaware | Florida | Georgia | Hawaii | Idaho | Illinois | Indiana | Iowa | Kansas | Kentucky | Louisiana | Maine | Maryland | Massachusetts | Michigan | Minnesota | Mississippi | Missouri | Montana | Nebraska | Nevada | New Hampshire | New Jersey | New Mexico | New York | North Carolina | North Dakota | Ohio | Oklahoma | Oregon | Pennsylvania | Puerto Rico | Rhode Island | South Carolina | South Dakota | Tennessee | Texas | Utah | Vermont | Virginia | Virgin Islands | Washington | West Virginia | Wisconsin | Wyoming

Date last reviewed: 4/5/2006
Content source: Division of Reproductive Health,
National Center for Chronic Disease Prevention and Health Promotion

**Assisted Repr
Technology (A**

**2003 Clinics by**

‣ Home
› Download Rep
› Acknowledgen
› Preface
› Commonly Ask
  Questions
› Introduction to
  National Repo
› Section 1
› Section 2
› Section 3
› Section 4
› Section 5
› Introduction to
  Clinic Tables
› Sample Repor
› How to Read a
  Clinic Report
› 2003 National
  Report
› Appendix A
› Appendix B
› Appendix C
› Appendix C No
  Reporting Clini
› Appendix D
› Slide Show

**Contact Info**
CDC/DRH
4770 Buford Hwy.
MS K-20
Atlanta, GA 3034

Phone number
770-488-5200

› Send us an email

*Exhibit D*



**Search for a clinic by zip code:**

Starting Zip: [                    ]     Maximum Distance (in Miles): [50      ]     [ Search ]

**Or, search by State:**



Copyright 2005 - Society for Assisted Reproductive Technology

Exhibit E

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GENX INTERNATIONAL, INC. and IVFONLINE.COM, LLC | ) ) ) | CIVIL ACTION NO. 05-CV-10419(DPW) |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| JEREMY JOHNSON and REPROMEDIX CORP., | ) ) ) | |
| Defendants. | ) ) | |

## REPROMEDIX CORP.'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Defendant Repromedix Corp. ("Repromedix"), by its attorneys, hereby responds as follows to Plaintiffs'[1] First Set of Interrogatories and Requests for Production to Defendant Repromedix Corp. (the "Interrogatories and Requests for Production").

## INTERROGATORY NO. 1

Identify all customers, potential customers and/or clients with whom Jeremy Johnson has had any contact on behalf of Repromedix Corp. since he commenced employment, and identify each document upon which you relied in answering or which in any way concerns the information requested in this interrogatory.

## RESPONSE:

Repromedix objects to this Interrogatory on the grounds that it is overly broad and vague, including, without limitation, with respect to the use of the phrases, "any contact" and "potential customers." Repromedix further objects to this Interrogatory on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably

---

[1] GenX International, Inc. and IVFonline.com, LLC mistakenly refer to themselves as "Defendants" in the heading of their First Set of Interrogatories and Requests for Production to Defendant Repromedix.

calculated to lead to the discovery of admissible evidence. Repromedix further objects to this

Interrogatory on the grounds that it seeks Repromedix's confidential, proprietary business

information. Subject to and without waiving these objections, Repromedix states:

Repromedix concedes that since Jeremy Johnson ("Johnson") joined Repromedix, and on

its behalf, he has called upon and/or provided services to individuals and entities that were

customers or clients of IVFonline while he was employed there.

## INTERROGATORY NO. 2

Identify all customers and/or clients whom Repromedix Corp. has serviced since
September 1, 2004 and identify each document upon which you relied in answering or which in
any way concerns the information requested in this interrogatory.

## RESPONSE:

Repromedix objects to this Interrogatory on the grounds that it is unduly burdensome,

overly broad and vague, including, without limitation, with respect to the use of the term

"serviced." Repromedix further objects to this Interrogatory on the grounds that it seeks

information which is neither relevant to the claims or defenses of any party, nor reasonably

calculated to lead to the discovery of admissible evidence. Repromedix further objects to this

Interrogatory on the grounds that it seeks Repromedix's confidential, proprietary business

information.

## INTERROGATORY NO. 3

State whether Jeremy Johnson has managed or participated in the operation of the same
or similar line of business as that carried on by genX since the termination of his employment
with genX and identify and describe his conduct concerning his employment with Repromedix
Corp. with particularity.

## RESPONSE:

Repromedix objects to this Interrogatory on the grounds that it is overly broad and vague,

including, without limitation, with respect to the use of the phrases, "line of business as that

carried on by genX" and "conduct concerning his employment." Subject to and without waiving

these objections, Repromedix states:

Repromedix does not compete with genX International, Inc. ("genX") or IVFonline.com,

LLC ("IVFOnline"). Repromedix is a national reference laboratory for infertility testing.

Repromedix offers comprehensive diagnostic testing to clinicians around the country. By

contrast, genX, according to its website, "is a leader in developing new and advanced laboratory

technologies and products for infertility, Assisted Reproduction, Cell Biology and another

medical application." In other words, genX provides products to clinicians for use in the

treatment of infertility. Similarly, IVFonline supplies lab equipment and products to invitro

fertilization clinics. According to its website, IVFonline provides "the fertility industry with the

most advanced and breakthrough technologies, products, and services that will make a difference

in the life of patients and in IVF practices of doctors and embryologists worldwide." Thus,

neither genX nor IVFonline conducts laboratory diagnostic testing, which is the focus of

Repromedix's business; and Repromedix does not develop or supply laboratory products, which

is the focus of genX/IVFonline's business. In other words, Repromedix offers services to its

clients, while genX/IVFonline sells products, offering a minimum or no services to its clients.

**INTERROGATORY NO. 4**

Identify all customers and/or clients with whom Repromedix Corp. has entered into a
contract since September 1, 2004 and include the address and telephone number for each
customer and/or client.

**RESPONSE:**

Repromedix objects to this Interrogatory on the grounds that it is duplicative of

Interrogatory No. 2. Repromedix hereby incorporates by reference its Response to Interrogatory

No. 2.

## INTERROGATORY NO. 5

Since September 1, 2004, identify and describe all genX company files, websites and/or servers accessed by you or accessed by Jeremy Johnson and shared with any Repromedix Corp. officer and/or employee.

## RESPONSE

Repromedix objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome.  Subject to and without waiving these objections, Repromedix states:

Repromedix has not accessed any genX company files, websites and/or servers.

## INTERROGATORY NO.  6

Identify each telephone number used by Jeremy Johnson to engage in business on Repromedix Corp.'s behalf, including but not limited to office, home and cellular telephones and pagers.

## RESPONSE:

Repromedix objects to this Interrogatory on the grounds that it is vague and overly broad, including, without limitation, with respect to the use of the phrase "engage in business."   Subject to and without waiving these objections, Repromedix states:

Johnson uses the following telephone numbers to engage in business on Repromedix's behalf: (415) 314-1970 and (800) 667-8893.

## INTERROGATORY NO. 7

State whether Repromedix Corp. has destroyed, deleted or otherwise cannot locate any document, whether maintained in hard copy, computer and/or other format, pertaining to Jeremy Johnson's employment for genX and/or Repromedix Corp. and, if so, identify and describe each such document.

**RESPONSE:**

Repromedix objects to this Interrogatory on the grounds that it is overly broad and vague, including without limitation, with respect to the use of the phrase, "pertaining to Jeremy Johnson's employment." Subject to and without waiving these objections, Repromedix states:

Bob Giguere and Doug Cunningham, with whom Johnson exchanged e-mails concerning his application to and hiring by Repromedix, are no longer employed by Repromedix. Repromedix no longer has access to those e-mails. Repromedix has not otherwise destroyed or deleted documents concerning Johnson's employment.

**INTERROGATORY NO. 8**

State whether you have in your possession, custody or control any document, whether maintained in hard copy, computer and/or other format concerning the allegations in the complaint which you contend is privileged and, for each document in your possession, custody or control which you maintain is privileged, identify the location, author and subject of the document, the basis for your claim of privilege and the name of each person to whom said document has been supplied and the reason for that person's receipt of said document.

**RESPONSE:**

Repromedix objects to this Interrogatory on the grounds that it is premature.

Repromedix states that it shall comply with its obligations under Fed.R.Civ.P. 26(b)(5).

**INTERROGATORY NO. 9**

Identify each written or oral agreement under which Repromedix Corp., or any other third person has agreed to pay for Jeremy Johnson's defense of this or any other action, or has otherwise agreed to indemnify Repromedix Corp. for any liability incurred as a result of this or any other action. For each such agreement, state the date of the agreement, whether the agreement is written or oral, the terms and conditions of any such agreement, and identify each document upon which you relied in answering or which in any way concerns the information requested in this interrogatory.

**RESPONSE:**

Repromedix objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and vague, including, without limitation with respect to the use of the phrase, "this or any other action." Repromedix further objects to this Interrogatory on the grounds that it requests information subject to the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving these objections, Repromedix states:

In the March 22, 2005 offer letter, Johnson and Repromedix agreed that Johnson will be responsible for one-third (1/3) of the costs to defend him and Repromedix in this action. Per the terms of the offer letter, this amount will be forgiven on a monthly basis over the twenty-four (24) months following the settlement of this suit. Johnson and Repromedix further agreed that if Johnson leaves the employ of Repromedix at any time prior to the end of the 24 month period, he will reimburse Repromedix for the unforgiven portion of his one-third of litigation costs.

**INTERROGATORY NO. 10**

Since July 1, 2004, identify the names and addresses of each business with whom Jeremy Johnson has had communications for the purpose of obtaining, encouraging or maintaining business with or through Repromedix Corp. and for each such business state whether the Jeremy Johnson had prior business dealings with that business when he was employed by genX or whether Repromedix Corp. knew of that business having business dealings with genX.

**RESPONSE:**

Repromedix objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the use of the phrase, "communications for the purpose of obtaining, encouraging, or maintaining business." Repromedix further objects to this Interrogatory to the extent that it is duplicative of Interrogatory No. 1. Repromedix hereby incorporates by reference its Response to Interrogatory No. 1.

## INTERROGATORY NO. 11

Since January 1, 2005, identify the names and addresses of each business with whom Repromedix Corp. has had communications for the purpose of obtaining, encouraging or maintaining business.

## RESPONSE:

Repromedix objects to this Interrogatory on the grounds that it is overly broad, unduly

burdensome, and vague, including, without limitation, with respect to the use of the phrase,

"communications for the purpose of obtaining, encouraging, or maintaining business."

Repromedix further objects to this Interrogatory to the extent that it is duplicative of

Interrogatory Nos. 2 and 4. Repromedix hereby incorporates by reference its Responses to

Interrogatory Nos. 2 and 4.

## INTERROGATORY NO. 12

Identify all customers and/or clients whom Jeremy Johnson has serviced since he commenced employment with Repromedix Corp. and identify each document upon which you relied in answering or which in any way concerns the information requested in this interrogatory.

## RESPONSE:

Repromedix objects to this Interrogatory on the grounds that it is overly broad, unduly

burdensome, and vague, including, without limitation, with respect to the use of the phrase,

"serviced." Repromedix further objects to this Interrogatory to the extent that it is duplicative of

Interrogatory Nos. 1 and 10. Repromedix hereby incorporates by reference its Responses to

Interrogatory Nos. 1 and 10.

## REQUESTS FOR PRODUCTION

## REQUEST NO. 1

Any and all compilations of information containing customer and/or client information created or maintained by Repromedix Corp. since September 1, 2004.

**RESPONSE:**

Repromedix objects to this Request on the grounds that it requests documents that are

neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the

discovery of admissible evidence. Repromedix further objects to this Request on the grounds

that it is overly broad and vague, including, without limitation, with respect to the use of the

phrase, "compilations of information." Repromedix further objects to this Request on the

grounds that it seeks the production of documents containing confidential and proprietary

business information belonging to Repromedix and its customers.

**REQUEST NO. 2**

Any and all mailing lists Repromedix Corp. has maintained since September 1, 2004,
including but not limited to those contained on Repromedix Corp.'s computer system(s) or
Rolodex(s).

**RESPONSE:**

Repromedix objects to this Request on the grounds that it is overly broad, and to the

extent it is duplicative of Request No. 1. Repromedix hereby incorporates by reference its

Response to Request No. 1.

**REQUEST NO. 3**

Any and all documents distributed by Repromedix Corp. to customers serviced and/or
managed by Repromedix Corp. since September 1, 2004, including but not limited to
announcements relating to Jeremy Johnson's employment and promotional documents.

**RESPONSE:**

Repromedix objects to this Request on the grounds that it is duplicative of Request No. 1.

Repromedix hereby incorporates by reference its response to Request No. 1, except that

Repromedix states that it did not issue any announcements relating to Jeremy Johnson's

employment with Repromedix.

## REQUEST NO. 4

Any and all documents, with drafts thereof, which were at any time signed, or intended to be signed, by Repromedix Corp. and Jeremy Johnson, including but not limited to any employment contracts.

## RESPONSE:

Repromedix objects to this Request on the grounds that it is overly broad, unduly

burdensome, and vague, including, without limitation, with respect to the use of the phrase,

"intended to be signed." Subject to and without waiving this objection, Repromedix will

produce non-privileged documents responsive to this Request that are in its possession, custody,

or control.

## REQUEST NO. 5

Any and all documents concerning the territories, zones or districts to which Jeremy Johnson has been assigned during his employment with Repromedix Corp.

## RESPONSE:

Repromedix objects to this Request on the grounds that it is overly broad. Subject to and

without waiving this objection, Repromedix will produce non-privileged documents responsive

to this Request that are in its possession, custody, or control.

## REQUEST NO. 6

Any and all documents that were prepared by genX, produced by genX's computers, or which concern genX's business.

## RESPONSE:

Repromedix objects to this Request on the grounds that it requests documents that are

neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the

discovery of admissible evidence. Repromedix further objects to this Request on the grounds

that it is overly broad and vague, including, without limitation, with respect to the phrases

"produced by genX's computers," and "which concern genX's business." Repromedix further

objects to this Request on the grounds that it seeks documents already in the possession, custody,

or control of genX and/or IVFonline. Subject to and without waiving these objections,

Repromedix will produce non-privileged documents responsive to this Request that are in its

possession, custody, or control.

## REQUEST NO. 7

Any and all documents concerning Jeremy Johnson's employment with genX, including but not limited to, documents concerning his securing employment with genX, to the terms and conditions of employment, to job duties and responsibilities, and to the compensation and fringe benefits received.

## RESPONSE:

Repromedix objects to this Request on the grounds that it requests documents that are

neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the

discovery of admissible evidence. Repromedix further objects to this Request on the grounds

that it is overly broad and unduly burdensome. Repromedix further objects to this Request on

the grounds that it seeks the production of documents already in the possession, custody, or

control of genX and/or IV Fonline. Subject to and without waiving these objections,

Repromedix will produce non-privileged documents responsive to this Request that are in its

possession, custody, or control.

## REQUEST NO. 8

Any and all documents concerning Jeremy Johnson's employment with Repromedix Corp., including but not limited to, documents concerning his securing employment Repromedix Corp., to the terms and conditions of employment, to job duties and responsibilities, and to the compensation and fringe benefits received.

**RESPONSE:**

Repromedix objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Request on the grounds that it is overly broad and unduly burdensome. Repromedix further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information. Subject to and without waiving these objections, Repromedix will produce non-privileged documents responsive to this Request that are in its possession, custody, or control.

**REQUEST NO. 9**

Any and all documents created by any individual(s) employed by genX at the time of the document's creation that Repromedix Corp. has in its possession, custody or control.

**RESPONSE:**

Repromedix objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Request on the grounds that it is vague and on the grounds that Repromedix lacks knowledge as to whether documents in its possession, custody, or control were created by an individual employed by genX at the time of the document's creation. Repromedix further objects to this Request on the grounds that it is duplicative of Request No. 6. Repromedix hereby incorporates by reference its response to Request No. 6. Subject to and without waiving these objections, Repromedix will produce non-privileged documents responsive to this Request that are in its possession, custody, or control.

11

**REQUEST NO. 10**

Any and all documents concerning any communications Repromedix Corp. had with Jeremy Johnson prior to his acceptance of employment with Repromedix Corp.

**RESPONSE:**

Repromedix objects to this Request on the grounds that it is overly broad. Subject to and without waiving these objections, Repromedix will produce non-privileged documents responsive to this Request that are in Repromedix's possession, custody, or control.

**REQUEST NO. 11**

Any and all documents constituting communications between Repromedix Corp. and Jeremy Johnson prior to Jeremy Johnson's acceptance of employment with Repromedix Corp, including but not limited to faxes.

**RESPONSE:**

Repromedix objects to this Request on the grounds that it is overly broad and duplicative of Request No. 10. Repromedix hereby incorporates by reference its Response to Request No. 10.

**REQUEST NO. 12**

Any and all documents concerning any communications between Repromedix Corp. and Jeremy Johnson regarding an employment contract, non-competition and/or a confidentiality agreement with genX.

**RESPONSE:**

Repromedix objects to this Request on the grounds that it seeks the production of documents subject to the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving this objection, Repromedix will produce non-privileged documents responsive to this Request that are in its possession, custody, or control.

## REQUEST NO. 13

Any and all documents concerning any contacts or communications Jeremy Johnson had concerning the possibility of employment, job opportunities, or job openings with Repromedix.

## RESPONSE:

Repromedix objects to this Request on grounds that it is duplicative of Request Nos. 10

and 11. Repromedix hereby incorporates by reference its Responses to Request Nos. 10 and 11.

## REQUEST NO. 14

Any and all documents that contain a description of any and all work or services performed or to be performed by Jeremy Johnson on Repromedix Corp.'s behalf, such as a job description, list of customers, or a map of any territories or regions to which the Jeremy Johnson has been assigned.

## RESPONSE:

Repromedix objects to this Request on the grounds that it is overly broad. Repromedix

further objects to this Request on the grounds that it seeks the production of documents

containing Repromedix's confidential and proprietary business information. Subject to and

without waiving these objections, Repromedix will produce non-privileged documents

responsive to this Request that are in its possession, custody, or control.

## REQUEST NO. 15

Any and all documents concerning any accounts or potential accounts to which Jeremy Johnson has been assigned or which Jeremy Johnson serviced since his hiring by Repromedix Corp.

## RESPONSE:

Repromedix objects to this Request on the grounds that it is overly broad. Repromedix

further objects to this Request on the grounds that it seeks the production of documents

containing Repromedix's confidential and proprietary business information.

## REQUEST NO. 16

Any and all documents concerning each communication with customers or potential customers for Repromedix Corp. by Jeremy Johnson, including originals and/or copies of any telephone message slips, sales materials, descriptive brochures used to solicit customers and/or requests for reimbursement of expenses.

## RESPONSE:

Repromedix objects to this Request on the grounds that it is duplicative of Request No.

15. Repromedix hereby incorporates by reference its Response to Request No. 15.

## REQUEST NO. 17

Any and all documents concerning any bids for accounts which Jeremy Johnson directly or indirectly assisted Repromedix Corp. in preparing.

## RESPONSE:

Repromedix objects to this Request on the grounds that it is overly broad and vague,

including without limitation with respect to the phrases "bids for accounts," and "indirectly

assisted." Repromedix further objects to this Request on the grounds that it seeks the production

of documents containing Repromedix's confidential and proprietary business information, as

well as the confidential and proprietary business information of third parties.

## REQUEST NO. 18

Any and all documents concerning the wages, commissions, bonuses, or other remuneration received or earned or to be received or earned by Jeremy Johnson during the course of his employment with Repromedix Corp.

## RESPONSE:

Repromedix objects to this Request on the grounds that it is overly broad. Repromedix

further objects to this Request on the grounds that it seeks the production of documents

containing Repromedix's confidential and proprietary business information. Repromedix further

objects to this Request on the grounds that it requests documents that are neither relevant to the

claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible

evidence.

**REQUEST NO. 19**

Any and all documents which Repromedix Corp. intends to introduce as an exhibit or part of an exhibit at the trial of this matter.

**RESPONSE:**

Repromedix objects to this Request on the grounds that it is premature. Repromedix

states that it shall comply with its obligation under Fed.R.Civ.P. 26(a)(3).

**REQUEST NO. 20**

Any and all documents and reports rendered by expert(s) retained by Repromedix Corp. for the purposes of this litigation.

**RESPONSE:**

Repromedix objects to this Request on the grounds that it is premature and vague,

including, without limitation, the use of the term "rendered." Repromedix states that it shall

comply with its obligations under Fed.R.Civ.P. 26(a)(2). Repromedix further objects to this

Request on the grounds that it requests documents immune from discovery under Fed.R.Civ.P.

26(b)(4)(B).

**REQUEST NO. 21**

Any and all documents concerning or which identify any contacts between Repromedix Corp. and Jeremy Johnson while Jeremy Johnson was employed by genX, including but not limited to, faxes, diaries, calendars, electronic mail messages, telephone logs, expense reports, telephone/address books, Rolodex cards, notes and correspondence files.

**RESPONSE:**

Repromedix objects to this Request on the grounds that it is duplicative of Request Nos.

10, 11, and 13. Repromedix hereby incorporates by reference its Responses to Request Nos. 10,

11, and 13. Subject to and without waiving these objections, Repromedix will produce non-

privileged documents responsive to this Request that are in its possession, custody, or control.

## REQUEST NO. 22

Any and all documents obtained by Jeremy Johnson during his employment with genX
and provided to Repromedix Corp.

## RESPONSE:

Repromedix objects to this Request on the grounds that it is overly broad. Repromedix

further objects to this Request on the grounds that it lacks knowledge of when Johnson obtained

documents that he provided to Repromedix. Subject to and without waiving this objection,

Repromedix will produce non-privileged documents responsive to this Request that are in its

possession, custody, or control.

## REQUEST NO. 23

Any and all documents concerning customers or former customers of genX, including
without limitation, Rolodexes (whether maintained on paper or electronically), customer order
forms, contracts or agreements, and bids.

## RESPONSE:

Repromedix objects to this Request on the grounds that it is overly broad, unduly

burdensome, and vague, including, without limitation, with respect to the term "indirectly."

Repromedix further objects to this Request on the grounds that it requests documents that are

neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the

discovery of admissible evidence. Repromedix further objects to this Request on the grounds

that it lacks knowledge of genX's customers or former customers. Repromedix further objects to

this Request on the grounds that it seeks the production of documents containing Repromedix's

confidential and proprietary business information, as well as the confidential and proprietary

business information of third parties.

16

**REQUEST NO. 24**

A complete copy of Jeremy Johnson's personnel file

**RESPONSE:**

Repromedix objects to this Request on the grounds that it is overly broad.  Repromedix

further objects to this Request on the grounds that it requests documents that are neither relevant

to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of

admissible evidence.  Repromedix further objects to this Request on the grounds that it seeks the

production of documents containing Repromedix's confidential and proprietary business

information.  Subject to and without waiving these objections, Repromedix will produce non-

privileged documents responsive to this Request that are in its possession, custody, or control.

**REQUEST NO. 25**

Any and all documents from which an accounting may be made from the date Jeremy
Johnson terminated his employment with genX to the present, as to all contacts Jeremy Johnson
has had, directly or indirectly, with businesses and/or persons who have been customers of genX.

**RESPONSE:**

Repromedix objects to this Request on the grounds that it is overly broad and unduly

burdensome.  Repromedix further objects to this Request on the grounds that it lacks knowledge

of genX's former or existing customers.  Repromedix further objects to this Request on the

grounds that it seeks the production of documents containing Repromedix's confidential and

proprietary business information.

**REQUEST NO. 26**

Any and all documents from which an accounting may be made from the date Jeremy
Johnson terminated his employment with genX to the present, as to all contacts Jeremy Johnson
has had, directly or indirectly, with businesses and/or persons who have been customers of genX.

**RESPONSE:**

Repromedix objects to this Request on the grounds that it is duplicative of Request No.

25. Repromedix hereby incorporates by reference its Response to Request No. 25.

**REQUEST NO. 27**

Any and all documents concerning Jeremy Johnson's business related expenses since he commenced employment with Repromedix Corp., including, but not limited to expense reports, receipts, and requests for reimbursement.

**RESPONSE:**

Repromedix objects to this Request on the grounds that it requests documents that are

neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the

discovery of admissible evidence. Repromedix further objects to this Request on the grounds

that it seeks the production of documents containing Repromedix's confidential and proprietary

business information.

**REQUEST NO. 28**

Complaints, pleadings and other documents concerning litigation to which Repromedix Corp. has been a party since January 1, 2004 including but not limited to deposition transcripts, affidavits, statements and pleadings.

**RESPONSE:**

Repromedix objects to this Request on the grounds that it is overly broad and unduly

burdensome. Repromedix further objects to this Request on the grounds that it requests

documents that are neither relevant to the claims or defenses of any party, nor reasonably

calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 29**

Any documents and/or records concerning each telephone number used by Jeremy Johnson to engage in business on Repromedix Corp.'s behalf including but not limited to office, home and cellular telephones, pagers, and fax machines.

**RESPONSE:**

Repromedix objects to this Request on the grounds that it is overly broad and unduly burdensome. Repromedix further objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information

**REQUEST NO. 30**

Any calendars, day timers or like instruments, whether in written or electronic form, used by any Repromedix employee since September 1, 2004.

**RESPONSE:**

Repromedix objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Request on the grounds that it is overly broad and unduly burdensome. Repromedix further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

**REQUEST NO. 31**

Any documents identifying and describing the business engaged in by Repromedix Corp., including but not limited to, marketing strategies, business proposals, and/or shareholder reports, since January 1, 2004.

**RESPONSE:**

Repromedix objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Request on the grounds

that it is overly broad and unduly burdensome. Repromedix further objects to this Request on

the grounds that it seeks the production of documents containing Repromedix's confidential and

proprietary business information. Subject to and without waiving these objections, Repromedix

will produce non-privileged documents responsive to this Request that are in its possession,

custody, or control.

## REQUEST NO. 32

Any documents identified in response to the foregoing interrogatories.

## RESPONSE:

Repromedix hereby incorporates by reference its responses to the foregoing

Interrogatories. Subject to and without waiving this objection, Repromedix will produce non-

privileged documents responsive to this Request that are in Repromedix's possession, custody, or

control.

## REQUEST NO. 33

Any documents concerning your interpretation of an employment contract between genX
and Jeremy Johnson.

## RESPONSE:

Repromedix objects to this Request on the grounds that it is vague, including, without

limitation, the use of the phrase, "your interpretation of any employment contract." Repromedix

further objects to this Request on the grounds that it requests documents subject to the attorney-

client privilege and/or the work-product doctrine.

## REQUEST NO. 34

Any data compilations concerning any business, including but not limited to data
compilations concerning any business' purchasing habits, customer base, and/or business market.

**RESPONSE:**

Repromedix objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Request on the grounds that it is overly broad, unduly burdensome, and vague. Repromedix further objects to this Request on the grounds that it seeks the production of documents that contain Repromedix's confidential and proprietary business information.

**REQUEST NO. 35**

Any documents prepared by or for Repromedix concerning the immigration status of Jeremy Johnson.

**RESPONSE:**

Repromedix objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 36**

All advertisements, fliers, or other communications used or relied upon by Repromedix Corp. and/or Jeremy Johnson to announce the commencement of the Jeremy Johnson's employment with and/or affiliation with Repromedix Corp.

**RESPONSE:**

Repromedix objects to this Request on the grounds that it is duplicative of Request No. 3. Repromedix hereby incorporates by reference its response to Request No. 3.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _____ DAY OF
NOVEMBER, 2005.

Craig Sockol, President,
Repromedix Corporation

As to the Objections:

**Repromedix Corporation**
By its attorneys,

_____
John R. Bauer, BBO # 640742
Melissa M. D'Alelio, Bar Admission Pending
**ROBINSON & COLE LLP**
One Boston Place
Boston, MA 02108-4404
(617) 557-5900

Dated: November 22, 2005

### CERTIFICATE OF SERVICE

I, Melissa M. D'Alelio, hereby certify that on November 22, 2005, I caused a copy of
the foregoing to be mailed by first class mail to Plaintiffs' counsel of record.

_____
Melissa M. D'Alelio

22

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _____ DAY OF NOVEMBER, 2005.

_____
Craig Sockol, President,
Repromedix Corporation

As to the Objections:

**Repromedix Corporation**
By its attorneys,

_____
John R. Bauer, BBO # 640742
Melissa M. D'Alelio, Bar Admission Pending
**ROBINSON & COLE LLP**
One Boston Place
Boston, MA  02108-4404
(617) 557-5900

Dated: November ___, 2005

## CERTIFICATE OF SERVICE

I, Melissa M. D'Alelio, hereby certify that on November ___, 2005, I caused a copy of the foregoing to be mailed by first class mail to Plaintiffs' counsel of record.

_____
Melissa M. D'Alelio

22

Exhibit F

LAW OFFICES

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

150 TRUMBULL STREET                    www.siegeloconnor.com                    (860) 727-8900
HARTFORD, CONNECTICUT 06103                                                      FAX (860) 527-5131

gduhl@siegeloconnor.com

December 8, 2005

**BY FAX: (617) 557-5999**
**ORIGINAL BY FIRST CLASS MAIL**

John R. Bauer, Esq.
Robinson & Cole LLP
One Boston Place
Boston, MA 02108

     *Re:*    *genX international, inc. and IVFonline.com, LLC*
              *v. Jeremy Johnson & Repromedix Corp.*
              *U.S.D.C. D. Mass. Case No. 05 CV 10419 DPW -*

Dear John:

       In accordance with Local Rule 37.1, which requires the parties to confer in good faith to narrow the areas of disagreement concerning discovery to the greatest extent possible, I address your objections to Plaintiffs' discovery requests to Defendant Repromedix Corp., dated November 22, 2005.

**INTERROGATORY NO. 1:** Identify all customers, potential customers and/or clients with whom Jeremy Johnson has had any contact on behalf of Repromedix Corp. since he commenced employment, and identify each document upon which you relied in answering or which in any way concerns the information requested in this interrogatory.

**OBJECTION:** Repromedix objects to this Interrogatory on the grounds that it is overly broad and vague, including, without limitation, with respect to the use of the phrases, "any contact" and "potential customers." Repromedix further objects to this Interrogatory on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Interrogatory on the grounds that it seeks Repromedix's confidential, proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection on grounds of vagueness is without merit, inasmuch as the foregoing interrogatory uses plain and unambiguous language. The phrases "any contact" and "potential customers" mean what they say. Further, this interrogatory is properly limited in temporal scope to the period of Defendant Johnson's employment with Defendant Repromedix Corp., a period relevant to this case. Therefore, any objection on grounds of over breadth is without merit.

The objection on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Defendant Repromedix Corp.'s benefit. As such, this interrogatory requests information that is inescapably

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 2

relevant to Plaintiffs' claims. *See Church of Scientology of Boston v. I.R.S.*, 138 F.R.D. 9, 10 (D. Mass. 1990)("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

Finally, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp. v. Electronic Technology Corp.*, 161 F.R.D. 228, 231 (D. Mass 1995)(citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

**INTERROGATORY NO. 2:** Identify all customers and/or clients whom Repromedix Corp. has serviced since September 1, 2004 and identify each document upon which you relied in answering or which in any way concerns the information requested in this interrogatory.

**OBJECTION:** Repromedix objects to this Interrogatory on the grounds that it is unduly burdensome, overly broad and vague, including, without limitation, with respect to the use of the term "serviced." Repromedix further objects to this Interrogatory on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Interrogatory on the grounds that it seeks Repromedix's confidential, proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection pertaining to undue burden lacks merit, inasmuch as this interrogatory is limited in temporal scope to the period post-dating September 1, 2004, a period relevant to this case, and to customers and/or clients serviced by Defendant Repromedix Corp. Moreover, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan v. Santaniello v. Duncan*, 1996 WL 121730, at *2 (D. Mass. March 8, 1996)(citations and internal quotation marks omitted).

The objection on grounds of vagueness is also without merit, inasmuch as this interrogatory uses plain and unambiguous language. The term "service" means what it says.

Additionally, the objection on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 3

and Repromedix Corp.'s benefit.    As such, this interrogatory requests information that is inescapably relevant to Plaintiffs' claims.  *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

Finally, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful.  *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted).    Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants.  *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted).  Accordingly, the objection on grounds of confidentiality lacks merit.

**INTERROGATORY NO. 3:** State whether Jeremy Johnson has managed or participated in the operation of the same or similar line of business as that carried on by genX since the termination of his employment with genX and identify and describe his conduct concerning his employment with Repromedix Corp. with particularity.

**OBJECTION:** Repromedix objects to this Interrogatory on the grounds that it is overly broad and vague, including, without limitation, with respect to the use of the phrases, "line of business as that carried on by genX" and "conduct concerning his employment."

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection on grounds of over breadth is without merit, inasmuch as this interrogatory is properly confined in temporal scope to the period post-dating Defendant Johnson's termination of employment with Plaintiffs, a period relevant to this case.    The objection on grounds of vagueness is equally without merit, because the foregoing interrogatory uses plain and unambiguous language.    The phrases "line of business as that carried on by genX" and "conduct concerning his employment" mean what they say.  Indeed, with respect to the phrase "conduct concerning his employment," the term "concerning" is defined by Local Rule, *see* L.R. 26.5(C)(7), and cannot be considered vague.

**INTERROGATORY NO. 4:** Identify all customers and/or clients with whom Repromedix Corp. has entered into a contract since September 1, 2004 and include the address and telephone number for each customer and/or client.

**OBJECTION:** Repromedix objects to this Interrogatory on the grounds that it is duplicative of Interrogatory No. 2.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 4

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection on grounds that this interrogatory is duplicative of Interrogatory No. 2 is without merit. Interrogatory No. 2 requests information concerning customers and/or clients serviced by Defendant Repromedix Corp. This interrogatory requests information pertaining to customers and/or clients with whom Defendant Repromedix Corp. has entered into a contract. It is possible that Defendant Repromedix Corp. did not enter into contractual relationships with the customers and/or clients it has serviced. Further, this interrogatory seeks the addresses and telephone numbers for each customer and/or client, whereas Interrogatory No. 2 does not.

To the extent Defendant Repromedix Corp. incorporates its objections to Interrogatory No. 2 by reference, Plaintiffs hereby incorporate their reasons why Defendant Repromedix Corp.'s objection to Interrogatory No. 2 should be withdrawn or overruled by reference.

**INTERROGATORY NO. 5:** Since September 1, 2004, identify and describe all genX company files, websites and/or servers accessed by you or accessed by Jeremy Johnson and shared with any Repromedix Corp. officer and/or employee.

**OBJECTION:** Repromedix objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This interrogatory is properly limited in temporal scope to the period post-dating September 1, 2004, a period relevant to this case. Similarly, the interrogatory is limited to Plaintiffs' company files, websites and/or servers. Therefore, the objection on grounds of over breadth is without merit.

The objection pertaining to undue burden similarly lacks merit, inasmuch as the interrogatory is sufficiently limited in temporal scope and to Plaintiffs' company files, websites and/or servers. In this regard, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

**INTERROGATORY NO. 6:** Identify each telephone number used by Jeremy Johnson to engage in business on Repromedix Corp.'s behalf, including but not limited to office, home and cellular telephones and pagers.

**OBJECTION:** Repromedix objects to this Interrogatory on the grounds that it is vague and overly broad, including, without limitation, with respect to the use of the phrase "engage in business."

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection on grounds of vagueness is without merit, inasmuch as the foregoing interrogatory uses plain and unambiguous language. The phrase "engage in business" means what it says.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 5

Further, this interrogatory is properly limited in scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case. As such, the objection on grounds of over breadth is also without merit.

**INTERROGATORY NO. 7:** State whether Repromedix Corp. has destroyed, deleted or otherwise cannot locate any document, whether maintained in hard copy, computer and/or other format, pertaining to Jeremy Johnson's employment for genX and/or Repromedix Corp. and, if so, identify and describe each such document.

**OBJECTION:** Repromedix objects to this Interrogatory on the grounds that it is overly broad and vague, including without limitation, with respect to the use of the phrase, "pertaining to Jeremy Johnson's employment."

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection on grounds of over breadth is without merit, inasmuch as this interrogatory is confined to documents pertaining to Defendant Johnson's employment with Defendant Repromedix Corp. or Plaintiffs. Similarly, the foregoing interrogatory uses plain and unambiguous language. The phrase "pertaining to Jeremy Johnson's employment" means what it says. Accordingly, the objection on grounds of vagueness also lacks merit.

**INTERROGATORY NO. 8:** State whether you have in your possession, custody or control any document, whether maintained in hard copy, computer and/or other format concerning the allegations in the complaint which you contend is privileged and, for each document in your possession, custody or control which you maintain is privileged, identify the location, author and subject of the document, the basis for your claim of privilege and the name of each person to whom said document has been supplied and the reason for that person's receipt of said document.

**OBJECTION:** Repromedix objects to this Interrogatory on the grounds that it is premature.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection on grounds that the foregoing interrogatory is premature is without merit, especially inasmuch as it relies on Fed. R. Civ. P. 26(b)(5). Rule 26(b)(5) says nothing regarding when a party may obtain information concerning documents another party claims are privileged. Plaintiffs request that Defendant Repromedix Corp. submit a privilege log forthwith.

**INTERROGATORY NO. 9:** Identify each written or oral agreement under which Repromedix Corp., or any other third person has agreed to pay for Jeremy Johnson's defense of this or any other action, or has otherwise agreed to indemnify Repromedix Corp. for any liability incurred as a result of this or any other action. For each such agreement, state the date of the agreement, whether the agreement is written or oral, the terms and conditions of any such agreement, and identify each document upon which you relied in answering or which in any way concerns the information requested in this interrogatory.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 6

**OBJECTION:** Repromedix objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and vague, including, without limitation with respect to the use of the phrase, "this or any other action." Repromedix further objects to this Interrogatory on the grounds that it requests information subject to the attorney-client privilege and/or the work-product doctrine.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objections to this interrogatory on grounds of over breadth and undue burden are without merit, inasmuch as this interrogatory is confined to agreements between Defendant Johnson and Defendant Repromedix Corp. Moreover, with respect to the claim of undue burden, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

Similarly, the foregoing interrogatory uses plain and unambiguous language. The phrase "this or any other action" means what it says. Accordingly, the objection on grounds of vagueness also lacks merit.

Moreover, with respect to the claims of privilege, "the party asserting an applicable privilege has the burden of establishing that it applies." *In re Grand Jury Subpoena*, 220 F.R.D. 130, 140 (D. Mass. 2004)(citations omitted). This burden applies to claims of work product protection as well. *See id.* (citations omitted). Additionally, Fed. R. Civ. P. 26(b)(5) mandates that a party asserting a privilege or work product protection "describe the nature of the documents, communications, or things not produced or disclosed in a manner that...will enable other parties to assess the applicability of the privilege or protection." Defendant Repromedix Corp. has not complied with Rule 26(b)(5). Plaintiffs request that Defendant Repromedix Corp. submit a privilege log forthwith.

**INTERROGATORY NO. 10:** Since July 1, 2004, identify the names and addresses of each business with whom Jeremy Johnson has had communications for the purpose of obtaining, encouraging or maintaining business with or through Repromedix Corp. and for each such business state whether the Jeremy Johnson had prior business dealings with that business when he was employed by genX or whether Repromedix Corp. knew of that business having business dealings with genX.

**OBJECTION:** Repromedix objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the use of the phrase, "communications for the purpose of obtaining, encouraging, or maintaining business." Repromedix further objects to this Interrogatory to the extent that it is duplicative of Interrogatory No. 1.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This interrogatory is properly limited in temporal scope to the period post-dating July 1, 2004, a period relevant to this case. Therefore, the objection on grounds of over breadth is without merit. In a similar vein, the objection on grounds of undue burden lacks merit, as the

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 7

interrogatory is limited to businesses with which Defendant Johnson has had communications for the purpose of obtaining, encouraging or maintaining business with or through Defendant Repromedix Corp. In this regard, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

Further, the foregoing interrogatory uses plain and unambiguous language. The phrase "communications for the purpose of obtaining, encouraging or maintaining business" means what it says. Accordingly, the objection on grounds of vagueness also lacks merit.

Finally, the objection on grounds that this interrogatory is duplicative of Interrogatory No. 1 is without merit, as this interrogatory requests addresses, whereas Interrogatory No. 1 does not. To the extent Defendant Repromedix Corp. incorporates its objections to Interrogatory No. 1 by reference, Plaintiffs hereby incorporate their reasons why Defendant Repromedix Corp.'s objection to Interrogatory No. 1 should be withdrawn or overruled by reference.

**INTERROGATORY NO. 11:** Since January 1, 2005, identify the names and addresses of each business with whom Repromedix Corp. has had communications for the purpose of obtaining, encouraging or maintaining business.

**OBJECTION:** Repromedix objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the use of the phrase, "communications for the purpose of obtaining, encouraging, or maintaining business." Repromedix further objects to this Interrogatory to the extent that it is duplicative of Interrogatory Nos. 2 and 4.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This interrogatory is properly limited in temporal scope to the period post-dating January 1, 2005, a period relevant to this case. Therefore, the objection on grounds of over breadth lacks merit. In a similar vein, the objection on grounds of undue burden is without merit, as the interrogatory is limited to businesses with which Defendant Repromedix Corp. has had communications for the purpose of obtaining, encouraging or maintaining business. In this regard, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

Further, the foregoing interrogatory uses plain and unambiguous language. The phrase "communications for the purpose of obtaining, encouraging or maintaining business" means what it says. Accordingly, the objection on grounds of vagueness also lacks merit.

Finally, the objection on grounds that this interrogatory is duplicative of Interrogatory Nos. 2 and 4 is without merit, as this interrogatory requests addresses, whereas Interrogatory Nos. 2 and 4 do not. Additionally, this interrogatory requests information concerning a different time period than Interrogatory Nos. 2 and 4. To the extent Defendant Repromedix Corp. incorporates its objections to Interrogatory Nos. 2 and 4 by reference, Plaintiffs hereby incorporate their reasons

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 8

why Defendant Repromedix Corp.'s objection to Interrogatory Nos. 2 and 4 should be withdrawn or overruled by reference.

**INTERROGATORY NO. 12:** Identify all customers and/or clients whom Jeremy Johnson has serviced since he commenced employment with Repromedix Corp. and identify each document upon which you relied in answering or which in any way concerns the information requested in this interrogatory.

**OBJECTION:** Repromedix objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the use of the phrase, "serviced/* Repromedix further objects to this Interrogatory to the extent that it is duplicative of Interrogatory Nos. 1 and 10.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This interrogatory is properly limited in temporal scope to the period post-dating Defendant Johnson's commencement of employment with Defendant Repromedix Corp, a period relevant to this case. Therefore, any objection on grounds of over breadth is without merit. Moreover, as concerns the claim of undue burden, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

Further, the foregoing interrogatory uses plain and unambiguous language. The term "serviced" means what it says. Accordingly, the objection on grounds of vagueness lacks merit.

Finally, the objection on grounds that this interrogatory is duplicative of Interrogatory Nos. 1 and 10 is without merit, as this interrogatory requests information concerning customers and/or clients Defendant Johnson has serviced rather than customers and/or clients with whom Defendant Johnson has had contact or with whom Defendant Johnson has communicated. To the extent Defendant Repromedix Corp. incorporates its objections to Interrogatory Nos. 1 and 10 by reference, Plaintiffs hereby incorporate their reasons why Defendant Repromedix Corp.'s objections to Interrogatory Nos. 1 and 10 should be withdrawn or overruled by reference.

**REQUEST FOR PRODUCTION NO. 1:** Any and all compilations of information containing customer and/or client information created or maintained by Repromedix Corp. since September 1, 2004.

**OBJECTION:** Repromedix objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Request on the grounds that it is overly broad and vague, including, without limitation, with respect to the use of the phrase, "compilations of information." Repromedix further objects to this Request on the grounds that it seeks the production of documents containing confidential and proprietary business information belonging to Repromedix and its customers.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 9

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

Additionally, this request for production is properly limited in temporal scope to the period post-dating September 1, 2004, a period relevant to this case. Therefore, any objection on grounds of over breadth is also without merit. Similarly, the foregoing request for production uses plain and unambiguous language. The term "compilation" means what it says. Accordingly, the objection on grounds of vagueness also lacks merit.

Finally, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

**REQUEST FOR PRODUCTION NO. 2:** Any and all mailing lists Repromedix Corp. has maintained since September 1, 2004, including but not limited to those contained on Repromedix Corp.'s computer system(s) or Rolodex(s).

**OBJECTION:** Repromedix objects to this Request on the grounds that it is overly broad, and to the extent it is duplicative of Request No. 1.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is properly limited in temporal scope to the period post-dating September 1, 2004, a period relevant to this case. Therefore, any objection on grounds of over breadth is without merit.

Further, this request for production is not duplicative of Request No.1, inasmuch as entities on Defendant Repromedix Corp.'s mailing lists may not be Repromedix Corp.'s customers and/or clients. To the extent Defendant Repromedix Corp. incorporates its objections to Request No. 1

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 10

by reference, Plaintiffs hereby incorporate their reasons why Defendant Repromedix Corp.'s objection to Request No. 1 should be withdrawn or overruled by reference.

**REQUEST FOR PRODUCTION NO. 3:** Any and all documents distributed by Repromedix Corp. to customers serviced and/or managed by Repromedix Corp. since September 1, 2004, including but not limited to announcements relating to Jeremy Johnson's employment and promotional documents.

**OBJECTION:** Repromedix objects to this Request on the grounds that it is duplicative of Request No. 1.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is not duplicative of Request No.1, inasmuch as it seeks documents distributed to customers serviced and/or managed by Defendant Repromedix Corp., whereas Request No. 1 seeks compilations of information containing customer and/or client information created or maintained by Defendant Repromedix Corp. To the extent Defendant Repromedix Corp. incorporates its objections to Request No. 1 by reference, Plaintiffs hereby incorporate their reasons why Defendant Repromedix Corp.'s objection to Request No. 1 should be withdrawn or overruled by reference.

**REQUEST FOR PRODUCTION NO. 4:** Any and all documents, with drafts thereof, which were at any time signed, or intended to be signed, by Repromedix Corp. and Jeremy Johnson, including but not limited to any employment contracts

**OBJECTION:** Repromedix objects to this Request on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the use of the phrase, "intended to be signed."

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is properly limited in scope to documents signed or intended to be signed by the defendants in this case. The request for production is necessarily confined in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case. Further, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted). As such, any objection on grounds of over breadth or undue burden is without merit.

Similarly, the foregoing request for production uses plain and unambiguous language. The phrase "intended to be signed" means what it says. Accordingly, the objection on grounds of vagueness also lacks merit.

Additionally, inasmuch as Defendant Repromedix Corp. states that it "will produce non-privileged documents responsive to this Request," Defendant Repromedix Corp. is reminded of its obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents,

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 11

communications, or things not produced or disclosed in a manner that…will enable other parties to assess the applicability of the privilege or protection." Plaintiffs request that Defendant Repromedix Corp. submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 5:** Any and all documents concerning the territories, zones or districts to which Jeremy Johnson has been assigned during his employment with Repromedix Corp.

**OBJECTION:** Repromedix objects to this Request on the grounds that it is overly broad.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is properly limited in temporal scope to the period post-dating Defendant Johnson's commencement of employment with Defendant Repromedix Corp., a period relevant to this case. Further, it is confined to territories, zones or districts to which Defendant Johnson has been assigned. Therefore, any objection on grounds of over breadth is without merit.

Further, inasmuch as Defendant Repromedix Corp. states that it "will produce non-privileged documents responsive to this Request," Defendant Repromedix Corp. is reminded of its obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that…will enable other parties to assess the applicability of the privilege or protection." Plaintiffs request that Defendant Repromedix Corp. submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 6:** Any and all documents that were prepared by genX, produced by genX's computers, or which concern genX's business.

**OBJECTION:** Repromedix objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Request on the grounds that it is overly broad and vague, including, without limitation, with respect to the phrases "produced by genX's computers," and "which concern genX's business." Repromedix further objects to this Request on the grounds that it seeks documents already in the possession, custody, or control of genX and/or IVFonline.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 12

10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

Further, this request for production is confined to documents that were prepared by Plaintiffs, produced by Plaintiffs' computers or which concern Plaintiffs' business.    Therefore, any objection on grounds of over breadth is without merit.

Similarly, the foregoing request for production uses plain and unambiguous language.    The phrases "produced by genX's computers" and "which concern genX's business" mean what they say.    Indeed, with respect to the phrase "which concern genX's business," the term "concern" is defined by Local Rule, *see* L.R. 26.5(C)(7), and cannot be considered vague.    Accordingly, the objection on grounds of vagueness lacks merit.

Finally, inasmuch as Defendant Repromedix Corp. states that it "will produce non-privileged documents responsive to this Request," Defendant Repromedix Corp. is reminded of its obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that…will enable other parties to assess the applicability of the privilege or protection."    Plaintiffs request that Defendant Repromedix Corp. submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 7:** Any and all documents concerning Jeremy Johnson's employment with genX, including but not limited to, documents concerning his securing employment with genX, to the terms and conditions of employment, to job duties and responsibilities, and to the compensation and fringe benefits received.

**OBJECTION:** Repromedix objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Request on the grounds that it is overly broad and unduly burdensome. Repromedix further objects to this Request on the grounds that it seeks the production of documents already in the possession, custody, or control of genX and/or IVFonline.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection to this request for production on grounds of relevance is totally devoid of merit.    This request for production properly seeks documents which, *inter alia*, would shed light on Defendant Repromedix Corp.'s knowledge of the obligations imposed on Defendant Johnson by virtue of his employment contract with Plaintiffs.    Further, Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp.    Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit.    As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 13

broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

Additionally, this request for production is properly limited in scope to documents concerning Defendant Johnson's employment with Plaintiffs. Further, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted). As such, any objection on grounds of over breadth or undue burden is without merit.

The objection pertaining to the requested documents already being in Plaintiffs' possession, custody or control is absurd. The important inquiry is whether either Defendant possesses Plaintiffs' confidential or trade secret information, not Plaintiffs.

Finally, inasmuch as Defendant Repromedix Corp. states that it "will produce non-privileged documents responsive to this Request," Defendant Repromedix Corp. is reminded of its obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that...will enable other parties to assess the applicability of the privilege or protection." Plaintiffs request that Defendant Repromedix Corp. submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 8:** Any and all documents concerning Jeremy Johnson's employment with Repromedix Corp., including but not limited to, documents concerning his securing employment Repromedix Corp., to the terms and conditions of employment, to job duties and responsibilities, and to the compensation and fringe benefits received.

**OBJECTION:** Repromedix objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Request on the grounds that it is overly broad and unduly burdensome. Repromedix further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection to this request for production on grounds of relevance is totally devoid of merit. This request for production properly seeks documents which, *inter alia*, will help prove that Defendant Johnson has breached of a valid and enforceable non-competition agreement. "Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action." *Church of Scientology of Boston*, 138 F.R.D. at 10 (citations and internal quotation marks omitted)(emphasis in the original). The requested documents are inescapably relevant to Plaintiffs' claims.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 14

This request for production is properly limited in scope to documents concerning Defendant Johnson's employment with Defendant Repromedix Corp. Moreover, the request for production is necessarily confined in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case. Further, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted). As such, any objection on grounds of over breadth or undue burden is without merit.

Additionally, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

Finally, inasmuch as Defendant Repromedix Corp. states that it "will produce non-privileged documents responsive to this Request," Defendant Repromedix Corp. is reminded of its obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that…will enable other parties to assess the applicability of the privilege or protection." Plaintiffs request that Defendant Repromedix Corp. submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 9:** Any and all documents created by any individual(s) employed by genX at the time of the document's creation that Repromedix Corp. has in its possession, custody or control.

**OBJECTION:** Repromedix objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Request on the grounds that it is vague and on the grounds that Repromedix lacks knowledge as to whether documents in its possession, custody, or control were created by an individual employed by genX at the time of the document's creation. Repromedix further objects to this Request on the grounds that it is duplicative of Request No. 6.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 15

10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

Similarly, the foregoing request for production uses plain and unambiguous language. Accordingly, the objection on grounds of vagueness lacks merit.

Additionally, the objection on the ground that this request for production is duplicative of Request No. 6 is without merit. This request for production seeks documents created by individuals employed by Plaintiffs, whereas Request No. 6 seeks documents which were produced by Plaintiffs. To the extent Defendant Repromedix Corp. incorporates its objections to Request No. 6 by reference, Plaintiffs hereby incorporate its reasons why Defendant Repromedix Corp.'s objection to Request No. 6 should be withdrawn or overruled by reference.

Finally, inasmuch as Defendant Repromedix Corp. states that it "will produce non-privileged documents responsive to this Request," Defendant Repromedix Corp. is reminded of its obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that…will enable other parties to assess the applicability of the privilege or protection." Plaintiffs request that Defendant Repromedix Corp. submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 10:** Any and all documents concerning any communications Repromedix Corp. had with Jeremy Johnson prior to his acceptance of employment with Repromedix Corp.

**OBJECTION:** Repromedix objects to this Request on the grounds that it is overly broad.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is properly limited in scope to documents concerning any communications between Defendant Repromedix Corp. and Defendant Johnson prior to Defendant Johnson's commencement of employment with Defendant Repromedix Corp. Further, the request for production is necessarily confined in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case. As such, any objection on grounds of over breadth is without merit.

Additionally, inasmuch as Defendant Repromedix Corp. states that it "will produce non-privileged documents responsive to this Request," Defendant is Repromedix Corp. reminded of its obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that…will enable other parties to assess the applicability of the privilege or protection." Plaintiffs request that Defendant Repromedix Corp. submit a privilege log forthwith.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 16

**REQUEST FOR PRODUCTION NO. 11:** Any and all documents constituting communications between Repromedix Corp. and Jeremy Johnson prior to Jeremy Johnson's acceptance of employment with Repromedix Corp, including but not limited to faxes.

**OBJECTION:** Repromedix objects to this Request on the grounds that it is overly broad and duplicative of Request No. 10.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is properly limited in scope to documents constituting any communications between Defendant Repromedix Corp. and Defendant Johnson prior to Defendant Johnson's commencement of employment with Defendant Repromedix Corp. Further, the request for production is necessarily confined in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case. As such, any objection on grounds of over breadth is without merit.

The objection on the ground that this request for production is duplicative of Request No. 10 is equally without merit. This request for production seeks documents *constituting* any communications between Defendant Repromedix Corp. and Defendant Johnson, whereas Request No. 10 seeks documents *concerning* any communications between Defendant Repromedix Corp. and Defendant Johnson. To the extent Defendant Repromedix Corp. incorporates its objections to Request No. 10 by reference, Plaintiffs hereby incorporate their reasons why Defendant Repromedix Corp.'s objection to Request No. 10 should be withdrawn or overruled by reference.

Finally, inasmuch as Defendant Repromedix Corp. states that it "will produce non-privileged documents responsive to this Request," Defendant Repromedix Corp. is reminded of its obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that...will enable other parties to assess the applicability of the privilege or protection." Plaintiffs request that Defendant Repromedix Corp. submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 12:** Any and all documents concerning any communications between Repromedix Corp. and Jeremy Johnson regarding an employment contract, non-competition and/or a confidentiality agreement with genX.

**OBJECTION:** Repromedix objects to this Request on the grounds that it seeks the production of documents subject to the attorney-client privilege and/or the work-product doctrine.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** It is well settled that "the party asserting an applicable privilege has the burden of establishing that it applies." *In re Grand Jury Subpoena*, 220 F.R.D. at 140 (citations omitted). This burden applies to claims of work product protection as well. *See id.* (citations omitted). Additionally, Fed. R. Civ. P. 26(b)(5) mandates that a party asserting a privilege or work product protection "describe the nature of the documents, communications, or things not produced or disclosed in

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 17

a manner that…will enable other parties to assess the applicability of the privilege or protection." Defendant Repromedix Corp. has not complied with Rule 26(b)(5). Plaintiffs request that Defendant Repromedix Corp. submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 13:** Any and all documents concerning any contacts or communications Jeremy Johnson had concerning the possibility of employment, job opportunities, or job openings with Repromedix.

**OBJECTION:** Repromedix objects to this Request on grounds that it is duplicative of Request Nos. 10 and 11.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection on the ground that this request for production is duplicative of Request Nos. 10 and 11 is without merit. This request for production seeks documents concerning any contact or communications Defendant Johnson had with Repromedix Corp. concerning the possibility of employment, job opportunities or job openings, documents on a more specific subject matter than those sought by Request Nos. 10 and 11. To the extent Defendant Repromedix Corp. incorporates its objections to Request Nos. 10 and 11 by reference, Plaintiffs hereby incorporate their reasons why Defendant Repromedix Corp.'s objection to Request Nos. 10 and 11 should be withdrawn or overruled by reference.

**REQUEST FOR PRODUCTION NO. 14:** Any and all documents that contain a description of any and all work or services performed or to be performed by Jeremy Johnson on Repromedix Corp.'s behalf, such as a job description, list of customers, or a map of any territories or regions to which the Jeremy Johnson has been assigned.

**OBJECTION:** Repromedix objects to this Request on the grounds that it is overly broad. Repromedix further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is properly limited in scope to documents that contain a description of any and all work or services performed or to be performed by Defendant Johnson on Defendant Repromedix Corp.'s behalf. Further, the request for production is necessarily confined in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case. As such, any objection on grounds of over breadth is without merit.

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 18

Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

Finally, inasmuch as Defendant Repromedix Corp. states that it "will produce non-privileged documents responsive to this Request," Defendant Repromedix Corp. is reminded of its obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that…will enable other parties to assess the applicability of the privilege or protection." Plaintiffs request that Defendant Repromedix Corp. submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 15:** Any and all documents concerning any accounts or potential accounts to which Jeremy Johnson has been assigned or which Jeremy Johnson serviced since his hiring by Repromedix Corp.

**OBJECTION:** Repromedix objects to this Request on the grounds that it is overly broad. Repromedix further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is properly limited in scope to documents concerning any accounts or potential accounts to which Defendant Johnson has been assigned or which Defendant Johnson has serviced. Further, the request for production is confined in temporal scope to the period post-dating the commencement of Defendant Johnson's employment by Defendant Repromedix Corp., a period relevant to this case. As such, any objection on grounds of over breadth is without merit.

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.,* 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo,* that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

**REQUEST FOR PRODUCTION NO. 16:** Any and all documents concerning each communication with customers or potential customers for Repromedix Corp. by Jeremy Johnson, including originals and/or copies of any telephone message slips, sales materials, descriptive brochures used to solicit customers and/or requests for reimbursement of expenses.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 19

**OBJECTION:** Repromedix objects to this Request on the grounds that it is duplicative of Request No. 15.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection on the ground that this request for production is duplicative of Request No. 15 is without merit.  This request for production seeks documents concerning each *communication* with customers or potential customers for Defendant Repromedix Corp. by Defendant Johnson, whereas Request No. 15 seeks documents concerning accounts or potential accounts to which Defendant Johnson has been assigned or which Defendant Johnson has serviced.  To the extent Defendant Repromedix Corp. incorporates its objections to Request No. 15 by reference, Plaintiffs hereby incorporate their reasons why Defendant Repromedix Corp.'s objection to Request No. 15 should be withdrawn or overruled by reference.

**REQUEST FOR PRODUCTION NO. 17:** Any and all documents concerning any bids for accounts which Jeremy Johnson directly or indirectly assisted Repromedix Corp. in preparing.

**OBJECTION:** Repromedix objects to this Request on the grounds that it is overly broad and vague, including without limitation with respect to the phrases "bids for accounts," and "indirectly assisted." Repromedix further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information, as well as the confidential and proprietary business information of third parties.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is necessarily confined in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case.  As such, any objection on grounds of over breadth is without merit.

Further, this request for production uses plain and unambiguous language.  The phrases "bids for accounts" and "indirectly assisted" mean what they say.  As such, any objection on grounds of vagueness also lacks merit.

Additionally, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful.  *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted).  Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants.  *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted).  Accordingly, the objection on grounds of confidentiality lacks merit.

**REQUEST FOR PRODUCTION NO. 18:** Any and all documents concerning the wages, commissions, bonuses, or other remuneration received or earned or to be received or earned by Jeremy Johnson during the course of his employment with Repromedix Corp.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 20

**OBJECTION:** Repromedix objects to this Request on the grounds that it is overly broad. Repromedix further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information. Repromedix further objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is properly limited in temporal scope to the period post-dating Defendant Johnson's commencement of employment with Defendant Repromedix Corp., a period relevant to this case. Further, it is confined to documents concerning the wages, commissions, bonuses, or other remuneration received or earned or to be received by Defendant Johnson. Therefore, any objection on grounds of over breadth is without merit.

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

Finally, the objection to this request for production on grounds of relevance is totally devoid of merit. This request for production seeks documents that are relevant to, *inter alia*, damages, as well as the value of Defendant Johnson's services to Defendant Repromedix Corp. "Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action." *Church of Scientology of Boston*, 138 F.R.D. at 10 (citations and internal quotation marks omitted)(emphasis in the original). The requested documents are inescapably relevant to Plaintiffs' claims.

**REQUEST FOR PRODUCTION NO. 20:** Any and all documents and reports rendered by expert(s) retained by Repromedix Corp. for the purposes of this litigation.

**OBJECTION:** Repromedix objects to this Request on the grounds that it is premature and vague, including, without limitation, the use of the term "rendered."

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The foregoing request for production uses plain and unambiguous language. The phrase "rendered" means what it says. Accordingly, the objection on grounds of vagueness lacks merit.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 21

**REQUEST FOR PRODUCTION NO. 21:** Any and all documents concerning or which identify any contacts between Repromedix Corp. and Jeremy Johnson while Jeremy Johnson was employed by genX, including but not limited to, faxes, diaries, calendars, electronic mail messages, telephone logs, expense reports, telephone/address books, Rolodex cards, notes and correspondence files.

**OBJECTION:** Repromedix objects to this Request on the grounds that it is duplicative of Request Nos. 10,11, and 13.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection on the ground that this request for production is duplicative of Request Nos. 10, 11 and 13 is without merit. This request for production seeks, *inter alia*, documents *which identify* any contacts between Defendant Repromedix Corp. and Defendant Johnson while Defendant Johnson was employed by Plaintiffs, whereas Request Nos. 10, 11 and 13 do not. To the extent Defendant Repromedix Corp. incorporate its objections to Request No. 15 by reference, Plaintiffs hereby incorporate their reasons why Defendant Repromedix Corp.'s objection to Request No. 16 should be withdrawn or overruled by reference.

Finally, inasmuch as Defendant Repromedix Corp. states that it "will produce non-privileged documents responsive to this Request," Defendant Repromedix Corp. is reminded of its obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that…will enable other parties to assess the applicability of the privilege or protection." Plaintiffs request that Defendant Repromedix Corp. submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 22:** Any and all documents obtained by Jeremy Johnson during his employment with genX and provided to Repromedix Corp.

**OBJECTION:** Repromedix objects to this Request on the grounds that it is overly broad. Repromedix farther objects to this Request on the grounds that it lacks knowledge of when Johnson obtained documents that he provided to Repromedix.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is properly limited in temporal scope to the period post-dating Defendant Johnson's commencement of employment with Plaintiffs, a period relevant to this case. Further, it is confined to documents obtained by Defendant Johnson and provided to Defendant Repromedix Corp. Therefore, any objection on grounds of over breadth is without merit.

The objection on the grounds that Defendant Repromedix Corp. lacks knowledge is equally without merit. It is difficult to fathom that Defendant Repromedix Corp. lacks knowledge with respect to each document provided to it by Defendant Johnson. Further, a simple way to ameliorate this problem would be for Defendant Repromedix Corp. to ask Defendant Johnson whether he obtained particular documents during his employment with Plaintiffs. Again, Defendant Repromedix Corp. is reminded that "discovery may not be avoided merely because it may involve

John R. Bauer, Esq.
December 8, 2005
Page 22

inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (D. Mass. March 8, 1996)(citations and internal quotation marks omitted).

Finally, inasmuch as Defendant Repromedix Corp. states that it "will produce non-privileged documents responsive to this Request," Defendant Repromedix Corp. is reminded of its obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that...will enable other parties to assess the applicability of the privilege or protection." Plaintiffs request that Defendant Repromedix Corp. submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 23:** Any and all documents concerning customers or former customers of genX, including without limitation, Rolodexes (whether maintained on paper or electronically), customer order forms, contracts or agreements, and bids.

**OBJECTION:** Repromedix objects to this Request on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the term "indirectly." Repromedix further objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Request on the grounds that it lacks knowledge of genX's customers or former customers. Repromedix further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information, as well as the confidential and proprietary business information of third parties.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is properly limited in scope to documents concerning Plaintiffs customers or former customers. Further, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted). As such, any objection on grounds of over breadth or undue burden is without merit.

The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

John R. Bauer, Esq.
December 8, 2005
Page 23

The objection on the grounds that Defendant Repromedix Corp. lacks knowledge is equally without merit. It is difficult to fathom that Defendant Repromedix Corp. lacks knowledge with respect to whether documents concern Plaintiffs' customers or former customers. Again, Defendant Repromedix Corp. is reminded that "discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (D. Mass. March 8, 1996)(citations and internal quotation marks omitted).

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

**REQUEST FOR PRODUCTION NO. 24:** A complete copy of Jeremy Johnson's personnel file.

**OBJECTION:** Repromedix objects to this Request on the grounds that it is overly broad. Repromedix further objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection pertaining to over breadth is without merit. This request for production is limited to Defendant Johnson's personnel file, Defendant Johnson, of course, being a party to this case. Further, the request for production is necessarily limited in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case.

The objection to this request for production on grounds of relevance is totally devoid of merit. "Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action." *Church of Scientology of Boston*, 138 F.R.D. at 10 (citations and internal quotation marks omitted)(emphasis in the original). Documents within Defendant Johnson's personnel file are inescapably relevant to Plaintiffs' claims.

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 24

show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted).  Accordingly, the objection on grounds of confidentiality lacks merit.

Finally, inasmuch as Defendant Repromedix Corp. states that it "will produce non-privileged documents responsive to this Request," Defendant Repromedix Corp. is reminded of its obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that...will enable other parties to assess the applicability of the privilege or protection."  Plaintiffs request that Defendant Repromedix Corp. submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 25:** Any and all documents from which an accounting may be made from the date Jeremy Johnson terminated his employment with genX to the present, as to all contacts Jeremy Johnson has had, directly or indirectly, with businesses and/or persons who have been customers of genX.

**OBJECTION:** Repromedix objects to this Request on the grounds that it is overly broad and unduly burdensome. Repromedix further objects to this Request on the grounds that it lacks knowledge of genX's former or existing customers. Repromedix further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objections pertaining to over breadth and undue burden are without merit.  This request for production is confined in temporal scope to the period post-dating Defendant Johnson's termination of employment with Plaintiffs to the present.  Further, this request for production is limited to documents from which an accounting may be made as to all contacts Defendant Johnson has had with business or persons who have been customers of Plaintiffs.  Again, with respect to the claim of undue burden, Defendant Repromedix Corp. is reminded that "discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan,* 1996 WL 121730, at *2 (D. Mass. March 8, 1996)(citations and internal quotation marks omitted).

**REQUEST FOR PRODUCTION NO. 27:** Any and all documents concerning Jeremy Johnson's business related expenses since he commenced employment with Repromedix Corp., including, but not limited to expense reports, receipts, and requests for reimbursement.

**OBJECTION:** Repromedix objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

John R. Bauer, Esq.
December 8, 2005
Page 25

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. The requested documents may shed light on which clients and/or customers Defendant Johnson has solicited on behalf of Defendant Repromedix Corp., some of which may be Plaintiffs' clients and/or customers. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

**REQUEST FOR PRODUCTION NO. 28:** Complaints, pleadings and other documents concerning litigation to which Repromedix Corp. has been a party since January 1, 2004 including but not limited to deposition transcripts, affidavits, statements and pleadings.

**OBJECTION:** Repromedix objects to this Request on the grounds that it is overly broad and unduly burdensome. Repromedix further objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objections pertaining to over breadth and undue burden are without merit. This request for production is confined in temporal scope to the period post-dating January 1, 2004, a period relevant to this case. And with respect to the claim of undue burden, "discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (D. Mass. March 8, 1996)(citations and internal quotation marks omitted).

Further, Plaintiffs' bring various claims against Defendant Repromedix Corp. Whether Defendant Repromedix Corp. has engaged in similar conduct in the past is clearly relevant to this case. "Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may

John R. Bauer, Esq.
December 8, 2005
Page 26

be relevant to the subject matter of the action." *Church of Scientology of Boston*, 138 F.R.D. at 10 (citations and internal quotation marks omitted)(emphasis in the original).   Consequently, the request for production seeks documents that are inescapably relevant to Plaintiffs' claims.

**REQUEST FOR PRODUCTION NO. 29:** Any documents and/or records concerning each telephone number used by Jeremy Johnson  to engage in business on Repromedix Corp.'s behalf including but not limited to office, home and cellular telephones, pagers, and fax machines.

**OBJECTION:** Repromedix objects to this Request on the grounds that it is overly broad and unduly burdensome. Repromedix further objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objections pertaining to over breadth and undue burden are without merit.   This request for production is necessarily limited in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case. Moreover, with respect to the claim of undue burden, "discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit.  As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims.  *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful.  *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted).  Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants.  *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted).  Accordingly, the objection on grounds of confidentiality lacks merit.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 27

**REQUEST FOR PRODUCTION NO. 30:** Any calendars, day timers or like instruments, whether in written or electronic form, used by any Repromedix employee since September 1, 2004.

**OBJECTION:** Repromedix objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Request on the grounds that it is overly broad and unduly burdensome. Repromedix further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

The objections pertaining to over breadth and undue burden are equally without merit. The request for production is limited in temporal scope to the period post-dating September 1, 2004, a period relevant to this case. And with respect to the claim of undue burden, "discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (D. Mass. March 8, 1996)(citations and internal quotation marks omitted).

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

**REQUEST FOR PRODUCTION NO. 31:** Any documents identifying and describing the business engaged in by Repromedix Corp., including but not limited to, marketing strategies, business proposals, and/or shareholder reports, since January 1, 2004.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 28

**OBJECTION:** Repromedix objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Request on the grounds that it is overly broad and unduly burdensome. Repromedix further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs claim that Defendant Johnson breached of a valid and enforceable non-competition agreement. The requested documents will assist Plaintiffs in establishing that they and Defendant Repromedix Corp. are competitors. "Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action." *Church of Scientology of Boston*, 138 F.R.D. at 10 (citations and internal quotation marks omitted)(emphasis in the original). Consequently, the request for production seeks documents that are inescapably relevant to Plaintiffs' claims.

The objections pertaining to over breadth and undue burden are equally without merit. The request for production is limited in temporal scope to the period post-dating January 1, 2004, a period relevant to this case. Moreover, with respect to the claim of undue burden, "discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

Additionally, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

Finally, inasmuch as Defendant Repromedix Corp. states that it "will produce non-privileged documents responsive to this Request," Defendant Repromedix Corp. is reminded of its obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that…will enable other parties to assess the applicability of the privilege or protection." Plaintiffs request that Defendant Repromedix Corp. submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 33:** Any documents concerning your interpretation of an employment contract between genX and Jeremy Johnson.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 29

**OBJECTION:** Repromedix objects to this Request on the grounds that it is vague, including, without limitation, the use of the phrase, "your interpretation of any employment contract." Repromedix further objects to this Request on the grounds that it requests documents subject to the attorney-client privilege and/or the work-product doctrine.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The foregoing request for production uses plain and unambiguous language. The phrase "your interpretation of an employment contract" means what it says. Accordingly, the objection on grounds of vagueness lacks merit.

Further, it is well settled that "the party asserting an applicable privilege has the burden of establishing that it applies." *In re Grand Jury Subpoena*, 220 F.R.D. at 140 (citations omitted). This burden applies to claims of work product protection as well. *See id.* (citations omitted). Additionally, Fed. R. Civ. P. 26(b)(5) mandates that a party asserting a privilege or work product protection "describe the nature of the documents, communications, or things not produced or disclosed in a manner that…will enable other parties to assess the applicability of the privilege or protection." Defendant has not complied with Rule 26(b)(5). Plaintiffs request that Defendant Repromedix Corp. submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 34:** Any data compilations concerning any business, including but not limited to data compilations concerning any business' purchasing habits, customer base, and/or business market.

**OBJECTION:** Repromedix objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Repromedix further objects to this Request on the grounds that it is overly broad, unduly burdensome, and vague. Repromedix further objects to this Request on the grounds that it seeks the production of documents that contain Repromedix's confidential and proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

John R. Bauer, Esq.
December 8, 2005
Page 30

Additionally, the objections pertaining to over breadth and undue burden are equally without merit. The request for production is properly limited in scope. And with respect to the claim of undue burden, "discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan v. Santaniello v. Duncan*, 1996 WL 121730, at *2 (D. Mass. March 8, 1996)(citations and internal quotation marks omitted).

**REQUEST FOR PRODUCTION NO. 35:** Any documents prepared by or for Repromedix concerning the immigration status of Jeremy Johnson.

**OBJECTION:** Repromedix objects to this Request on the grounds that it requests documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection to this request for production on grounds of relevance is totally devoid of merit. This request for production seeks documents that are relevant to, *inter alia*, the value of Defendant Johnson's services to Defendant Repromedix Corp. "Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action." *Church of Scientology of Boston*, 138 F.R.D. at 10 (citations and internal quotation marks omitted)(emphasis in the original). The requested documents are inescapably relevant to Plaintiffs' claims.

**REQUEST FOR PRODUCTION NO. 36:** All advertisements, fliers, or other communications used or relied upon by Repromedix Corp. and/or Jeremy Johnson to announce the commencement of the Jeremy Johnson's employment with and/or affiliation with Repromedix Corp.

**OBJECTION:** Repromedix objects to this Request on the grounds that it is duplicative of Request No. 3. Repromedix hereby incorporates by reference its response to Request No. 3.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection on the ground that this request for production is duplicative of Request No. 3 is without merit. Request No. 3 seeks documents "distributed" by Defendant Repromedix Corp., whereas this request for production seeks documents "used or relied upon" by Defendant Repromedix Corp. and/or Defendant Jeremy Johnson. To the extent Defendant Repromedix Corp. incorporates its objections to Request No. 3 by reference, Plaintiffs hereby incorporate their reasons why Defendant's objection to Request No. 3 should be withdrawn or overruled by reference.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
December 8, 2005
Page 31

Please call me so that we may schedule a conference in accordance with Local Rule 37.1 to further discuss these issues.

Thank you.

Very truly yours,

Glenn A. Duhl

Exhibit G

# O'DONNELL & BECK, P.C.
## 150 Trumbull Street
## Hartford, CT 06103

### FAX TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| John R. Bauer, Esq. | Glenn A. Duhl, Esq. |
| COMPANY: | DATE: |
| Robinson & Cole LLP | January 19, 2006 |
| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
| (617) 557-5999 | 34 |
| RE: | IF THIS TRANSMISSION IS UNCLEAR PLEASE CONTACT: |
| | Glenn A. Duhl, Esq. |

☐ URGENT      ☐ FOR REVIEW      ☐ PLEASE REPLY

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS BY MAIL. THANK YOU.

MESSAGE:

Glenn A. Duhl
Siegel, O'Connor,
     O'Donnell & Beck, P.C.
150 Trumbull Street
Hartford, CT 06103
Direct Dial: (860) 280-1215
(860)727-8900 Ext. 215
Cell: (203) 623-1465
Fax: (860) 527-5131
gduhl@siegeloconnor.com

## Telephone: (860)727-8900
## Fax: (860) 527-5131

860 527 5131   P.02

LAW OFFICES

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

150 TRUMBULL STREET
HARTFORD, CONNECTICUT 06103

www.siegeloconnor.com

(860) 727-8900
FAX (860) 527-5131

gduhl@siegeloconnor.com

January 19, 2006

**BY FAX: (617) 557-5999**
**ORIGINAL BY FIRST CLASS MAIL**

John R. Bauer, Esq.
Robinson & Cole LLP
One Boston Place
Boston, MA 02108

Re:   *genX International, inc. and IVFonline.com, LLC*
      *v. Jeremy Johnson & Repromedix Corp.*
      *U.S.D.C. D. Mass. Case No. 05 CV 10419 DPW*

Dear John:

In accordance with Local Rule 37.1, which requires the parties to confer in good faith to narrow the areas of disagreement concerning discovery to the greatest extent possible, I address your objections to Plaintiffs' discovery requests to Defendant Jeremy Johnson, dated November 22, 2005.

**INTERROGATORY NO. 1:** State your full name, address, date of birth, place of birth, social security number, immigration status, country of residence, marital status, and name and address of spouse.

**OBJECTION:** Johnson objects to this Interrogatory on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection on grounds of relevance is totally devoid of merit. This interrogatory requests basic information Plaintiffs need in order to conduct further discovery and effectively prosecute this action. As such, this interrogatory requests information that is inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston v. I.R.S.*, 138 F.R.D. 9, 10 (D. Mass. 1990)("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

**INTERROGATORY NO. 2:** Since September 1, 2004, state whether you have filed any immigration petitions, and if so, identify, (a) the type of petition(s) you have filed; (b) the dates you filed the petition(s); (c) each beneficiary under the petition(s); (d) whether the petition(s) are currently pending; and (e) each document upon which you relied in answering, or which in any way concerns, the information requested in this interrogatory.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 2

**OBJECTION:** Johnson objects to this Interrogatory on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection on grounds of relevance is totally devoid of merit. This interrogatory seeks information bearing on Defendant Johnson's credibility as well as the value of Defendant Johnson's services to Defendant Repromedix Corp. As such, this interrogatory requests information that is inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

**INTERROGATORY NO. 3:** With respect to your employment by Repromedix Corp., state: (a) the dates of such employment; (b) each address at which you have been employed; (c) each job title or position held; (d) the dates in such position; (e) the nature of the duties performed in each such position; (f) the name and title of your immediate supervisor(s) in each such position;(g)if you have performed any duties or have had any responsibilities for obtaining business for Repromedix Corp., identify each location, territory, district or zone for which you have any such duties or responsibilities; (h) the salary, bonuses, commissions, benefits and any other remuneration received by you from Repromedix Corp. in each such position; (i) the method or system upon which Repromedix Corp. determines your compensation, including, without limitation, any base salary you receive and any commission or bonus incentives; (j) the manner in which you came to be employed by Repromedix Corp., including the name of and position held by any Repromedix Corp. employee with whom you had any contact about employment with Repromedix Corp.; (k) identify each and every written agreement between you and Repromedix Corp.; and (l) identify each document upon which you relied in answering, or which in any way concerns, the information requested in this interrogatory.

**OBJECTION:** Johnson objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objections on grounds of over breadth and undue burden are without merit, inasmuch as this interrogatory is properly confined in temporal scope to the period post-dating Defendant Johnson's commencement of employment with Defendant Repromedix Corp., a period relevant to this case, and to information concerning Defendant Johnson's employment with Defendant Repromedix Corp. Further, with respect to the claim of undue burden, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan v. Santaniello v. Duncan*, 1996 WL 121730, at *2 (D. Mass. March 8, 1996)(citations and internal quotation marks omitted).

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 3

**INTERROGATORY NO. 4:** Identify all Repromedix Corp. customers whom you have serviced, and identify each document upon which you relied in answering or which in any way concerns the information requested in this interrogatory.

**OBJECTION:** Johnson objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks Repromedix's confidential, proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This interrogatory is properly limited in scope to all Repromedix Corp. customers whom Defendant Johnson has serviced. Additionally, the interrogatory is necessarily confined in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case. Further, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted). As such, any objection on grounds of over breadth or undue burden is without merit.

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp. v. Electronic Technology Corp.*, 161 F.R.D. 228, 231 (D. Mass 1995)(citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

**INTERROGATORY NO. 5:** State whether you have managed or participated in the operation of the same or similar line of business as that carried on by genX since the termination of your employment with genX and identify and describe your conduct concerning your employment with Repromedix Corp. with particularity.

**OBJECTION:** Johnson objects to this Interrogatory on the grounds that it is vague, including, without limitation, with respect to the use of the phrase, "conduct concerning your employment."

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection on grounds of vagueness is without merit, because the foregoing interrogatory uses plain and unambiguous language. The phrase "conduct concerning your employment" means what it says. Indeed, the term "concerning" is defined by Local Rule, *see* L.R. 26.5(C)(7), and cannot be considered vague.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 4

**INTERROGATORY NO. 6:** Identify all customers, potential customers and/or clients with whom you have had any contact on behalf of Repromedix Corp. since you commenced employment and the source of such customers, potential customer and/or clients, and identify each document upon which you relied in answering or which in any way concerns the information requested in this interrogatory.

**OBJECTION:** Johnson objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the use of the phrase "source of such customers and/or clients." Johnson further objects to this Interrogatory on the grounds that it seeks Repromedix's confidential, proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objections on grounds of over breadth and undue burden are without merit, inasmuch as this interrogatory is properly confined in temporal scope to the period post-dating Defendant Johnson's commencement of employment with Defendant Repromedix Corp., a period relevant to this case, and to information concerning Defendant Johnson's employment with Defendant Repromedix Corp. Further, with respect to the claim of undue burden, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (D. Mass. March 8, 1996)(citations and internal quotation marks omitted).

The objection on grounds of vagueness is equally without merit, because the foregoing interrogatory uses plain and unambiguous language. The phrase "source of such customers and/or clients" means what it says.

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality also lacks merit.

**INTERROGATORY NO. 7:** Since September 1, 2004, identify and describe all company files, websites and/or genX servers accessed by you through the internet and shared with anyone other than genX employees, including but not limited to friends, relatives, and/or Repromedix Corp. officers and employees.

**OBJECTION:** Johnson objects to this Interrogatory on the grounds that it is vague, including, without limitation, with respect to the use of the phrase "all company files, websites and/or genX servers."

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The foregoing interrogatory uses plain and unambiguous language. The phrase "all company files,

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 5

websites and/or genX servers" means what it says. Accordingly, the objection on grounds of vagueness lacks merit.

**INTERROGATORY NO. 8:** Identify each telephone number used by you to engage in business on behalf of Repromedix Corp., including but not limited to office, home and cellular telephones and pagers.

**OBJECTION:** Johnson objects to this Interrogatory on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. This interrogatory requests information on modes of communication Defendant Johnson may have used to engage in the aforementioned conduct. As such, this interrogatory requests information that is inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

**INTERROGATORY NO. 9:** State whether you have destroyed, deleted or otherwise cannot locate any document, whether maintained in hard copy, computer and/or other format, concerning your employment for genX or termination therefrom and, if so, identify and describe each such document.

**OBJECTION:** Johnson objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation with respect to the use of the phrase, "concerning your employment for genX." Johnson further objects to this Interrogatory on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objections on grounds of over breadth and undue burden are without merit, inasmuch as this interrogatory is confined to documents concerning Defendant Johnson's employment for Plaintiffs or termination therefrom. Moreover, with respect to the claim of undue burden, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

Similarly, the foregoing interrogatory uses plain and unambiguous language. The phrase "concerning your employment for genX" means what it says. Indeed, the term "concerning" is

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 6

defined by Local Rule, *see* L.R. 26.5(C)(7), and cannot be considered vague. Accordingly, the objection on grounds of vagueness also lacks merit.

Moreover, the objection on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this interrogatory requests information that is inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

**INTERROGATORY NO. 10:** Identify each written or oral agreement and/or understanding under which Repromedix Corp., or any other third person has agreed to pay for your defense of this or any other action, or has otherwise agreed to indemnify you for any liability incurred as a result of this or any other action. For each such agreement, state the date of the agreement, whether the agreement is written or oral, the terms and conditions of any such agreement, and identify each document upon which you relied in answering or which in any way concerns the information requested in this interrogatory.

**OBJECTION:** Johnson objects to this Interrogatory on the grounds that it is overly broad. Johnson further objects to this Interrogatory on the grounds that it requests information subject to the attorney-client privilege and/or the work-product doctrine.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objections on grounds of over breadth is without merit, inasmuch as this interrogatory is confined to agreements and/or understandings between Defendant Johnson and Defendant Repromedix Corp. and necessarily limited in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp.

Moreover, as to the claims of privilege, "the party asserting an applicable privilege has the burden of establishing that it applies." *In re Grand Jury Subpoena*, 220 F.R.D. 130, 140 (D. Mass. 2004)(citations omitted). This burden applies to claims of work product protection as well. *See id.* (citations omitted). Additionally, Fed. R. Civ. P. 26(b)(5) mandates that a party asserting a privilege or work product protection "describe the nature of the documents, communications, or things not produced or disclosed in a manner that...will enable other parties to assess the applicability of the privilege or protection." Defendant Johnson has not complied with Rule 26(b)(5). Plaintiffs request that Defendant Johnson submit a privilege log forthwith.

**INTERROGATORY NO. 11:** Since September 1, 2004, identify the names and addresses of each customer and/or business with whom you have had communications for the purpose of obtaining, encouraging or maintaining business with or through Repromedix Corp. and for each

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 7

such customer and/or business state whether you had prior business dealings with that customer and/or business when you were employed by genX or whether you knew of that customer and/or business having business dealings with genX.

**OBJECTION:** Johnson objects to this Interrogatory on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Johnson further objects to this Interrogatory on the grounds that it seeks Repromedix's confidential, proprietary business information which is not within his possession, custody, or control.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this interrogatory requests information that is inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

Further, this interrogatory is properly limited in temporal scope to the period post-dating September 1, 2004, a period relevant to this case. Therefore, the objection on grounds of over breadth lacks merit.

In a similar vein, the objection on grounds of undue burden is without merit, as the interrogatory is limited to each customer and/or business with whom Defendant Johnson has had communications for the purpose of obtaining, encouraging or maintaining business with or through Repromedix Corp. Moreover, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

Finally, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality also lacks merit.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 8

**INTERROGATORY NO. 12:** Have you, any relative of yours or anyone you know taken notes of or otherwise recorded in any fashion any oral statement made by anyone concerning you, your employment with genX and/or Repromedix Corp. and, if so, state: a. the name of the person who took notes of or otherwise recorded the statement; b. the manner by which the statement was recorded; c. the date the statement was made; d. the name of the person who made the statement; e. the name of any witnesses to the statement; and f. the substance of the statement.

**OBJECTION:** Johnson objects to this Interrogatory on the grounds that it seeks information subject to the attorney-client privilege and/or the work-product doctrine. Johnson further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the use of the phrase, "concerning, you, your employment with genX and/or Repromedix Corp."

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** With respect to the claims of privilege, it is well settled that "the party asserting an applicable privilege has the burden of establishing that it applies." *In re Grand Jury Subpoena*, 220 F.R.D. at 140 (citations omitted). This burden applies to claims of work product protection as well. *See id.* (citations omitted). Additionally, Fed. R. Civ. P. 26(b)(5) mandates that a party asserting a privilege or work product protection "describe the nature of the documents, communications, or things not produced or disclosed in a manner that...will enable other parties to assess the applicability of the privilege or protection." Defendant Johnson has not complied with Rule 26(b)(5). Plaintiffs request that Defendant Johnson submit a privilege log forthwith.

Moreover, the objections pertaining to over breadth and undue burden also lack merit, inasmuch as this interrogatory is confined to statements concerning Defendant Johnson and/or Defendant Johnson's employment with genX and/or Repromedix Corp. Moreover, with respect to the claim of undue burden, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

Similarly, the foregoing interrogatory uses plain and unambiguous language. The phrase "concerning, you, your employment with genX and/or Repromedix Corp." means what it says. Indeed, the term "concerning" is defined by Local Rule, *see* L.R. 26.5(C)(7), and cannot be considered vague. Accordingly, the objection on grounds of vagueness also lacks merit.

**INTERROGATORY NO. 13:** Identify and describe any and all activities conducted by you on genX's computers and/or servers from January 16, 2005 to January 24, 2005, including but not limited to any files, folders and/or documents that you created, modified, copied, pasted, deleted, destroyed, printed, downloaded, saved to a disk, and/or attached to an email, and identify each document upon which you relied in answering or which in any way concerns the information requested in this interrogatory.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 9

**OBJECTION:** Johnson objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the use of the phrase, "any and all activities conducted by you on genX's computers." Johnson further objects to this Interrogatory on the grounds that it seeks information already in the possession, custody or control of genX and/or IVFonline.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objections pertaining to over breadth and undue burden lack merit, inasmuch as this interrogatory is confined in temporal scope to the period of January 16, 2005 to January 24, 2005, a period relevant to this case. Moreover, with respect to the claim of undue burden, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

Similarly, the foregoing interrogatory uses plain and unambiguous language. The phrase "any and all activities conducted by you on genX's computers" means what it says. Accordingly, the objection on grounds of vagueness also lacks merit.

Additionally, the objection on the ground that this interrogatory seeks information already in the possession, custody or control of Plaintiffs is equally without merit. Plaintiffs' records may not detail each and every activity conducted by Defendant Johnson during the time period in question. Indeed, Defendant Johnson may have hidden activities he conducted during this time period. This interrogatory properly seeks information needed to flesh these details out.

**REQUEST FOR PRODUCTION NO. 1:** Any and all compilations of information containing customer or client information created or maintained by you since September 1, 2004.

**OBJECTION:** Johnson objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it is overly broad. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 10

Similarly, this request for production is properly limited in temporal scope to the period post-dating September 1, 2004, a period relevant to this case. Therefore, any objection on grounds of over breadth is also without merit.

Finally, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

**REQUEST FOR PRODUCTION NO. 2:** Any and all client contact lists you have maintained since September 1, 2004, including but not limited to those contained on your computer system or Rolodex.

**OBJECTION:** Johnson objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it is overly broad and vague, including, without limitation, with respect to the phrases "client contact lists," and "your computer system." Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any possibility* that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

Additionally, this request for production is properly limited in temporal scope to the period post-dating September 1, 2004, a period relevant to this case. Therefore, any objection on grounds of over breadth is also without merit.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 11

Similarly, the foregoing request for production uses plain and unambiguous language. The phrases "client contact lists," and "your computer system" mean what they say. Accordingly, the objection on grounds of vagueness also lacks merit.

Finally, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

**REQUEST FOR PRODUCTION NO. 3:** Any and all documents distributed by you to customers serviced and/or managed by you, since September 1, 2004, including, but not limited to, announcements relating to your employment and promotional documents.

**OBJECTION:** Johnson objects to this Request on the grounds that it is overly broad. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is properly limited in temporal scope to the period post-dating September 1, 2004, a period relevant to this case. Therefore, any objection on grounds of over breadth is without merit.

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

**REQUEST FOR PRODUCTION NO. 4:** Any and all W-2s and/or IRS Form 1099s received by you since January 1, 2004, and all state and federal income tax returns filed by you since then until the time of trial.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 12

**OBJECTION:** Johnson objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection on grounds of relevance lacks merit, inasmuch as the request for production seeks documents bearing on Defendant Johnson's credibility as well as documents bearing on damages. "Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action." *Church of Scientology of Boston*, 138 F.R.D. at 10 (citations and internal quotation marks omitted)(emphasis in the original). As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims.

**REQUEST FOR PRODUCTION NO. 5:** Any and all documents, with drafts thereof, which were at any time signed, or intended to be signed, by you and Repromedix Corp. including but not limited to any employment contracts.

**OBJECTION:** Johnson objects to this Request on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the use of the phrase, "intended to be signed." Subject to and without waiving this objection, Johnson will produce non-privileged documents responsive to this Request that are in his possession, custody, or control.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is properly limited in scope to documents signed or intended to be signed by the defendants in this case. The request for production is necessarily confined in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case. Further, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted). As such, any objection on grounds of over breadth or undue burden is without merit.

Similarly, the foregoing request for production uses plain and unambiguous language. The phrase "intended to be signed" means what it says. Accordingly, the objection on grounds of vagueness also lacks merit.

Finally, inasmuch as Defendant Johnson states that he "will produce non-privileged documents responsive to this Request," Defendant Johnson is reminded of his obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that...will enable other parties to assess the applicability of the privilege or protection." Plaintiffs request that Defendant Johnson submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 6:** Any and all documents concerning the territories, zones or districts to which you have been assigned during your employment with Repromedix Corp.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 13

**OBJECTION:** Johnson objects to this Request on the grounds that it is overly broad.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is properly limited in temporal scope to the period post-dating Defendant Johnson's commencement of employment with Defendant Repromedix Corp., a period relevant to this case. Further, it is confined to territories, zones or districts to which Defendant Johnson has been assigned. Therefore, any objection on grounds of over breadth is without merit.

Further, inasmuch as Defendant Johnson states that he "will produce non-privileged documents responsive to this Request," Defendant Johnson is reminded of its obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that...will enable other parties to assess the applicability of the privilege or protection." Plaintiffs request that Defendant Johnson submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 7:** Any and all documents that were prepared by genX, produced by genX's computers, or which concern genX's business.

**OBJECTION:** Johnson objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it is overly broad and vague, including, without limitation, with respect to the phrases, "produced by genX's computers," and "which concern genX's business." Johnson further objects to this Request on the grounds that it seeks documents already in the possession, custody, or control of genX and/or IVFonline. Subject to and without waiving these objections, Johnson will produce non-privileged documents responsive to this Request that are in his possession, custody, or control.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

Further, this request for production is confined to documents that were prepared by Plaintiffs, produced by Plaintiffs' computers or which concern Plaintiffs' business. Therefore, any objection on grounds of over breadth is without merit.

Similarly, the foregoing request for production uses plain and unambiguous language. The phrases "produced by genX's computers" and "which concern genX's business" mean what they

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 14

say. Indeed, with respect to the phrase "which concern genX's business," the term "concern" is defined by Local Rule, *see* L.R. 26.5(C)(7), and cannot be considered vague. Accordingly, the objection on grounds of vagueness lacks merit.

Additionally, the objection with respect to the documents being in Plaintiffs' possession and control is ridiculous. The important inquiry is whether the requested documents are in either Defendant Johnson's possession, not Plaintiffs.

Finally, inasmuch as Defendant Johnson states that he "will produce non-privileged documents responsive to this Request," Defendant Johnson is reminded of his obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that...will enable other parties to assess the applicability of the privilege or protection." Plaintiffs request that Defendant Johnson submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 8:** Any and all documents concerning your employment with genX, including but not limited to, documents which relate to securing employment with genX, to the terms and conditions of employment, to job duties and responsibilities, and to the compensation and fringe benefits received.

**OBJECTION:** Johnson objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it is overly broad and unduly burdensome. Johnson further objects to this Request on the grounds that it seeks the production of documents already in the possession, custody, or control of genX and/or IVFonline.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

This request for production is properly limited in scope to documents concerning Defendant Johnson's employment with Plaintiffs. Moreover, the request for production is necessarily confined in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Plaintiffs, a period relevant to this case. Further, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted). As such, any objection on grounds

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 15

of over breadth or undue burden is without merit.

Additionally, the objection with respect to the documents being in Plaintiffs' possession, custody or control is ridiculous. The important inquiry is whether the requested documents are in either Defendant's possession, not Plaintiffs.

Finally, inasmuch as Defendant Johnson states that he "will produce non-privileged documents responsive to this Request," Defendant Johnson is reminded of its obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that...will enable other parties to assess the applicability of the privilege or protection." Plaintiffs request that Defendant Johnson submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 9:** Any and all documents concerning your employment with Repromedix Corp., including but not limited to, documents which relate to securing employment with Repromedix Corp., to the terms and conditions of employment, to job duties and responsibilities, and to the compensation and fringe benefits received.

**OBJECTION:** Johnson objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it is overly broad and unduly burdensome. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection to this request for production on grounds of relevance is totally devoid of merit. This request for production properly seeks documents which, *inter alia*, will help prove that Defendant Johnson has breached of a valid and enforceable non-competition agreement. "Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action." *Church of Scientology of Boston*, 138 F.R.D. at 10 (citations and internal quotation marks omitted)(emphasis in the original). The requested documents are inescapably relevant to Plaintiffs' claims.

Further, this request for production is properly limited in scope to documents concerning Defendant Johnson's employment with Defendant Repromedix Corp. The request for production is also necessarily confined in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case. Further, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted). As such, any objection on grounds of over breadth or undue burden is without merit.

Additionally, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 16

and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendant. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

Finally, inasmuch as Defendant Johnson states that he "will produce non-privileged documents responsive to this Request," Defendant Johnson is reminded of his obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that...will enable other parties to assess the applicability of the privilege or protection." Plaintiffs request that Defendant Johnson submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 10:** Any and all documents created by any individual(s) employed by genX at the time of the document's creation that you have in your possession, custody or control.

**OBJECTION:** Johnson objects to this Request on the grounds that it is duplicative of Request No. 7. Johnson hereby incorporates by reference his Response to Request No. 7.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is not duplicative of Request No. 7, inasmuch as this request for production seeks documents created by individuals employed by Plaintiffs, whereas Request No. 7 seeks documents which were produced by Plaintiffs. To the extent Defendant Johnson incorporates his objections to Request No. 7 by reference, Plaintiffs hereby incorporate their reasons why Defendant Johnson's objection to Request No. 7 should be withdrawn or overruled by reference.

**REQUEST FOR PRODUCTION NO. 11:** Any and all documents concerning any communications you had with Repromedix Corp. prior to your acceptance of employment with Repromedix Corp.

**OBJECTION:** Johnson objects to this Request on the grounds that it is overly broad.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is properly limited in scope to documents concerning any communications between Defendant Repromedix Corp. and Defendant Johnson prior to Defendant Johnson's commencement of employment with Defendant Repromedix Corp. Further, the request for production is necessarily confined in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case. As such, any objection on grounds of over breadth is without merit.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 17

Additionally, inasmuch as Defendant Johnson states that he "will produce non-privileged documents responsive to this Request," Defendant Johnson is reminded of his obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that...will enable other parties to assess the applicability of the privilege or protection." Plaintiffs request that Defendant Johnson submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 12:** Any and all documents concerning any communications between you and Repromedix Corp. regarding an employment contract, non-competition and/or a confidentiality agreement with genX.

**OBJECTION:** Johnson objects to this Request on the grounds on the grounds that it seeks the production of documents subject to the attorney-client privilege and/or the work-product doctrine.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** It is well settled that "the party asserting an applicable privilege has the burden of establishing that it applies." *In re Grand Jury Subpoena*, 220 F.R.D. at 140 (citations omitted). This burden applies to claims of work product protection as well. *See id.* (citations omitted). Additionally, Fed. R. Civ. P. 26(b)(5) mandates that a party asserting a privilege or work product protection "describe the nature of the documents, communications, or things not produced or disclosed in a manner that...will enable other parties to assess the applicability of the privilege or protection." Defendant has not complied with Rule 26(b)(5). Plaintiffs request that Defendant Johnson submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 13:** Any and all documents concerning any contacts or communications you had concerning the possibility of employment, job opportunities, or job openings at Repromedix Corp.

**OBJECTION:** Johnson objects to this Request on the grounds that it is overly broad.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is properly limited in scope to documents concerning any communications between Defendant Repromedix Corp. and Defendant Johnson prior to Defendant Johnson's commencement of employment with Defendant Repromedix Corp. Further, the request for production is necessarily confined in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case. As such, any objection on grounds of over breadth is without merit.

Additionally, inasmuch as Defendant states that it "will produce non-privileged documents responsive to this Request," Defendant is reminded of its obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that...will enable other parties to assess the applicability of the privilege or protection." Plaintiffs request that Defendant submit a privilege log forthwith.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 18

**REQUEST FOR PRODUCTION NO. 14:** Any and all documents that contain a description of any and all work or services performed or to be performed by you on behalf of Repromedix Corp., such as a job description, list of customers, or a map of any territories or regions to which you have been assigned.

**OBJECTION:** Johnson objects to this Request on the grounds that it is overly broad. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is properly limited in scope to documents that contain a description of any and all work or services performed or to be performed by Defendant Johnson on Defendant Repromedix Corp.'s behalf. Further, the request for production is necessarily confined in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case. As such, any objection on grounds of over breadth is without merit.

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

Finally, inasmuch as Defendant Johnson states that he "will produce non-privileged documents responsive to this Request," Defendant Johnson is reminded of his obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that...will enable other parties to assess the applicability of the privilege or protection." Plaintiffs request that Defendant Johnson submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 15:** Any and all documents concerning any accounts or potential accounts, to which you have been assigned or which you serviced since your hiring by Repromedix Corp.

**OBJECTION:** Johnson objects to this Request on the grounds that it is overly broad. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is properly limited in scope to documents concerning any accounts or

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 19

potential accounts to which Defendant Johnson has been assigned or which Defendant Johnson has serviced. Further, the request for production is confined in temporal scope to the period post-dating the commencement of Defendant Johnson's employment with Defendant Repromedix Corp., a period relevant to this case. As such, any objection on grounds of over breadth is without merit.

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

**REQUEST FOR PRODUCTION NO. 16:** Any and all documents concerning each communication with customers or potential customers for Repromedix by you, including originals and/or copies of any telephone message slips, sales materials, descriptive brochures used to solicit customers and/or requests for reimbursement of expenses.

**OBJECTION:** Johnson objects to this Request on the grounds that it is overly broad, unduly burdensome, and duplicative of Request No. 15. Johnson hereby incorporates by reference his Response to Request No. 15.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is properly limited in scope to documents concerning each communication with customers or potential customers for Defendant Repromedix Corp. by Defendant Johnson. Further, the request for production is necessarily confined in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case. Additionally, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted). As such, any objection on grounds of over breadth or undue burden is without merit.

The objection on the ground that this request for production is duplicative of Request No. 15 is equally without merit. This request for production seeks documents concerning each *communication* with customers or potential customers for Defendant Repromedix Corp. by Defendant Johnson, whereas Request No. 15 seeks documents concerning accounts or potential accounts to which Defendant Johnson has been assigned or which Defendant Johnson has serviced. To the extent Defendant Johnson incorporates his objections to Request No. 15 by reference, Plaintiffs hereby incorporate their reasons why Defendant Johnson's objection to Request No. 15 should be withdrawn or overruled by reference.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 20

**REQUEST FOR PRODUCTION NO. 17:** Any and all documents concerning any bids for accounts which you directly or indirectly assisted Repromedix Corp. in preparing.

**OBJECTION:** Johnson objects to this Request on the grounds that it is overly broad and vague, including, without limitation, with respect to the phrases "bids for accounts/" and "indirectly assisted." Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information, as well as the confidential and proprietary business information of third parties.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is necessarily confined in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case. As such, any objection on grounds of over breadth is without merit.

Further, this request for production uses plain and unambiguous language. The phrases "bids for accounts" and "indirectly assisted" mean what they say. As such, any objection on grounds of vagueness also lacks merit.

Additionally, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

**REQUEST FOR PRODUCTION NO. 18:** Any and all documents concerning the wages, commissions, bonuses, or other remuneration received or earned or to be received or earned by you during the course of your employment with Repromedix Corp.

**OBJECTION:** Johnson objects to this Request on the grounds that it is overly broad. Johnson further objects to this Request on the grounds that it seeks documents that are neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is properly limited in temporal scope to the period post-dating Defendant Johnson's commencement of employment with Defendant Repromedix Corp., a period relevant to this case. Further, it is confined to documents concerning the wages, commissions, bonuses, or other remuneration received or earned or to be received by Defendant Johnson. Therefore, any objection on grounds of over breadth is without merit.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 21

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

Finally, the objection to this request for production on grounds of relevance is totally devoid of merit. This request for production seeks documents that are relevant to, *inter alia*, damages, as well as the value of Defendant Johnson's services to Defendant Repromedix Corp. "Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action." *Church of Scientology of Boston*, 138 F.R.D. at 10 (citations and internal quotation marks omitted)(emphasis in the original). The requested documents are inescapably relevant to Plaintiffs' claims.

**REQUEST FOR PRODUCTION NO. 20:** Any and all documents and reports rendered by expert(s) retained by you for the purposes of this litigation

**OBJECTION:** Johnson objects to this Request on the grounds that it is premature and vague, including, without limitation, the use of the term "rendered." Johnson states that he shall comply with his obligations under Fed.R.Civ.P. 26(a)(2). Johnson further objects to this Request on the grounds that it requests documents immune from discovery under Fed.R.Civ.P..

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The foregoing request for production uses plain and unambiguous language. The phrase "rendered" means what it says. Accordingly, the objection on grounds of vagueness lacks merit.

**REQUEST FOR PRODUCTION NO. 21:** Any and all documents concerning or identifying any contacts between Repromedix Corp. and you while you were employed by genX, including but not limited to, faxes, diaries, calendars, electronic mail messages, telephone logs, expense reports, telephone/address books, Rolodex cards, notes and correspondence files.

**OBJECTION:** Johnson objects to this Request on the grounds that it is duplicative of Request No. 11. Johnson hereby incorporates by reference his Response to Request No. 11.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 22

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection on the ground that this request for production is duplicative of Request No. 11 is without merit. This request for production seeks, *inter alia*, documents *which identify* any contacts between Defendant Repromedix Corp. and Defendant Johnson while Defendant Johnson was employed by Plaintiffs, whereas Request No. 10 does not. To the extent Defendant Johnson incorporates his objections to Request No. 11 by reference, Plaintiffs hereby incorporate their reasons why Defendant Johnson's objection to Request No. 16 should be withdrawn or overruled by reference.

**REQUEST FOR PRODUCTION NO. 22:** Any and all documents obtained by you during your employment with genX and provided to Repromedix Corp.

**OBJECTION:** Johnson objects to this Request on the grounds that it is overly broad. Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is properly limited in temporal scope to the period post-dating Defendant Johnson's commencement of employment with Plaintiffs, a period relevant to this case. Further, it is confined to documents obtained by Defendant Johnson and provided to Defendant Repromedix Corp. Therefore, any objection on grounds of over breadth is without merit.

The objection on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

**REQUEST FOR PRODUCTION NO. 23:** Any and all documents concerning customers or former customers of genX, including without limitation, Rolodexes (whether maintained on paper or electronically), customer order forms, contracts or agreements, and bids.

**OBJECTION:** Johnson objects to this Request on the grounds that it is overly broad and unduly burdensome. Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information, as well as the confidential and proprietary business information of third parties.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 23

request for production is properly limited in scope to documents concerning Plaintiffs' customers or former customers. Further, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted). As such, any objection on grounds of over breadth or undue burden is without merit.

The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

## REQUEST FOR PRODUCTION NO. 24: A complete copy of your Repromedix Corp. personnel file.

**OBJECTION:** Johnson objects to this Request on the grounds that it is overly broad. Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

## REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED: The objection pertaining to over breadth is without merit. This request for production is limited to Defendant Johnson's personnel file, Defendant Johnson, of course, being a party to this case. Further, the request for production is necessarily limited in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case.

The objection to this request for production on grounds of relevance is totally devoid of merit.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 24

"Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action." *Church of Scientology of Boston*, 138 F.R.D. at 10 (citations and internal quotation marks omitted)(emphasis in the original). Documents within Defendant Johnson's personnel file are inescapably relevant to Plaintiffs' claims.

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

Finally, inasmuch as Defendant Johnson states that he "will produce non-privileged documents responsive to this Request," Defendant Johnson is reminded of his obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that...will enable other parties to assess the applicability of the privilege or protection." Plaintiffs request that Defendant Johnson submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 25:** Any and all documents from which an accounting may be made from the date you terminated your employment with genX, to the present as to all contacts you have had, directly or indirectly, with businesses and/or persons who have been customers of genX.

**OBJECTION:** Johnson objects to this Request on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the term "indirectly." Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is confined in temporal scope to the period post-dating Defendant Johnson's termination of employment with Plaintiffs to the present. Further, the request for production is limited to documents from which an accounting may be made as to all contacts Defendant Johnson has had with business or persons who have been customers of Plaintiffs. Again, Defendant is reminded that "discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (D. Mass. March 8, 1996)(citations and internal quotation marks omitted). Thus, the objections pertaining to over breadth and undue burden are without merit.

John R. Bauer, Esq.
January 19, 2006
Page 25

Moreover, this request for production uses plain and unambiguous language. The term "indirectly" means what it says. Accordingly, the objection on grounds of vagueness lacks merit.

The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

**REQUEST FOR PRODUCTION NO. 26:** Any and all documents from which an accounting may be made from the date you terminated your employment with genX, to the present as to all contacts you have had, directly or indirectly, with genX's clients and customers.

**OBJECTION:** Johnson objects to this Request on the grounds that it duplicative of Request No. 25. Johnson hereby incorporates by reference his Response to Request No. 25.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is not duplicative of Request No. 25, inasmuch as this request for production seeks documents concerning genX's clients and customers, whereas Request No. 25 seeks documents concerning businesses and/or persons who have been customers of genX. To the extent Defendant Johnson incorporates his objections to Request No. 25 by reference, Plaintiffs hereby incorporate their reasons why Defendant Johnson's objection to Request No. 25 should be withdrawn or overruled by reference.

**REQUEST FOR PRODUCTION NO. 27:** All employment, partnership and/or fee-sharing agreements and all other business-related contracts to which you have been a party since December 1, 2004.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 26

**OBJECTION:** Johnson objects to this Request on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the phrase "business-related contacts." Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is properly limited in temporal scope to the period post-dating December 1, 2004, a period relevant to this case. Therefore, any objection on grounds of over breadth is without merit. Further, "[i]t is clear that discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted). As such, any objection on grounds of undue burden is without merit.

The objection to this request for production on grounds of relevance is totally devoid of merit. "Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action." *Church of Scientology of Boston*, 138 F.R.D. at 10 (citations and internal quotation marks omitted)(emphasis in the original). Any employment, partnership and/or fee-sharing agreements or all other business-related contracts Defendant Johnson has entered into since December 1, 2004 are inescapably relevant to this case.

Finally, inasmuch as Defendant Johnson states that he "will produce non-privileged documents responsive to this Request," Defendant Johnson is reminded of his obligation under Fed. R. Civ. P. 26(b)(5) to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that...will enable other parties to assess the applicability of the privilege or protection." Plaintiffs request that Defendant Johnson submit a privilege log forthwith.

**REQUEST FOR PRODUCTION NO. 28:** All your business related expense receipts since you commenced your employment with Repromedix Corp., including but not limited to expense reports and receipts, and requests for reimbursement.

**OBJECTION:** Johnson objects to this Request on the grounds that it is overly broad. Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is properly limited in temporal scope to the period post-dating Defendant Johnson's commencement of employment with Defendant Repromedix Corp., a period relevant to this case. Therefore, any objection on grounds of over breadth is without merit.

The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary

John R. Bauer, Esq.
January 19, 2006
Page 27

and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. The requested documents may shed light on which clients or customers Defendant Johnson has solicited on behalf of Defendant Repromedix Corp., some of which may be Plaintiffs' clients or customers. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

**REQUEST FOR PRODUCTION NO. 29:** Complaints, pleadings and other documents relating to litigation to which you have been a party since January 1, 2004 including but not limited to deposition transcripts, affidavits, statements and pleadings.

**OBJECTION:** Johnson objects to this Request on the grounds that it is overly broad and unduly burdensome. Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is confined in temporal scope to the period post-dating January 1, 2004, a period relevant to this case. With respect to the claim of undue burden, "discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (D. Mass. March 8, 1996)(citations and internal quotation marks omitted). Thus, the objections pertaining to over breadth and undue burden are without merit.

Further, Plaintiffs' bring various claims against Defendant Johnson. Whether Defendant Johnson has engaged in similar conduct in the past is clearly relevant to this case. "Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action." *Church of Scientology of Boston*, 138 F.R.D. at 10 (citations and internal quotation marks omitted)(emphasis in the original). Consequently, the request for production seeks documents that are inescapably relevant to Plaintiffs' claims.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 28

**REQUEST FOR PRODUCTION NO. 30:** Any documents and/or records concerning each telephone number used by you to engage in business on behalf of Repromedix Corp., including but not limited to office, home and cellular telephones, pagers, and fax machines.

**OBJECTION:** Johnson objects to this Request on the grounds that it is overly broad and unduly burdensome. Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objections pertaining to over breadth and undue burden are without merit. This request for production is necessarily limited in temporal scope to the period post-dating the commencement of Defendant Johnson's relationship with Defendant Repromedix Corp., a period relevant to this case. Moreover, with respect to the claim of undue burden, "discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendant. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

**REQUEST FOR PRODUCTION NO. 31:** Any calendars, day timers, or like instrument, whether in written or electronic form, used by you since commencing employment with Repromedix Corp., to the extent not already requested.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 29

**OBJECTION:** Johnson objects to this Request on the grounds that it is overly broad and unduly burdensome. Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objections pertaining to over breadth and undue burden are without merit. This request for production is properly confined in temporal scope to the period post-dating Defendant Johnson's commencement of employment with Defendant Repromedix Corp., a period relevant to this case. Moreover, with respect to the claim of undue burden, "discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (citations and internal quotation marks omitted).

The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendant. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

**REQUEST FOR PRODUCTION NO. 32:** Any documents concerning your job description, duties and responsibilities with Repromedix Corp.

**OBJECTION:** Johnson objects to this Request on the grounds that it is duplicative of Request No. 8. Johnson hereby incorporates by reference his Response to Request No. 8.

John R. Bauer, Esq.
January 19, 2006
Page 30

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production is not duplicative of Request No. 8, inasmuch as this request for production seeks documents concerning Defendant Johnson's job description. To the extent Defendant Johnson incorporates his objections to Request No. 25 by reference, Plaintiffs hereby incorporate their reasons why Defendant Johnson's objection to Request No. 25 should be withdrawn or overruled by reference.

**REQUEST FOR PRODUCTION NO. 33:** Any business cards collected by you during your employment with genX.

**OBJECTION:** Johnson objects to this Request on the grounds that it is overly broad and unduly burdensome. Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objections pertaining to over breadth and undue burden are without merit. This request for production is properly limited in temporal scope to the period post-dating Defendant Johnson's commencement of employment with Defendant Repromedix Corp., a period relevant to this case. Moreover, with respect to the claim of undue burden, "discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (D. Mass. March 8, 1996)(citations and internal quotation marks omitted).

The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this request for production seeks tangible things that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

**REQUEST FOR PRODUCTION NO. 34:** Any lap top computers, PDAs, and/or cellular telephones in your possession.

**OBJECTION:** Johnson objects to this Request on the grounds that it is unduly burdensome. Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this Request on the grounds that it seeks the production of documents containing Repromedix's confidential and proprietary business information.

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 31

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Defendant Johnson may be housing such information in technology listed in this request for production. As such, this request for production seeks tangible things that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

Additionally, the objection pertaining to undue burden is equally without merit. In this regard, Defendant Johnson is reminded that "discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (D. Mass. March 8, 1996)(citations and internal quotation marks omitted).

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that its disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendants. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

**REQUEST FOR PRODUCTION NO. 36:** Any document or tangible thing obtained by you as a result of your employment with genX and retained by you after your termination of employment with genX, including but not limited to files, software, disks, data compilations, and/or telephone numbers.

**OBJECTION:** Johnson objects to this Request on the grounds that it is vague, overly broad, and duplicative of Request Nos. 10 and 22. Johnson hereby incorporates by reference his Responses to Request Nos. 10 and 22.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** This request for production uses plain and unambiguous language. Therefore, any objection on grounds of vagueness lacks merit. Similarly, the objection pertaining to over breadth is without merit. This request for production is necessarily limited in temporal scope to the period post-dating Defendant Johnson's commencement of employment with Plaintiffs, a period relevant to this case.

Moreover, this request for production is not duplicative of Request Nos. 10 and 22, inasmuch as this request for production seeks tangible things in addition to documents. To the extent Defendant Johnson incorporates his objections to Request Nos. 10 and 22 by reference, Plaintiffs hereby

# SIEGEL, O'CONNOR, O'DONNELL & BECK, P.C.

John R. Bauer, Esq.
January 19, 2006
Page 32

incorporate their reasons why Defendant Johnson's objection to Request No. 25 should be withdrawn or overruled by reference.

**REQUEST FOR PRODUCTION NO. 37:** Any and all compilations of information containing prospective or potential customer or client information created or maintained by you.

**OBJECTION:** Johnson objects to this Request on the grounds that it is overly broad, unduly burdensome, and vague, including, without limitation, with respect to the phrases, "compilations of information," and "prospective or potential customer or client information." Johnson further objects to this Request on the grounds that it seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Johnson further objects to this request on the ground that it seeks the production of documents that contain Repromedix's confidential and proprietary business information.

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** The objections to this request for production pertaining to over breadth and undue burden are without merit. In this regard, Defendant Johnson is reminded that "discovery may not be avoided merely because it may involve inconvenience and expense." *Duncan*, 1996 WL 121730, at *2 (D. Mass. March 8, 1996)(citations and internal quotation marks omitted).

Further, this request for production uses plain and unambiguous language. The phrases "compilations of information," and "prospective or potential customer or client information" mean what they say. Therefore, any objection on grounds of vagueness lacks merit.

The objection to this request for production on grounds of relevance is totally devoid of merit. Plaintiffs allege, *inter alia*, that Defendant Johnson misappropriated their confidential, proprietary and trade secret information and disclosed such information to Defendant Repromedix Corp. Plaintiffs also allege that Defendant Johnson has improperly contacted and solicited their clients and customers for his and Repromedix Corp.'s benefit. As such, this request for production seeks documents that are inescapably relevant to Plaintiffs' claims. *See Church of Scientology of Boston*, 138 F.R.D. at 10 ("Relevancy is to be broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action")(citations and internal quotation marks omitted)(emphasis in the original).

Moreover, it is well settled that a party seeking judicial protection from disclosing its confidential or proprietary information bears the burden of showing that the information is, indeed, confidential and proprietary and that disclosure would be harmful. *See ITT Electro-Optical Products Div. of ITT Corp.*, 161 F.R.D. at 231 (citations omitted). Further, even assuming, *arguendo*, that the information is confidential or proprietary and its disclosure would be harmful, Plaintiffs clearly can show a particularized need for the information based on the nature of their claims against Defendant. *See id.* (disclosure of confidential or trade secret information may be had where party seeking information demonstrates that information is relevant and necessary to cause of action)(citations omitted). Accordingly, the objection on grounds of confidentiality lacks merit.

John R. Bauer, Esq.
January 19, 2006
Page 33

**REQUEST FOR PRODUCTION NO. 38:** All advertisements, fliers, or other communications used or relied upon by you to announce the commencement of your involvement with Repromedix Corp.

**OBJECTION:** Johnson objects to this Request on the grounds that it is vague, including, without limitation, with respect to the phrase, "involvement with Repromedix."

**REASON DEFENDANT'S OBJECTION SHOULD BE WITHDRAWN OR OVERRULED:** this request for production uses plain and unambiguous language. The phrase "involvement with Repromedix" means what it says. Therefore, any objection on grounds of vagueness lacks merit.

Please call me so that we may schedule a conference in accordance with Local Rule 37.1 to further discuss these issues.

Thank you.

Very truly yours,

Glenn A. Duhl

```
************************
***   RX REPORT   ***
************************


      RECEPTION OK

      TX/RX NO              5403
      CONNECTION TEL                 860 527 5131
      SUBADDRESS
      CONNECTION ID
      ST. TIME             01/19 16:32
      USAGE T              05'29
      PGS.                   23
      RESULT               OK
```

```
*********************
***   RX REPORT   ***
*********************
```

INCOMPLETE RECEPTION

```
TX/RX NO              5401
CONNECTION TEL                 860 527 5131
SUBADDRESS
CONNECTION ID
ST. TIME              01/19 16:26
USAGE T               02'46
PGS.                   12
RESULT               NG        ##106
```

Exhibit H

# ROBINSON & COLE LLP

MELISSA M. D'ALELIO

One Boston Place
Boston, MA 02108-4404
Main (617) 557-5900
Fax (617) 557-5999
mdalelio@rc.com
Direct (617) 557-5924

February 13, 2006

**VIA U.S. MAIL**

Glenn A. Duhl, Esq.
Siegel, O'Connor, O'Donnell & Beck, P.C.
150 Trumbull Street
Hartford, CT 06103

Re:   **GenX International, Inc. and IVFonline.com, LLC v. Jeremy Johnson and
      Repromedix Corp., No. 05-CV-10419(DPW)**

Dear Attorney Duhl:

Enclosed please find Jeremy Johnson's Supplemental Responses to Plaintiffs' First Set of
Interrogatories and Requests for Production.  Please recall that, by agreement, these responses
are for attorneys' eyes only.  In no event are said responses to be shared with either of the
Plaintiffs in the above-referenced action.

Should you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

Melissa M. D'Alelio

Enclosures
cc: John R. Bauer

Law Offices

BOSTON

HARTFORD

NEW LONDON

STAMFORD

WHITE PLAINS

NEW YORK CITY

SARASOTA

*www.rc.com*     BOST1-880249-1

ATTORNEYS' EYES ONLY

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENX INTERNATIONAL, INC. and IVFONLINE.COM, LLC | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | )<br>)<br>) |
| JEREMY JOHNSON and REPROMEDIX CORP., | )<br>) |
| Defendants. | )<br>) |

CIVIL ACTION NO. 05-CV-10419(DPW)

## JEREMY JOHNSON'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Defendant Jeremy Johnson ("Johnson"), by his attorneys, hereby supplements his responses to Plaintiffs'[1] First Set of Interrogatories and Requests for Production to Defendant Jeremy Johnson ("Johnson's Original Responses"). By agreement of the parties, these supplemental responses are designated "Attorneys' Eyes Only" and are being provided only to Plaintiffs' counsel. Plaintiffs' counsel may not disclose these supplemental responses or the contents of these supplemental responses to Plaintiffs or any third party without permission of Defendants' counsel.

Reasserting the objections set forth in Repromedix's Original Responses, Johnson hereby supplements his Original Responses to Interrogatory Nos. 4, 6 and 11:

Since Johnson began working for Repromedix Corp. ("Repromedix"), he has solicited potential customers on behalf of Repromedix that he previously had solicited on behalf of

---

[1]GenX International, Inc. and IVFonline.com, LLC mistakenly refer to themselves as "Defendants" in the heading of their First Set of Interrogatories and Requests for Production to Defendant Jeremy Johnson.

ATTORNEYS' EYES ONLY

IVFonline.com, LLC ("IVFonline") while he was employed there (henceforth, the ("Johnson Contacts").  The Johnson Contacts are:

**REDACT**

The following Johnson Contacts had done business with Repromedix prior to Johnson's employment there:

**REDACT**

The following Johnson Contacts had not done business with Repromedix prior to Johnson's employment there, but have done business with Repromedix subsequent to Johnson's joining Repromedix:

**REDACT**

ATTORNEYS' EYES ONLY

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 9TH DAY OF
FEBRUARY 2006.

Jeremy Johnson

As to the Objections:

**Jeremy Johnson.**
By his attorneys,

John R. Bauer, BBO # 640742
Melissa M. D'Alelio, Bar Admission Pending
**ROBINSON & COLE LLP**
One Boston Place
Boston, MA  02108-4404
(617) 557-5900

Dated:  February 13th, 2006

## CERTIFICATE OF SERVICE

I, Melissa M. D'Alelio, hereby certify that on February 13th, 2006, I caused a copy of the
foregoing to be mailed by first class mail to Plaintiffs' counsel of record.

Melissa M. D'Alelio

Exhibit I

## D'Alelio, Melissa M.

**From:** Michael Spagnola [mspagnola@siegeloconnor.com]
**Sent:** Thursday, February 16, 2006 3:54 PM
**To:** D'Alelio, Melissa M.
**Cc:** Glenn Duhl
**Subject:** Plaintiffs' Discovery Requests and Defendants' Objections

Melissa – as you requested, here is the list of our discovery requests to which you have objected and that we still need to attempt to resolve.

### Repromedix

Interrogatories 1, 2, 4, 10, 11 and 12 and Requests for Production 1, 2, 3, 15, 16, 17, 18, 23, 25, 27, 28, 29, 30, 33, 34 and 35. On February 2, John let us know that Repromedix agreed to give us the names of all genX/IVFonline customers who Jeremy has contacted on Repromedix' behalf. This list would be responsive to Request 25 (please take note that we believe there may be other documents or tangible things responsive to Request 25) and partially responsive to Interrogatory 10. However, we have yet to receive this list from you.

### Johnson

Interrogatories 2, 4, 6, and 11 and Requests for Production 1, 2, 4, 15, 16, 17, 18, 23, 25, 26, 28, 30, 31, 33, 34 and 37. The list of names of all genX/IVFonline customers who Jeremy has contacted on Repromedix' behalf would be responsive to Requests 25 and 26 (please take note that we believe there may be other documents or tangible things responsive to Requests 25 and 26) and partially responsive to Interrogatory 11. However, we have yet to receive this list from you.

In light of the fact that we have explained in our letters to John dated December 8, 2005 and January 19, 2006 why we believe your objections to the aforementioned discovery requests should be withdrawn or overruled, rather than get bogged down in another telephonic conference, we would ask that you inform us whether you will withdraw or narrow your objections by Tuesday, February 21.

Please let me know if you have any questions or concerns.

I look forward to hearing from you.

Thanks.

Michael J. Spagnola
Siegel, O'Connor, O'Donnell & Beck, P.C.
150 Trumbull Street
Hartford, CT 06103
(860) 727-8900, Ext. 888
(860) 527-5131 -- fax
mspagnola@siegeloconnor.com

This message has been sent from the law firm of Siegel, O'Connor, O'Donnell & Beck, P.C. and contains information which is confidential and/or privileged. If you are not the intended recepient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy. Thank you.

Exhibit J

## D'Alelio, Melissa M.

| | |
|---|---|
| **From:** | D'Alelio, Melissa M. |
| **Sent:** | Wednesday, February 22, 2006 9:34 AM |
| **To:** | 'Michael Spagnola' |
| **Cc:** | Bauer, John R. |
| **Subject:** | Repromedix |

Good Morning, Mike,

Thank you for your e-mail summarizing the discovery concerns you have in the above-referenced action. We anticipate providing you with a written response to your e-mail today or tomorrow. Please be assured that we will be happy to participate in the discovery conference required by the local rules. As always, please do not hesitate to contact me in the meantime with any questions or concerns.

Thanks,
Melissa

> -----Original Message-----
> **From:** Michael Spagnola [mailto:mspagnola@siegeloconnor.com]
> **Sent:** Thursday, February 16, 2006 3:54 PM
> **To:** D'Alelio, Melissa M.
> **Cc:** Glenn Duhl
> **Subject:** Plaintiffs' Discovery Requests and Defendants' Objections
>
> Melissa – as you requested, here is the list of our discovery requests to which you have objected and that we still need to attempt to resolve.
>
> ### Repromedix
>
> Interrogatories 1, 2, 4, 10, 11 and 12 and Requests for Production 1, 2, 3, 15, 16, 17, 18, 23, 25, 27, 28, 29, 30, 33, 34 and 35. On February 2, John let us know that Repromedix agreed to give us the names of all genX/IVFonline customers who Jeremy has contacted on Repromedix' behalf. This list would be responsive to Request 25 (please take note that we believe there may be other documents or tangible things responsive to Request 25) and partially responsive to Interrogatory 10. However, we have yet to receive this list from you.
>
> ### Johnson
>
> Interrogatories 2, 4, 6, and 11 and Requests for Production 1, 2, 4, 15, 16, 17, 18, 23, 25, 26, 28, 30, 31, 33, 34 and 37. The list of names of all genX/IVFonline customers who Jeremy has contacted on Repromedix' behalf would be responsive to Requests 25 and 26 (please take note that we believe there may be other documents or tangible things responsive to Requests 25 and 26) and partially responsive to Interrogatory 11. However, we have yet to receive this list from you.
>
> In light of the fact that we have explained in our letters to John dated December 8, 2005 and January 19, 2006 why we believe your objections to the aforementioned discovery requests should be withdrawn or overruled, rather than get bogged down in another telephonic conference, we would ask that you inform us whether you will withdraw or narrow your objections by Tuesday, February 21.
>
> Please let me know if you have any questions or concerns.
>
> I look forward to hearing from you.
>
> Thanks.

Exhibit K

# ROBINSON & COLE LLP

JOHN R. BAUER

One Boston Place
Boston, MA 02108-4404
Main (617) 557-5900
Fax (617) 557-5999
jbauer@rc.com
Direct (617) 557-5936

February 27, 2006

**By E-mail and First-Class Mail**

Glenn A. Duhl, Esq.
Siegel, O'Connor, O'Donnell & Beck, P.C.
150 Trumbull Street
Hartford, CT  06103

**Re:    GenX International, Inc. and IVFonline.com, LLC v. Jeremy Johnson
        and Repromedix Corp., Civ. Act. No. 05-10419DPW**

Dear Glenn:

This is in response to Michael Spagnola's February 16, 2006 e-mail to
Melissa D'Alelio in which he requests that Defendants withdraw or narrow objections
they have asserted in response to several of Plaintiffs' discovery requests. While we
explained Defendants' objections to you in our last discovery conference, I have set
them out in writing here so as to create a more complete record in anticipation of
Plaintiffs' Motion to Compel. I understand that Mr. Spagnola has suggested that
counsel forego being "bogged down in another telephone conference," however the
local rules of the District of Massachusetts clearly obligate counsel to confer prior to
filing discovery motions. I understand that we are going to confer by telephone this
morning. I look forward to that call.

Below, I have attempted to explain the grounds for Defendants' objections to
the discovery requests identified in Mr. Spagnola's February 16 e-mail. For the
reasons set forth below, Defendants will not withdraw their objections at this time.
However, I look forward to your responses to these explanations in our discovery
conference later this morning.

**Discovery Requests to Mr. Johnson**

Interrogatory No. 2. You requested information concerning immigration
petitions that Jeremy Johnson ("Johnson") filed subsequent to September 1, 2004.
Johnson asserted relevance objections and you have not even attempted to explain
why that information is relevant to the litigation.



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

WHITE PLAINS

NEW YORK CITY

SARASOTA

*www.rc.com*    BOST1-881249-1

# ROBINSON & COLE LLP

Glenn A. Duhl, Esq.
February 27, 2006
Page 2

<u>Interrogatory Nos. 4, 6, 11.</u>  You requested that Johnson identify all Repromedix Corporation ("Repromedix") customers that he has serviced, contacted or communicated with on behalf of Repromedix.  In his Supplemental Responses, Johnson indicated that since he began working for Repromedix, he has solicited potential customers on behalf of Repromedix that he previously had solicited on behalf of IVFonline.com, LLC ("IVFonline") while he was employed there.  He also identified those customers and indicated which were customers of Repromedix before he began working at Repromedix and which had become customers of Repromedix only after he began working there.  Johnson continues to object to your requests that he identify all Repromedix customers that he has serviced or contacted on the grounds that such information is not relevant to this litigation.

<u>Request Nos. 1, 2, 23, 37.</u>  You requested "[a]ny and all compilations of information containing customer or client information created or maintained by you since September 1, 2004" and "[a]ny and all client contact lists you have maintained since September 1, 2004."  You also have requested documents concerning customers or former customers of genX.  If you are requesting that Johnson produce any IVFonline customer list or contact list or customer information that he obtained or compiled while he was employed by IVFonline, Johnson already has indicated he has no such documents in his possession, custody or control.  If your request is that Johnson turn over customer or contact information that he has collected since being at Repromedix, Johnson continues to assert his objections to these Requests, including his objection that the Requests seek documents that are irrelevant to the litigation.

<u>Request No. 4.</u>  You have requested that Johnson produce W-2s, IRS Form 1099s and state and federal income tax returns.  Johnson objected to this Request on grounds of relevance and you have not even attempted to explain how Johnson's tax information is remotely relevant to this litigation.

<u>Request Nos. 15, 16.</u>  You have requested documents concerning accounts or potential accounts to which Johnson has been assigned or which he has serviced since being at Repromedix Corp., and his communications with customers or potential customers of Repromedix.  Again, in his Supplemental Responses, Johnson indicated that since he began working for Repromedix, he has solicited potential customers on behalf of Repromedix that he previously had solicited on behalf of IVFonline while he was employed there.  He also identified those customers and indicated which were customers of Repromedix before he began working at Repromedix and which had become customers of Repromedix only after he began working there. Your requests that he produce all documents concerning *all* accounts and *all* potential accounts that



# ROBINSON & COLE LLP

Glenn A. Duhl, Esq.
February 27, 2006
Page 3

he has serviced since being at Repromedix and all documents concerning communications with *all* clients and potential clients are overbroad and seek the production of confidential Repromedix documents that have no bearing on this litigation.

Request No. 17. You have requested that Johnson produce all documents concerning any bids for accounts that Johnson assisted Repromedix in preparing. Johnson continues to object to this Request for the same reasons that he continues to object to Request Nos. 15 and 16.

Request No. 18. You have requested all documents concerning Johnson's wages, commissions, bonuses, or other remuneration while at Repromedix. Johnson objected to this Request on the grounds that it is overly broad and seeks confidential documents that are irrelevant to the issues in this litigation. You have not even attempted to explain why these documents are relevant to the litigation.

Request Nos. 25 and 26. You have requested all documents from which an accounting may be made of Johnson's contacts with genX customers while he has been working at Repromedix. Johnson already has identified the IVFonline customers with whom he had contact since he began working for Repromedix. Accordingly, Johnson reasserts his objections to these Requests.

Request No. 28. You have requested that Johnson produce all Johnson's business related expense receipts since he commenced your employment with Repromedix. Johnson objected to this Request on the grounds that it is overly broad and seeks documents that are irrelevant to the litigation. You have made no effort to explain how these documents are even remotely related to this litigation.

Request No. 30. You have requested all "documents and/or records concerning each telephone number used by" Johnson in connection with his business with Repromedix. Presumably, you are requesting copies of his telephone records to identify every telephone call that Johnson has made or received since being at Repromedix. Johnson objected to this Request as overbroad and on the grounds that it seeks the production of confidential documents that have no relevance to this litigation. You have made no effort to explain why Johnson's telephone records are relevant to the litigation.

Request No. 31. You have requested that Johnson produce calendars, day timers, and the like that he has utilized since being at Repromedix. Again, it would appear the purpose of this Request is to identify every business contact that Johnson



# ROBINSON & COLE LLP

Glenn A. Duhl, Esq.
February 27, 2006
Page 4

has made since being at Repromedix. Johnson objected to this Request as overbroad and on the grounds that it seeks the production of confidential documents that have no relevance to this litigation. You have made no effort to explain why Johnson's calendars are relevant to this litigation.

Request No. 33. You have requested that Johnson produce any business cards that he collected while employed by genX or IVFonline. Johnson objected to the Request on the grounds that it is overly broad and on the grounds that it seeks the production of documents that simply are not relevant to the litigation. Johnson has retained some business cards that he obtained from other sales representatives while he was at IVFonline. He also has retained business cards that he obtained for non-business purposes while he was at IVFonline. These business cards have no relevance to this litigation.

Request No. 34. You have requested that Johnson produce "[a]ny lap top computers, PDAs, and/or cellular telephones in [his] possession." Johnson objected to this extraordinary Request on multiple grounds, including the grounds that it seeks the production of things that are unrelated to this litigation. Quite honestly, I never have seen such a request and I look forward to your justification for this Request. In the meantime, Johnson stands by his objections.

### Discovery Requests to Repromedix

Interrogatory Nos. 1, 10, 12. You requested that Repromedix identify all customers and potential customers that Johnson serviced, contacted or communicated with on behalf of Repromedix. In his Supplemental Responses, Johnson indicated that since he began working for Repromedix, he has solicited potential customers on behalf of Repromedix that he previously had solicited on behalf of IVFonline while he was employed there. He also identified those customers and indicated which were customers of Repromedix before he began working at Repromedix and which had become customers of Repromedix only after he began working there. Repromedix continues to object to your requests that it identify *all* Repromedix customers that Johnson has serviced or contacted on the grounds that such information is not relevant to this litigation.

Interrogatory Nos. 2, 4, 11. You have requested that Repromedix identify customers or potential customers that it has serviced, with which it has entered into contracts, or with which it has had communications. Repromedix objected to these Interrogatories as overly broad. For much the same reason, Repromedix also objected



# ROBINSON & COLE LLP

Glenn A. Duhl, Esq.
February 27, 2006
Page 5

on the grounds that the interrogatories seek information that is relevant to the litigation. I look forward to your explanation why such broad requests are proper.

<u>Request Nos. 1, 2, 3.</u> You have requested that Repromedix produce its customer list, mailing list and all documents that it has provided to its customers. For essentially the same reasons that Repromedix objected to Interrogatory Nos. 2, 4 and 11, Repromedix has objected to these Requests as overly broad and not focused on the production of relevant documents. You have not even attempted to explain why documents concerning *all* Repromedix's customers are relevant to this litigation and why such broad Requests are proper.

<u>Request Nos. 15, 16 17.</u> You have requested all documents concerning all Repromedix customers or potential customers that Johnson has serviced, contacted or communicated with on behalf of Repromedix. In his Supplemental Responses, Johnson indicated that since he began working for Repromedix, he has solicited potential customers on behalf of Repromedix that he previously had solicited on behalf of IVFonline while he was employed there. He also identified those customers and indicated which were customers of Repromedix before he began working at Repromedix and which had become customers of Repromedix only after he began working there. Insofar as these Requests focus on all Repromedix customers with which Johnson has had contact, Repromedix continues to object to your Requests as overly broad and on the grounds that they seek documents that are not relevant to this litigation.

<u>Request No. 18.</u> You have requested all documents concerning Johnson's compensation since joining Repromedix. Repromedix has objected to this Request on the grounds that it seeks the production of documents not relevant to this litigation. You have made no effort to explain why these documents bear any relevance to this action.

<u>Request No. 23.</u> You have requested that Repromedix produce all documents concerning current or former genX customers. Repromedix objected on multiple grounds and has stated that it lacks knowledge of genX customers or former customers. Insofar as Repromedix cannot identify genX's customers or former customers, it cannot produce documents concerning those customers or former customers.

<u>Request No. 25.</u> You have asked that Repromedix produce all documents from which an accounting may be made of all contacts Johnson has had with genX customers. Again, Repromedix has stated that it lacks knowledge of genX customers



# ROBINSON & COLE LLP

Glenn A. Duhl, Esq.
February 27, 2006
Page 6

or former customers. Insofar as Repromedix cannot identify genX's customers or former customers, it cannot produce documents concerning those customers or former customers.

Request No. 27. You have requested all documents concerning Johnson's business related expenses since being at Repromedix. Repromedix objected to this Request on the grounds that it seeks documents irrelevant to this litigation. You have not indicated why these documents bear any relevance to this litigation.

Request No. 28. You have requested all documents, including pleadings and deposition transcripts, concerning litigation to which Repromedix was a party. Presumably, your request is aimed at litigation other than this litigation. Repromedix has objected to this request on the grounds that it seeks documents that bear no relevance whatsoever to this litigation. You have made no effort to explain why such documents are relevant to this litigation.

Request No. 29. You have requested all "documents and/or records concerning each telephone number used by" Johnson in connection with his business with Repromedix. Presumably, you are requesting copies of Johnson's telephone records to identify every telephone call that Johnson has made or received since being at Repromedix. Repromedix objected to this Request as overbroad and on the grounds that it seeks the production of confidential documents that have no relevance to this litigation. You have made no effort to explain why Johnson's telephone records are relevant.

Request No. 30. You have requested all calendars and the like used by "any Repromedix employee since September 1m 2004." Obviously, this Request is unreasonably overbroad and seeks the production of documents that are not relevant to this litigation. You have made no efforts to explain why these devices are relevant to this litigation or why such broad Requests are proper.

Request No. 33. You have requested all documents concerning Repromedix's "interpretation" of any employment contract between Johnson and genX. Repromedix continues to assert that this Request is vague and that it seeks the production of documents subject to the attorney-client privilege or work product protection.

Request No. 34. You have requested "[a]ny data compilation concerning any business." I doubt that I have seen a broader Document Request than this in any litigation with which I have been involved. Repromedix objected to this Request on



# ROBINSON & COLE LLP

Glenn A. Duhl, Esq.
February 27, 2006
Page 7

multiple grounds and reasserts those objections, though I look forward to your explanation why this Request is even arguably proper.

　　　Request No. 35.  You have requested documents concerning Johnson's immigration status. Repromedix objected to this Request on the grounds that it requests documents having no relevance to this litigation.  You have made no efforts to explain why Johnson's immigration status bears any relevance to this litigation.

　　　I look forward to our discussion this morning concerning Defendants' objections to Plaintiffs' discovery requests.

Sincerely,

John R. Bauer

cc:　　Melissa D'Alelio



Exhibit L

LEXSEE 1999 US DIST LEXIS 8908

**VNA PLUS, INC., Plaintiff, v. APRIA HEALTHCARE GROUP, INC., et al., Defendants.**

**CIVIL ACTION No: 98-2138-KHV**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**

*1999 U.S. Dist. LEXIS 8908*

**June 8, 1999, Decided**
**June 8, 1999, Filed, Entered on the Docket**

**NOTICE:** [*1]  FOR ELECTRONIC PUBLICATION ONLY

**DISPOSITION:** Plaintiff's Motion to Compel Production of Documents and Answers to Interrogatories (doc. 69) sustained in part and overruled in part and Plaintiff's Motion for Sanctions (doc. 73) overruled in its entirety.

**COUNSEL:** For VNA PLUS, INC., plaintiff: Lawrence A. Rouse, William D. Beil, Rouse, Hendricks, German, May & Shank, Kansas City, MO.

For APRIA HEALTHCARE GROUP, INC, APRIA HEALTHCARE, INC., defendants: Todd W. Ruskamp, Joseph G. Matye, Shook, Hardy & Bacon L.L.P., Kansas City, MO.

For APRIA HEALTHCARE GROUP, INC, APRIA HEALTHCARE, INC., defendants: Ellen S Robbins, Sidley & Austin, Chicago, IL.

For APRIA HEALTHCARE GROUP, INC, APRIA HEALTHCARE, INC., defendants: Robert Fabrikant, Richard T Peters, Matthew E Sloan, Sidley & Austin, Los Angeles, CA.

For APRIA HEALTHCARE GROUP, INC, APRIA HEALTHCARE, INC., counter-claimants: Todd W. Ruskamp, Joseph G. Matye, Shook, Hardy & Bacon L.L.P., Kansas City, MO.

For APRIA HEALTHCARE GROUP, INC, APRIA HEALTHCARE, INC., counter-claimants: Ellen S Robbins, Sidley & Austin, Chicago, IL.

For APRIA HEALTHCARE GROUP, INC, APRIA HEALTHCARE, INC., counter-claimants: Robert Fabri-

kant, Richard [*2]  T Peters, Matthew E Sloan, Sidley & Austin, Los Angeles, CA.

For VNA PLUS, INC., counter-defendant: Lawrence A. Rouse, William D. Beil, Rouse, Hendricks, German, May & Shank, Kansas City, MO.

**JUDGES:** Gerald L. Rushfelt, United States Magistrate Judge.

**OPINIONBY:** Gerald L. Rushfelt

**OPINION:**

### MEMORANDUM AND ORDER

The court has under consideration Plaintiff's Motion to Compel Production of Documents and Answers to Interrogatories (doc. 69) and Plaintiff's Motion for Sanctions (doc. 73). Defendants oppose both motions.

#### Motion to Compel

Pursuant to *Fed. R. Civ. P. 37(a)(2)(B)*, plaintiff seeks an order to compel defendants Apria Healthcare Group, Inc. and Apria Healthcare, Inc. to fully answer its First Set of Interrogatories and produce a privilege log and all documents responsive to Requests 20, 24, 41, and 42 of its First Request for Production of Documents. Pursuant to *Fed. R. Civ. P. 37(a)(4)(A)*, plaintiff seeks reimbursement of all expenses incurred in connection with the motion to compel. Defendants oppose the motion on its merits. They also suggest plaintiff has failed to comply with the conference requirements of *Fed. R. Civ. P. 37* and D.Kan. Rule 37.2.

#### A. Conference [*3]  Requirements

*Fed. R. Civ. P. 37(a)(2)(B)* directs movants to include with a motion to compel a certification that they have "in good faith conferred or attempted to confer with

the person or party failing to make the discovery in an effort to secure the information or material without court action." D.Kan. Rule 37.2 states in pertinent part that "every certification required by *Fed. R. Civ. P. 26(c)* and *37 . . .* related to the efforts of the parties to resolve discovery or disclosure disputes shall describe the steps taken by all counsel to resolve the issues in dispute." These requirements encourage parties to satisfactorily resolve their discovery disputes prior to resorting to judicial intervention. *Nave v. Artex Mfg., Inc., 1997 U.S. Dist. LEXIS 5334,* No. Civ.A. 96-2002- *EEO, 1997 WL 195913,* at *1 (D. Kan. Apr. 16, 1997). "Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere." *Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D. 295, 302 (D. Kan. 1996).*

Plaintiff has certified compliance with D.Kan. Rule 37.2 [*4] (*See* Certificate of Compliance with Local Rule 37.2, attached as Ex. C to Pl.'s Mot. Compel, doc. 69.) Counsel for plaintiff certified "that a good faith effort was made with defendants' counsel to confer regarding defendants' failure to adequately answer interrogatories, supply a privilege log, and produce discoverable documents." (*Id.*) The certification identifies only two steps taken to resolve the dispute: mailing a "golden rule" letter and a subsequent oral attempt to convince defendants to meet the requests of that letter. (*Id.* PP 3 and 5.)

By reply brief plaintiff sets forth additional steps taken to resolve the dispute prior to seeking judicial intervention. It states that, prior to its demand letter, it "made numerous attempts to reach an understanding with [defendants] concerning its [sic] response to discovery requests." (Reply to Defs.' Brief in Opp'n [hereinafter Reply], doc. 92, at 2.) It claims that, "during multiple conversations and phone calls, the parties discussed 'what [plaintiff] was seeking, what [defendants] were reasonably capable of producing, and what specific issues could not be resolved without judicial intervention.'" (*Id.*) It [*5] also claims to have tried to persuade defendants to respond to its motion to compel. (*Id.*) It states:

After [defendants] failed to adequately respond to interrogatories due on March 26, 1999, counsel for [plaintiff] spoke to [defense] counsel on April 2, 1999, informing him that [plaintiff] had prepared a motion to compel and giving him two weeks to respond. At this time, Defendants' counsel did not complain that [plaintiff] had failed to confer in good faith, made

no offer to produce the information requested, and made no claim that it misunderstood [plaintiff's] position so as to necessitate further discussion of the issue. This matter would not have been brought to this Court's attention had [defendants] responded in good faith at this time.

When [plaintiff] received no response on April 15, it waited another week before contacting [defendants] on April 22 to once again request compliance with discovery. During this conversation, counsel for [plaintiff] explicitly reminded [defendants] that he had not received a response to the pending motion to compel. See Letter of William D. Beil, counsel for [plaintiff], dated April 22, 1999, attached [*6] as Exhibit A) [sic]. Again, [defendants] did not claim [plaintiff] had failed to confer in good faith nor did it communicate any desire whatsoever to pursue further discussions of the issue. In fact, [defendants] did not respond in any manner to [plaintiff's] efforts to resolve this dispute until it forced [plaintiff] to bring the matter to this Court's attention on April 28.

(*Id.* at 2-3.)

Defendants claim plaintiff "did nothing more than send a letter to counsel demanding that certain discovery be provided within one week and identifying the letter as its 'good faith attempt to meet and confer.'" (Defs.' Brief in Opp'n, doc. 81, at 1.) They contend they promptly notified plaintiff that the letter did not satisfy its obligation to meet and confer in good faith. They remember no subsequent oral discussions regarding the dispute before the motion to compel. They state that, "at best, counsel for [plaintiff] reiterated its demand that [they] comply with the terms of the letter." (*Id.* at 2.) They assert that, "no discussion took place concerning what [plaintiff] was actually seeking, what [defendants] were reasonably capable of producing, and what specific [*7] issues could not be resolved without judicial intervention." (*Id.*)

One letter between counsel which addresses the discovery dispute does not satisfy the duty to confer. *Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D. 295, 302 (D. Kan. 1996).* "A 'reasonable effort to confer' means more than mailing a letter to opposing counsel." *Porter v. Brancato, 1997 U.S. Dist. LEXIS 4005,* No. Civ.A. 96-2208- *KHV, 1997 WL 150050,* at *1 (D. Kan. Feb. 24, 1997). One letter demanding discovery to be produced within a week, in conjunction with a subsequent demand for compliance with that letter, also fails

to satisfy the duty to confer. "A 'reasonable effort to confer' normally 'requires that counsel converse, confer, compare views, consult and deliberate.'" *Augustine v. Adams, 1997 U.S. Dist. LEXIS 6998,* No. Civ.A. 95-2489- *GTV, 1997 WL 260016,* at *2 (D. Kan. May 8, 1997) (quoting *Porter, 1997 WL 150050,* at *1). The steps set forth in the certificate of compliance reveal no reasonable effort to confer.

In its reply brief, plaintiff mostly sets forth efforts to confer which occurred after it filed the motion to compel. The court does not regard those efforts as compliance with *Fed. R. Civ. P. 37* and D.Kan. Rule 37.2. The moving [*8] party must make a reasonable effort to resolve the dispute before filing the motion. *Ballou v. University of Kan. Med. Ctr., 159 F.R.D. 558, 560 (D. Kan. 1994).* Efforts to confer after the filing of a motion do not satisfy the conference requirements of the Federal Rules of Civil Procedure or the Rules of Practice of the United States District Court for the District of Kansas.

Plaintiff also states in the reply brief, however, that it made a number of attempts to resolve the present dispute prior to its demand letter. It also claims that the parties often discussed the discovery dispute prior to its filing the motion to compel. Although plaintiff should have identified these efforts in its certificate of compliance, the court will generally consider all identified efforts to confer when determining whether a party has satisfied its duty to confer. When a party certifies compliance with conference requirements, whether by a separate document or within the motion and supporting memoranda, it should set forth with particularity the steps taken to resolve the dispute. *See Miller v. Brungardt, 1996 U.S. Dist. LEXIS 4075,* No. Civ.A. 94-2518- *GTV, 1996 WL 146725,* at *2 (D. Kan. Mar. 28, 1996). Using general [*9] terms to describe the process does not suffice. *Id.*

The general assertions of plaintiff contrast with those of defendants. Although plaintiff might have described the process more specifically, the court will not overrule the motion for its lack in this regard. The motion and memoranda demonstrate some efforts to confer. Whether the efforts are reasonable depends in large part on whether the court accepts the assertions of plaintiff or those of defendants. The court need not decide the issue here. Were it to find inadequate efforts to confer, it would exercise its discretion to consider the motion on its merits. Trial is less than a month away. It would unduly prejudice plaintiff not to resolve the motion on its merits at this late date. In such circumstances the court appropriately waives strict compliance with the conference requirements. *Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D. 295, 302 (D. Kan. 1996).*

**B. General Objection to Temporal Scope of Interrogatories**

The court next addresses the merits of the motion to compel. Plaintiff first wants the court to overrule a general objection to the temporal scope of its interrogatories. It defined the [*10] relevant time period for the requested information as January 1, 1994, to the present. Defendants object that the definition is overly broad and encompasses information that is neither admissible nor calculated to lead to the discovery of admissible evidence. They limited their answers to Interrogatories 2, 3, 4, 5, 8, 9, 19, 22, 23, and 24 to the time period beginning in the summer of 1994 and ending August 11, 1997. They now suggest that their answers, except for Interrogatories 2 and 19, would remain the same had they used the temporal scope suggested by plaintiff. The court construes the suggestion as abandonment of the objection. To avoid dispute, furthermore, defendants agree to answer Interrogatory 2 for the suggested time period, although they do not concede relevance of responsive information except for the period initially answered. Defendants shall, therefore, supplement their answers to Interrogatories 2, 3, 4, 5, 8, 9, 22, 23, and 24 under oath and clarify that the answers are not subject to objections about the temporal scope of the interrogatories. The remaining general objection to the temporal scope remains only as to Interrogatory 19.

The court will address the alleged [*11] deficiencies of the answers to Interrogatories 3, 4, 5, 6(a), 8, 9, 10, 11, 12, 13, 15, 18, 19, and 24:

**C. Interrogatory 3**

Interrogatory 3 asks defendants to identify employees who were "directly responsible" for ensuring that billing and collection were performed in accordance with applicable rules and regulations. Defendants object that the phrase "directly responsible" is vague and ambiguous. They identified those employees who had "primary responsibility" so as to avoid the confusion that might result were the phrase "directly responsible" interpreted to mean anyone whose job description might include training or education. The court overrules the objection. "Primary responsibility" does not equate to "directly responsible." The latter phrase does not appear vague or ambiguous. The fear of confusion appears unwarranted. Employees "directly responsible" should include those who have a specific responsibility as part of their job to ensure that billing and collection were performed in accordance with applicable rules and regulations. The phrase does not cover those employees who merely train or educate others about billing and collection. Such persons are not "directly" [*12] responsible for compliance with rules and regulations. Defendants shall fully answer the Interrogatory 3.

**D. Interrogatories 4 and 5**

Interrogatories 4 and 5 seek information about representatives of defendants who were responsible for training. Interrogatory 4(b) asks defendants to identify documents provided during any training session identified in Interrogatory 4(a). Defendants object that the interrogatories are vague and ambiguous as to the meaning of the phrase "responsible for training" and the term "training." Notwithstanding the objections, defendants identified four individuals. They contend that they fully answered the interrogatories. They suggest that they adequately explain the ambiguity in response to the interrogatories. The court does not find Interrogatories 4 or 5 vague or ambiguous. Defendants shall fully answer them.

Defendants also initially objected that Interrogatory 4(b) had already been "asked and answered." Notwithstanding that objection, they stated that they were unaware of any "training materials" currently available which had not already been produced. In response to the motion they withdraw that objection. They maintain that their answer [*13] is sufficient. The court finds the answer insufficient. The interrogatory does not limit itself to "training materials." It asks defendants to "identify any documents provided by Apria to any VNA plus customer service representative in connection with any training session identified in response to subparagraph 4(a)." That defendants may have already produced documents does not excuse them from identifying the documents. They shall fully answer Interrogatory 4(b).

### E. Interrogatory 6(a)

Plaintiff also wants defendants to fully answer Interrogatory 6(a). In response to the motion defendants rely only upon an objection of irrelevance. They raised no such objection in response to the specific interrogatory. In their "General Objections", however, they set forth the following paragraph:

> 5. Defendant[s'] responses to plaintiff's Interrogatories are submitted to, without waiver of, and intending to fully reserve:

> a. All questions as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose of any of the responses given, or the materials produced, or the subject matter thereof;

> b. The right to object to any other subsequent [*14]

> or pending discovery involving or relating to the same subject matter, including objections based on relevancy for discovery purposes; and

> c. The right at any time to revise, correct, modify, amend or supplement any of the responses set forth herein.

The court accords no weight to these blanket reservations. It regards them as essentially worthless and without legitimate purpose or effect. The court finds no authority for reserving objections. Parties have a duty either to answer discovery or object to it. Providing discovery, furthermore, does not waive objections as to admissibility at trial. The Federal Rules of Civil Procedure provide the means to revise, correct, modify, amend, or supplement responses to discovery. *See Fed. R. Civ. P. 26(e)*. By not asserting an objection of irrelevancy specifically against Interrogatory 6(a), defendants have waived the objection. They shall fully answer the interrogatory.

### F. Interrogatories 8 and 9

Interrogatories 8 and 9 seek identification of documents. In response to the motion defendants assert that they have produced documents containing the answers to the interrogatories. They further assert they will provide [*15] Bates numbers for the produced documents. They purport to invoke *Fed. R. Civ. P. 33(d)*. "Under the guise of *Fed. R. Civ. P. 33(d)* defendants may not simply refer generically to past or future production of documents. They must identify in their answers to the interrogatories specifically which documents contain the answer. Otherwise they must completely answer the interrogatories without referring to the documents." *Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D. 295, 305 (D. Kan. 1996)*. Accordingly, defendants shall fully answer Interrogatories 8 and 9. If they rely upon Rule 33(d), they shall fully comply with its requirements. This includes identifying the documents from which plaintiff may obtain the answers as readily as could defendants. Providing the Bates numbers of produced documents appears sufficient to adequately identify the produced documents.

### G. Interrogatory 10

Interrogatory 10 seeks the identify of certain persons and documents. Defendants agree to supplement their answer with respect to identifying persons. They also agree to identify by Bates numbers all previously pro-

duced documents for which the interrogatory seeks identification. They [*16] assert no objection to the interrogatory in response to the motion. They have thus abandoned whatever objections they had previously asserted. They shall supplement their answer to identify all persons and documents sought to be identified by the interrogatory. They may not limit their identification to documents previously produced, unless they have already produced every document sought to be identified by the interrogatory.

## H. Interrogatory 11

Interrogatory 11 seeks the identification of alleged "false and misleading" statements or representations made by plaintiff to patients of the parties. Defendants assert that they have provided the best information presently available. Such an answer hedges. It suggests defendants have provided less than a fully responsive answer. Unavailability of the best information may reflect nothing more than their own failure to look for it. For instance, they reveal in answer to Interrogatory 11(d) that "the individuals and examples identified in [response to Interrogatory 11] are illustrative only, and represent examples of situations . . .." Defendants shall fully answer Interrogatory 11. If they have answered to the best of their ability [*17] and knowledge, then they shall state so under oath. They should also comply, of course, with supplementation requirements of *Fed. R. Civ. P. 26(e)*.

## I. Interrogatory 12

Interrogatory 12 seeks the identification of defamatory statements made by plaintiff to third parties about defendants. Defendants assert no objection against the interrogatory. They contend that they have provided the best information presently available. They attempt to supplement their answer in response to the motion. That does not suffice. The response to the motion does not equal supplementation to the interrogatory. It should be under oath as required by *Fed. R. Civ. P. 33(b)(1)*. Defendants shall fully answer Interrogatory 12.

## J. Interrogatory 13

Interrogatory 13 asks defendants to "identify each instance in which [plaintiff] 'supplied incomplete and/or inaccurate order-intake information,' (Apria Counterclaim P 33), that resulted in [defendants] being 'unable to collect all the fees for the home health care products and related services form [sic] Medicare, Medicaid and third-party payors.' (Id.)." Defendants object that the interrogatory is burdensome and oppressive in seeking [*18] information already in the possession of plaintiff and was propounded only for harassment. Notwithstanding their objections, defendants identified "representative exam-

ples of the specific types of misinformation." In response to the motion they reassert their objections.

Asking for information already within the possession of the party seeking the discovery does not of itself make the interrogatory unduly burdensome or oppressive. In this instance plaintiff seeks information about paragraph 33 of defendants' counterclaim. Plaintiff has a right to discover facts known by defendants to support their counterclaim. Such right, of course, has limits. This court has found that an interrogatory which seeks "all facts" supporting allegations within one paragraph of a complaint is overly broad and unduly burdensome on its face. *See Hiskett v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 405 (D. Kan. 1998)*. It also holds true whether the interrogator seeks "all facts" supporting the allegations or "each instance" of the alleged misconduct. "Interrogatories should not require the answering party to provide a narrative account of its case." *Id. at 404*.

The court finds Interrogatory 13 unduly [*19] burdensome on its face. Defendants, nevertheless, have a duty to answer "to the extent the interrogatory is not objectionable." *Fed. R. Civ. P. 33(b)(1)*. They shall, therefore, identify the principal or material instances of the misconduct alleged in paragraph 33 of their Counterclaim. The court finds Interrogatory 13 not objectionable to that extent. *See Hiskett, 180 F.R.D. at 405*. Defendants have identified specific, representative examples of misinformation requiring adjustments. The court cannot tell from those examples whether defendants have identified all principal or material instances responsive to Interrogatory 13. If they constitute all principal or material instances of the misconduct, then defendants shall so state under oath.

## K. Interrogatory 15

Interrogatory 15 asks defendants to "identify each item of 'confidential or proprietary business information' that [they] contend [plaintiff] removed, misappropriated, or failed to keep confidential." Defendants answer that "the confidential and proprietary business information that was misappropriated by [plaintiff] includes the following: Apria's Policies and Procedures Manuals; Apria's Customer List for [*20] the region served by its Lenexa, Kansas Office; patient files." In response to the motion they contend their answer is sufficient. Plaintiff suggests that defendants have not appropriately identified the customer list and patient files. It wants the documents identified "by Bates number or otherwise."

Defendants' identification of "patient files" and its "Customer List" appears sufficient to answer the interrogatory. The interrogatory does not require identification by Bates number or any other specific form of identification. Despite their identification of the listed items,

the court also finds the answer to the interrogatory incomplete. Defendants answer that the alleged misappropriated information "includes" the identified items. The term "includes" usually connotes a non-exhaustive list. The answer thus appears incomplete. In addition the answer identifies only alleged misappropriated information. The interrogatory, however, also asks for information that plaintiff allegedly removed or failed to keep confidential. While "misappropriated" information may encompass information "removed or failed to keep confidential," defendants should clarify their answer to remove any ambiguity [*21] as to whether they also identify information that they allege plaintiff "removed or failed to keep confidential." Defendants shall fully answer the interrogatory. They shall clarify whether they have listed all information that they allegedly misappropriated, removed, or failed to keep confidential.

**L. Interrogatory 18(c)**

Plaintiff wants defendants to supplement Interrogatory 18(c), because defendants incorporated its response to Interrogatory 11 into their response. Parties may incorporate an answer to one interrogatory into the answer to another. Nothing in the Federal Rules of Civil Procedure or the Rules of Practice of the United States District Court for the District of Kansas prohibits such practice. That an answer to one interrogatory incorporates an answer to another does not of itself necessitate supplementation. In this instance, however, defendants incorporate their entire response to Interrogatory 11 into their response to Interrogatory 18(c). They thus incorporate not only the answer to Interrogatory 11, but also the objections. The court has overruled objections to Interrogatory 11 and compelled defendants to supplement their answer to it. Accordingly, defendants [*22] shall supplement Interrogatory 18(c).

**M. Interrogatory 19**

Interrogatory 19 asks defendants to "identify each patient complaint received by [their] Lenexa branch during the relevant time period." Defendants have agreed to identify the Bates numbers for complaints regarding patients of plaintiff. They also agree to identify complaints relating to billing practices at their Lenexa branch. They maintain that service-related complaints and those which do not involve patients of plaintiff are irrelevant. As mentioned earlier, they also maintain that the temporal scope of the interrogatory is overly broad in that it seeks information irrelevant to this action.

Plaintiff alleges breach of contract, breach of fiduciary duty, fraud, negligent misrepresentation, tortious interference with contract or business expectancies, negligence, conversion, and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), *18*

*U.S.C. § § 1961-1968.* (Second Am. Compl., doc. 41.) It alleges that it began discussing a business relationship with Homedco, Inc. (Homedco) in the summer of 1994, which culminated in three written agreements on or about January 1, 1995. (*Id.* PP 10-12.) [*23] Two of these agreements, a Billing and Collection Contract and a Discount Agreement, are at issue in this case. (*Id.* P 12.) Plaintiff alleges that, as a result of the Discount Agreement, it and Homedco "were associated in a legitimate relationship for the primary purpose of providing home health care products and related services to patients." (*Id.* P 14.) It alleges that, as a result of the Billing and Collection Contract, it and Homedco "were associated in a business relationship wherein [it] reposed trust and confidence in Homedco to carry out its responsibilities regarding billing and collection services, and customer service, in accordance with all applicable federal and state laws, rules, and regulations." (*Id.* P 15.) In July 1995, Homedco merged with another entity to form defendant Apria Group. (*Id.* P 16.)

Plaintiff alleges violations of RICO from January 1995 through August 11, 1997. (*Id.* PP 17-26.) It alleges that defendants "devised a fraudulent scheme or artifice with the specific intent to defraud Medicare, Medicaid, and other third-party payor insurance companies by submitting false claims for benefits, and with the specific intent to defraud [plaintiff] [*24] by manipulating and falsifying charges for products sold or rented in connection with the Discount agreement." (*Id.* P 21.) It alleges fraud beginning on September 9, 1994. (*Id.* P 41.)

Plaintiff alleges that it relied upon defendants, as its fiduciary, to perform billing and collection services and customer service in accordance with applicable laws and regulations. (*Id.* P 34.) It further alleges that defendants violated their fiduciary duties. (*Id.* P 37.) It alleges that defendants breached the contracts and agreements between the parties. (*Id.* P 27-31.)

Plaintiff suggests that all patient complaints regarding the billing and collection practices of defendants are relevant to the issue of notice to defendants. Interrogatory 19 appears relevant for that purpose. The temporal scope of the interrogatory, furthermore, appears reasonable. Complaints for the period prior to the relationship between the parties may indeed reveal information relating to the notice defendants had about their billing and collection practices. Complaints submitted after the relationship between the parties ended in August 1997 also appear relevant. Although made after the ending of the relationship, [*25] they may indeed relate to the time-period of the relationship between the parties. For instance, a patient may have experienced difficulties with billing or collection practices in July 1997, but may not complain until months later. Such complaint would be relevant to alleged RICO violations. Service-related

complaints appear relevant to the claimed breach of fiduciary duty. They may also have relevancy to the alleged breach of contract. Defendants shall fully answer Interrogatory 19. They may rely upon *Fed. R. Civ. P. 33(d)*, if they satisfy all of its requirements, including proper identification of the documents.

### N. Interrogatory 24

Interrogatory 24 seeks information about billing for products or services allegedly rendered to a patient after his or her death or after equipment had been picked up. Defendants state they are aware of no instances during the life of the contract between the parties in which they issued a bill after date of death or date of pick up without an appropriate adjustment having been made. They directed plaintiff to monthly reports which show every adjustment made for billing after date of death or date of pick up. They assert no objection to the [*26] interrogatory in response to the motion. They have thus abandoned whatever objections they asserted against the interrogatory. They shall fully answer the interrogatory. If they wish to rely upon *Fed. R. Civ. P. 33(d)* to produce business records *in lieu* of answering, they shall affirmatively make such election in response to the interrogatory and comply with all requirements of the rule.

### O. Other Interrogatories

Plaintiff purportedly seeks an order to compel defendants to fully answer all of its First Set of Interrogatories. It provides no argument or basis, however, for compelling further answers to any interrogatories other than those discussed above. Defendants, furthermore, do not address any other interrogatories. The court will thus compel no further answers to interrogatories.

### P. Production of Documents and Privilege Log

Plaintiff also wants defendants to provide a privilege log in accordance with *Fed. R. Civ. P. 26(b)(5)* and produce all non-privileged documents responsive to Requests 20, 24, 41, and 42. Request 20 seeks production of audit-related documents. Defendants assert they have produced all non-privileged documents. The court cannot compel [*27] what parties do not have. Plaintiff, furthermore, only seeks production of non-privileged documents. The court will compel no further production in response to Request 20.

Request 24 seeks documents relating to a tape-recorded conversation reported in an issue of Home Health Line. It also seeks production of the tape itself. In response to the motion defendants claim to have no tape recording responsive to the request. They assert no objection to the request in response to the motion. They have, therefore, abandoned their previously asserted ob-

jections. They shall produce all non-privileged documents responsive to Request 24. Defendants do not assert that they possess or control no responsive documents. They need not produce, of course, a non-existent tape recording.

Requests 41 and 42 seek information regarding financial incentive programs in which employees of defendants may have participated. Defendants object that such information is irrelevant. The requests appear reasonably calculated to lead to the discovery of admissible evidence. They may provide evidence that employees of defendants had a bias or motivation to engage in the alleged fraudulent billing scheme. Defendants [*28] shall produce all non-privileged documents responsive to Requests 41 and 42.

Plaintiff also wants defendants to produce a privilege log in accordance with *Fed. R. Civ. P. 26(b)(5)*. Defendants suggest that they have "voluntarily provided" such a log to plaintiff. They should have provided the information required by Rule 26(b)(5) when they withheld documents from discovery. If they have not already done so, they shall provide a privilege log.

### Motion for Sanctions

The court next addresses Plaintiff's Motion for Sanctions (doc. 73). Pursuant to *Fed. R. Civ. P. 37(d)*, plaintiff seeks an order to strike all or part of the counterclaim of defendants for their failure to designate a *Fed. R. Civ. P. 30(b)(6)* deponent. Defendants oppose the motion.

Plaintiff served notice for a Rule 30(b)(6) deposition of defendants for March 29, 1999. (*See* Notice of Dep., attached as Ex. A to Motion for Sanctions, doc. 73.) Prior to the scheduled date the parties agreed to postpone the deposition. Plaintiff insists that the postponement was conditioned upon defendants' producing a representative for deposition before April 30, 1999. It contends they refused to designate a deponent before [*29] that date, despite an alleged agreement to proceed the week of April 19, 1999. Defendants deny any agreement to proceed the week of April 19.

The court finds no sanctionable conduct by defendants. The parties agreed to postpone the deposition. The record before the court reveals no clear agreement to continue it to a date certain. The court declines to enforce an informal agreement which the parties dispute. They could have entered into a written stipulation in accordance with *Fed. R. Civ. P. 29* to proceed with the deposition on a date certain. In the absence of a stipulation or an undisputed, unambiguous agreement to proceed on a specific date, the court finds that plaintiff has not carried its burden to show conduct which justifies sanctions.

Plaintiff also could have formally served another notice for the deposition. It chose not to do so. It suggests it

would have been futile to do so, as defendants would have moved for a protective order or failed to appear. The failure to appear in that event would likely have been sanctionable. Speculating that an opposing party may seek protection pursuant to *Fed. R. Civ. P. 26(c)*, furthermore, does not render a procedure futile or provide [*30] adequate reason to disregard it. Rule 26(c) provides parties the right to seek protection against improper discovery. The possibility that an opponent may exercise that right is insufficient reason of itself to disregard the specific procedures provided by the Federal Rules of Civil Procedure.

Plaintiff suggests that the court not construe *Fed. R. Civ. P. 30* and *37* to require it to formally re-notice the deposition, as such construction would be contrary to *Fed. R. Civ. P. 1*. Rule 1 directs that the court construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action." The court recognizes the applicability of Rule 1 to this dispute. Its applicability, however, does not help plaintiff. *Fed. R. Civ. P. 37(d)* provides for sanctions against a party failing to appear for a deposition "after being served with proper notice." Defendants had proper notice of a deposition scheduled for March 29, 1999. The parties agreed to take the deposition at a later date. The record before the court does not warrant a finding that defendants had proper notice of any other date for the deposition. The Federal Rules of Civil Procedure [*31] do not absolutely require another notice for the deposition. Parties may instead enter into a written stipulation as provided by *Fed. R. Civ. P. 29*. They may informally agree to a certain date. Inherent in the latter alternative, however, is the risk that sanctions will not be available for a failure to appear. Such construction of Rule 37(d) does not contradict or ignore Rule 1.

**Conclusion**

For the foregoing reasons, the court sustains in part and overrules in part Plaintiff's Motion to Compel Production of Documents and Answers to Interrogatories (doc. 69) and overrules in its entirety Plaintiff's Motion for Sanctions (doc. 73). On or before June 21, 1999, defendant shall answer Interrogatories 2, 3, 4, 5, 6(a), 8, 9, 10, 11, 12, 13, 15, 18(c), 19, 22, 23, and 24 and produce a privilege log and all non-privileged documents responsive to Requests 24, 41, and 42, as set forth herein. Such production shall take place at the offices of counsel for plaintiff located at One Petticoat Lane Bldg., 1010 Walnut St., Ste. 400, Kansas City, Missouri or at any other location agreed upon by the parties.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 8th day of June, 1999. [*32]

Gerald L. Rushfelt

United States Magistrate Judge

LEXSEE 1998 US DIST LEXIS 12480

**CAROL DISANTIS, Plaintiff, v. KOOLVENT ALUMINUM PRODUCTS, INC., MICHAEL DIDOLCE, JAMES CARPENTER, Defendants.**

CIVIL ACTION No. 97-5434

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

*1998 U.S. Dist. LEXIS 12480*

**August 12, 1998, Decided**
**August 12, 1998, Filed**

**DISPOSITION:** [*1] Plaintiff's Motion for Order Compelling Discovery DISMISSED without prejudice.

**COUNSEL:** For CAROL DISANTIS, PLAINTIFF: CHRISTOPHER S. WILSON, WILSON LEGAL SERVICES, PHILA, PA USA.

For KOOLVENT ALUMINUM, MICHAEL DIDOLCE, JAMES CARPENTER, DEFENDANTS: RAYMOND A. KRESGE, KLETT LEIBER ROONEY & SCHORLING, PHILADELPHIA, PA USA.

For KOOLVENT ALUMINUM, MICHAEL DIDOLCE, JAMES CARPENTER, DEFENDANTS: GEORGE A. VOEGELE, JR., KLETT, LIEBER, ROONEY & SCHORLING, P.C., PHILADELPHIA, PA USA.

**JUDGES:** CLIFFORD SCOTT GREEN, S.J.

**OPINIONBY:** CLIFFORD SCOTT GREEN

**OPINION: MEMORANDUM-ORDER**

Presently before the Court is the plaintiff's Motion for Order Compelling Discovery and defendant's response thereto. Plaintiff commenced the present action on August 25, 1997. In February of 1998, the parties exchanged written interrogatories and document requests. After a number of agreed upon extensions, the parties did not provide responses to written discovery until June, 1998. Plaintiff contends that defendant submitted incomplete responses to Interrogatories and Request for Production of Documents dispatched on February 11, 1998. (Pl.'s Mot. For Order Compelling Disc., at 1.) Plaintiff [*2] also alleges that the defendant has refused to make available for deposition Mr. Charles Klinzing, the Director of Human Resources for defen-

dant. Id. As a result, plaintiff is moving to compel discovery, produce Mr. Klinzing for deposition, and impose the appropriate sanctions. For the following reasons, plaintiff's motion will be dismissed without prejudice.

**Discussion**

A motion for order compelling discovery pursuant to *Federal Rule of Civil Procedure 37(a)* must be accompanied by a certification that the movant has in good faith conferred or attempted to confer with the opposing party. *Fed.R.Civ.P. 37(a)(2)(B)*. This obligation to confer concerning discovery disputes is also required by Local Rule 26.1(f) in the Eastern District of Pennsylvania which imposes a substantial obligation on counsel to resolve discovery problems before bringing them to the attention of the court. *American Health Systems, Inc. v. Crozier-Keystone Health System, 1994 U.S. Dist. LEXIS 13115, 1994 WL 505034*, No. 93-cv-0543, at *1 (E.D. Pa. Sept. 12, 1994). Local Rule 26.1(f) states, "no motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery [*3] or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." There must exist such serious differences between counsel that further efforts of negotiation are pointless. *Crown Cork & Seal Co., Inc. v. Chemed Corp., 101 F.R.D. 105, 106-07 (E.D. Pa. 1984)*.

In the present case, plaintiff's counsel has failed to state any facts or present any evidence to show that he made a reasonable, good faith effort to resolve the dispute with defendant's counsel before bringing the dispute to the attention of the Court. In addition, plaintiff's counsel has not included a certification with his motion stating that he had conferred or attempted to confer with the other side to obtain discovery without Court action. Defendant's counsel, on the other hand, has presented evi-

1998 U.S. Dist. LEXIS 12480, *

dence of correspondence between counsel to show that he attempted to resolve the dispute but was unable to settle the matter because plaintiff's counsel did not make a reciprocal effort. (Def.'s Resp., at 5-6; Ex."C.") Therefore, plaintiff's counsel has failed to file the instant motion in accordance with Fed.R.  **[*4]**  Civ.P. 37(a)(2)(B) and Local Rule 26.1(f). Thus, plaintiff's motion will be dismissed without prejudice.

An appropriate order follows.

**ORDER**

AND NOW on this 12th Day of August, 1998, upon consideration of plaintiff's Motion for Order Compelling Discovery and defendant's response thereto, it is HEREBY ORDERED that plaintiff's motion is DISMISSED without prejudice.

BY THE COURT:

CLIFFORD SCOTT GREEN, S.J.

LEXSEE 2005 US DIST LEXIS 5523

**STEPHEN M. GATES and ROBERT W. WILNER, Plaintiffs and Counter-Defendants, v. JOHN W. WILKINSON; KEVIN DYEVICH; M.P.L., LTD.; M.P.L., LTD., a Belize Business Entity; WCW. INC.; LoTECH SUPPORT SYSTEMS, LIMITED, a New York Corporation as incorporated by defendant Wilkinson; COMFORT DIRECT, INC., a New Jersey Business Entity; ATLANTIS MEDICAL, INC., a New Jersey Business Entity; ATLANTIS MEDICAL, INC., a Vermont Business Entity; ATLANTIS INDUSTRIES, a Bahamas Business Entity; US SURFACE, INC. OF DELAWARE, a Delaware Business Entity; and ATLANTIS MEDICAL, Defendants and Counterclaimants.**

**No. 03-CV-763 (GLS/DRH)**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK**

*2005 U.S. Dist. LEXIS 5523*

**April 5, 2005, Decided**

**SUBSEQUENT HISTORY:** Motion granted by *Gates v. Wilkinson, 2005 U.S. Dist. LEXIS 30368 (N.D.N.Y, Nov. 21, 2005)*

**PRIOR HISTORY:** *Gates v. Wilkinson, 2003 U.S. Dist. LEXIS 9417 (S.D.N.Y., June 2, 2003)*

**DISPOSITION:** [*1] Requests of plaintiffs (Docket No. 130) and Wilkinson Defendants (Docket No. 129) for orders compelling production of tax returns both DENIED without prejudice.

**COUNSEL:** WILLIAM P. FANCIULLO, ESQ., Attorney for Plaintiffs, Albany, New York.

MATTHEW J. KELLY, ESQ., ROEMER, WALLENS & MINEAUX, LLP, Attorney for Plaintiffs, Albany, New York.

DONALD T. KINSELLA, ESQ., Attorney for Wilkinson Defendants, Albany, New York.

PAUL E. DAVENPORT, ESQ., LOMBARDI, REINHARD, WALSH & HARRISON, P.C., Attorney for Dyevich Defendants, Albany, New York.

**JUDGES:** David R. Homer, United States Magistrate Judge.

**OPINIONBY:** David R. Homer

**OPINION:**

**MEMORANDUM-DECISION AND ORDER**

Presently pending are the requests of plaintiffs Stephen M. Gates ("Gates") and Robert W. Wilner and that of defendants John W. Wilkinson ("Wilkinson"), M.P.L., LTD., WCW, Inc., LoTech Support Systems, Limited, Comfort Direct, Inc., US Surface, Inc. of Delaware, and Atlantis Medical [collectively referred to herein as the "Wilkinson defendants"] for orders compelling disclosure of tax returns. Docket Nos. 129, 130. For the reasons which follow, both requests are denied.

**I. Background**

This law suit arises out of longstanding [*2] business relationships among plaintiffs and defendants involving, inter alia, the design, manufacture, and sale of mattresses. Am. Compl. (Docket No. 25) at P1. Generally, plaintiffs allege that by a variety of schemes commencing in April 1994, defendants "obtained by fraud and stole valuable property and money, believed to be many millions of dollars, from plaintiffs . . . ." Id. at P2. In an eighty-eight page amended complaint with 350 numbered paragraphs, plaintiffs allege that defendants deprived them of assets through various business entities and seek compensatory and punitive damages as well as declaratory relief under the Racketeer Influenced and Corrupt Organizations Act, *18 U.S.C. § 1961 et seq.* (RICO), and related theories. The Wilkinson defendants generally deny wrongdoing and assert fifteen counterclaims against plaintiffs seeking compensatory and punitive damages as well as declaratory relief on breach of

contract, fraud, and related theories. Am. Ans. (Docket No. 74) at PP380-512. Thus, the parties' pleadings have placed in issue the parties' sources and amounts of income as well as the financial transaction of their various related [*3] business entities.

On or about September 1, 2004, the Wilkinson defendants served plaintiffs with document demands which included in Demand Nos. 67 and 68 directions for both plaintiffs to produce "State, Federal and Foreign Income Tax Returns for 1992 to the present." n1 On February 2, 2005, plaintiffs served Wilkinson with a document demand. Demand No. 29 directed Wilkinson to "provide copies of your personal Federal and state income tax returns for the period of January 1, 1992 to date." Both plaintiffs and Wilkinson objected to these discovery demands, all refused production, and the requests at issue herein for orders compelling production followed. n2

> n1 Tax returns were also demanded as parts of Demand Nos. 24 and 63.

> n2 Plaintiffs also served discovery demands for the production of tax returns on defendant Kevin Dyevich. Dyevich has not opposed that demand. Fanciullo Letter-Brief (Docket No. 130) at 2.

## II. Discussion

Since 1977, tax returns have been described by statute as "confidential. [*4] " 26 U.S.C. § 6103(a); see also Gattegno v. Pricewaterhousecoopers, LLP, 205 F.R.D. 70, 71 (D. Conn. 2001). Such confidentiality serves both to protect the privacy interests of taxpayers, see Gattegno, 205 F.R.D. at 71, and "'the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns.'" Aliotti v. Vessel Senora, 217 F.R.D. 496, 497 (N.D. Cal. 2003) (quoting Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975)). Thus, a more stringent standard for discovery of tax returns applies than the general standard of relevance for discovery in Fed. R. Civ. P. 26(b)(1).

This more stringent standard is incorporated in a two-prong test, sometimes described as a qualified privilege, which must be satisfied for a court to compel disclosure of tax returns. That test was first enunciated in Cooper v. Hallgarten & Co., 34 F.R.D. 482, 484 (S.D.N.Y. 1964), requires that (1) the tax returns are relevant within the broad definition of relevance contained in Rule 26(b)(1), and [*5] (2) there exists a compelling need for disclosure of the returns because the information contained in the returns is not otherwise readily available. See Bujnicki v. Am. Paving & Excavating,

Inc., 2004 U.S. Dist. LEXIS 8869, No. 99-CV-0646S(SR), 2004 WL 1071736, at *14 (W.D.N.Y. Feb. 25, 2004); Gattegno, 205 F.R.D. at 73; Hazeldine v. Beverage Media, Ltd., 1997 U.S. Dist. LEXIS 8971, No. 94 CIV. 3466(CSH), 1997 WL 362229, at *4 (S.D.N.Y. June 27, 1997). Thus, under the second prong, if the information contained in a tax return is otherwise available to a party from other sources, compelled production should be denied. See Bujnicki, 2004 U.S. Dist. LEXIS 8869, 2004 WL 1071736, at *14 (denying compulsion where information readily available from other financial documents); Gattegno, 205 F.R.D. at 73 (same); Hazeldine, 1997 U.S. Dist. LEXIS 8971, 1997 WL 362229, at *4 (denying order compelling production of tax returns where information was available through deposition and "other less intrusive" discovery means).

The tax returns sought here by plaintiffs and the Wilkinson defendants may reasonably be expected to contain information concerning financial relationships, sources and amounts of [*6] income, and related financial information. That information is clearly relevant to the respective claims and defenses of the parties both as to liability and as to damages. Both plaintiffs and the Wilkinson defendants have, therefore, satisfied the relevance prong of the test.

As to the compelling need prong, plaintiffs contend first that Wilkinson has engaged in a pattern of fraudulent activity involving an offshore corporation or account, money laundering, forgery, identity theft, and concealing assets. Fanciullo Letter-Brief (Docket No. 130) at 1-2. Wilkinson has denied such allegations. These allegations are, of course, issues of fact for trial and cannot be assumed. However, even assuming the truth of such allegations, they at most establish the relevance of Wilkinson's tax returns but not a compelling need. This is particularly so where, as here, plaintiffs have demanded production of all other financial documents of the Wilkinson defendants for the same time period and the production of such documents has either been promised by the Wilkinson defendants or ordered by the Court. Moreover, depositions have not yet been completed by plaintiffs. Wilkinson's tax returns would appear [*7] cumulative of these underlying financial documents and of depositions. As plaintiffs themselves indirectly concede, the production of tax returns for purposes of providing prior statements of Wilkinson to test or challenge his credibility fails to establish a compelling need. See Fanciullo Letter-Brief at 4 ("Credibility and cross-examination are inadequate reasons to order disclosure."). Moreover, the fact that the information sought by plaintiffs may be more easily accessible from tax returns than from depositions or other financial documents does not, without more, constitute a compelling need.

Second, plaintiffs contend that the Wilkinson defendants' inadequate responses to plaintiffs' discovery demands renders the financial information contained in Wilkinson's tax returns not readily available from any other source and create a compelling need for their production. Fanciullo Letter-Brief at 2-3. However, partial production of the discovery demanded has been made by the Wilkinson defendants and the remainder has been promised or ordered. The discovery demands were served less than two months ago and seek virtually every financial document for the past decade and beyond in [*8] the possession of the Wilkinson defendants, presumably including bank statements, financial statements, records of income and assets, and the like. Moreover, the depositions of Wilkinson and others associated with him have not yet been completed. Until such discovery has been completed and an assessment can be made of the information readily available to plaintiffs from other sources, it is impossible in the circumstances of this case for any compelling need for Wilkinson's tax returns to be found.

Similarly, no compelling need exists for the Wilkinson defendants to obtain the tax returns of either plaintiff. The Wilkinson defendants offer as a reason for seeking the returns a claim that they need to determine the sources of Gates' income regarding a particular entity. Kinsella Letter-Brief (Docket No. 129) at 3. Given the other discovery which appears to be available to the Wilkinson defendants from both depositions and document production, the information sought in plaintiffs' tax returns by the Wilkinson defendants appears readily available from those sources at this stage.

Thus, as to the request of both plaintiffs and the Wilkinson defendants, the information sought appears [*9] to be readily available from depositions and the discovery which has been or will be produced. No compelling need for the production of tax returns by these parties can be found at this time. However, if a party believes that relevant information is not readily and rea-

sonably available after the completion of depositions and document production, leave is granted to renew a request for the production of tax returns at that time. n3

n3 Tax returns of any party will inevitably contain information which is not relevant to the pending action, including Social Security numbers, the identities of dependents, adjustments, credits, deductions, and the like. Moreover, such returns may well have been filed jointly with a spouse and no spouse appears to be a party to this action. Any information in a tax return concerning a spouse implicates the privacy interests of a non-party and would appear irrelevant in this case. Thus, if any party renews his request for production of tax returns, such request should be specific as to which portions of the tax returns are sought so that, if necessary, appropriate redaction can be ordered.

[*10]

### III. Conclusion

WHEREFORE, for the reasons stated above, it is hereby

**ORDERED** that the requests of plaintiffs (Docket No. 130) and the Wilkinson Defendants (Docket No. 129) for orders compelling the production of tax returns are both **DENIED** without prejudice to renewal after the completion of depositions and document production.

**IT IS SO ORDERED.**

DATED: April 5, 2005

    Albany, New York

    David R. Homer

    United States Magistrate Judge