UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENX INTERNATIONAL, INC. and ) <br> IVFONLINE.COM, LLC ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> JEREMY JOHNSON and REPROMEDIX ) <br> CORP., ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 05-CV-10419(DPW) |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
### FOR EXTENSION OF TIME TO COMPLETE DISCOVERY

Defendants Jeremy Johnson ("Johnson") and Repromedix Corp. ("Repromedix") (collectively, "Defendants") hereby respond to Plaintiffs' Amended Motion For Extension of Time to Complete Discovery ("Motion"), which was filed on April 18, 2006. In that Motion, Plaintiffs seek to modify the Scheduling Order for a second time, so as to extend by approximately sixty (60) days certain deadlines in this action.

Defendants neither assent to nor oppose Plaintiffs' Motion. However, Defendants take issue with Plaintiffs' assertion in the Motion that they have the right to continue the depositions of Defendants beyond a single day, and to the extent that Plaintiffs are requesting leave of Court to continue Defendants' depositions over two or more days, Defendants oppose that request.

Each Defendant is scheduled to be deposed on April 19, 2006. In the Motion, however, Plaintiffs state their intention to begin the depositions of both Johnson and Repromedix on April 19, but to continue those depositions beyond April 19. *See* Plaintiffs' Motion, ¶5 ("While Plaintiffs will be going forward with depositions on April 19, 2006, they would like to continue

BOST1-885559-1

depositions thereafter for the purpose of inquiring about the information to be provided by Defendants."). *See also id.,* ¶6 ("While Plaintiffs will be going forward with depositions on April 19, 2006, they would like to continue depositions thereafter for the purpose of inquiring about any information Defendants are ordered to produce then deposing Johnson and Repromedix.")

In fact, the Federal Rules of Civil Procedure do not permit Plaintiffs to take Defendants' depositions over a span of days, without leave of Court.  Fed. R. Civ. P. 30(d)(2) clearly provides:  "Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to **one day of seven hours**." (Emphasis added.)  *See e.g., Sentry Ins. v Shivers*, 164 F.R.D. 255 (D. Kan. 1996) (holding that absent some showing of need or good reason for doing so, court will generally not require deponent to appear for second deposition; scheduling second deposition of same person without showing of good reason will generally support finding of annoyance and undue burden or expense).  Accordingly, without leave of Court, Plaintiffs have but a single day in which to complete each deposition.

Defendants are filing this response to make clear that they do not waive their right to assert, under Fed. R. Civ. P. 30(d)(2), that Plaintiffs may not continue Defendants' depositions beyond a single day without leave of Court.  In fact, Defendants oppose or will oppose any request by Plaintiffs to continue Defendants' depositions beyond a single day, in particular the deposition of Mr. Johnson, who resides in California and will incur significant expense and disruption if required to travel to Massachusetts twice to complete his deposition.

Respectfully submitted,

**JEREMY JOHNSON and REPROMEDIX CORP.,**

By their attorneys,

/s/ Melissa D'Alelio
John R. Bauer (BBO # 630742)
Melissa M. D'Alelio (BBO # 663035)
ROBINSON & COLE, LLP
One Boston Place
Boston, MA 02108-4404
(617) 557-5900

Dated: April 18, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 18, 2006.

/s/ Melissa D'Alelio
Melissa M. D'Alelio