UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENX INTERNATIONAL, INC. and IVFONLINE.COM, LLC,  Plaintiffs, v.  JEREMY JOHNSON and REPROMEDIX CORP.,  Defendants. | : CIVIL ACTION NO. 05-CV-10419(DPW) : : : : : : : : : : : JUNE 29, 2006 |

## PLAINTIFFS' THIRD MOTION FOR MODIFICATION OF SCHEDULING ORDER

Pursuant to the Court's Scheduling Order (Doc. 19) dated October 10, 2005 and modified on February 28, 2006 and April 27, 2006, Plaintiffs request that the Scheduling Order be modified so as to extend by approximately thirty (30) days certain deadlines in this case. This is Plaintiffs' third motion to modify the Scheduling Order.[1] Plaintiffs have communicated with counsel for Defendants and are able to report that Defendants consent to the granting of this motion. The reasons for this motion are as follows:

1. On June 6, 2006, Plaintiffs noticed the Rule 30(b)(6) deposition of Defendant Repromedix Corp. ("Repromedix") for June 29, 2006. Pursuant to Rule 30(b)(6), the deposition notice listed multiple subject matters on which examination was requested.

2. On June 29, 2006, Plaintiffs conducted the Rule 30(b)(6) deposition of Repromedix. Repromedix designated Mr. Norman Wirtz as its Rule 30(b)(6) designee.

3. During the deposition, it became evident that Mr. Wirtz did not have knowledge with respect to several of the subject matters on which examination was

---

[1] The first motion to modify the Scheduling Order was a joint motion by Plaintiffs and Defendants.

requested in Plaintiffs' Notice of Deposition and was therefore unable to testify to those subject matters.

4. During a recess of the deposition, counsel for the parties discussed Mr. Wirtz's inability to testify to subject matters on which examination was requested. During this discussion, counsel for Defendants indicated his willingness to produce another designee to testify on the subject matters to which Mr. Wirtz was unable testify.

5. Accordingly, the extension is needed for Plaintiffs to finish their Rule 30(b)(6) deposition of Repromedix before a fact-discovery deadline passes.

6. On June 29, 2006, Plaintiffs filed a Second Motion to Compel production of Defendant Jeremy Johnson's ("Johnson") laptop computer for inspection in accordance with Request for Production 34 to Johnson.

7. Plaintiffs seek modification of the Scheduling Order for the purpose of allowing the Court to rule on Plaintiffs' Second Motion to Compel before a fact-discovery deadline passes.

8. Plaintiffs also seek modification of the Scheduling Order for the purpose of completing inspection of Johnson's laptop computer before a fact-discovery deadline passes should the Court grant Plaintiffs' motion.

Therefore, Plaintiffs request that the Court modify the Scheduling Order to include the following new deadlines:

1. All trial experts are to be designated and disclosure of information contemplated by Fed. R. Civ. P. 26 provided by the party bearing the burden of proof no later than August 1, 2006, and rebuttal experts no later than August 29, 2006; expert depositions shall be completed by September 28, 2006.

2.  Fact discovery is to be completed by August 3, 2006.

3.  Motions for summary judgment are to be filed by November 9, 2006, and responses are to be filed within fourteen (14) calendar days thereafter.

4.  A further scheduling/status conference is set for December 17, 2006 at 2:30 P.M., or such other date and time as is convenient for the Court. The parties shall file a STATUS REPORT on or before December 10, 2007.

**GENX INTERNATIONAL, INC. and IVFONLINE.COM, LLC**

By: /s/ Michael J. Spagnola
Glenn A. Duhl BBO#653001
Michael J. Spagnola
Siegel, O'Connor, O'Donnell & Beck, P.C.
150 Trumbull Street
Hartford, CT 06103
(860) 727-8900
Fax: (860) 527-5131
gduhl@siegeloconnor.com
mspagnola@siegeloconnor.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2006, a copy of the foregoing Plaintiffs' Second Motion for Extension of Time to Complete Discovery was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Michael J. Spagnola