UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENX INTERNATIONAL, INC. and<br>IVFONLINE.COM, LLC<br><br>    Plaintiffs,<br>v.<br><br>JEREMY JOHNSON and REPROMEDIX<br>CORP.,<br>    Defendants. | CIVIL ACTION NO. 05-CV-10419(DPW) |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' SECOND MOTION TO COMPEL

Since the Court denied their motion to compel Defendant Jeremy Johnson ("Johnson") to produce his personal laptop computer, Plaintiffs genX International, Inc. ("genX") and IVFonline.com, LLC ("IVF") still have no evidence that Johnson *has* IVF's customer contact information on his laptop and they have no evidence that he failed to delete the customer information from his laptop when he ceased working for IVF. In response to Plaintiffs' first motion to compel discovery, Johnson conceded that he *had* IVF's customer contact information on his laptop while he worked at IVF, but he testified that, at IVF's request, he deleted that information when he left IVF. Plaintiffs still have no evidence to the contrary. Nonetheless, Plaintiffs are asking that this Court reconsider its denial of Plaintiffs' motion to compel Johnson to produce his laptop. Given the absence of any evidence -- and particularly, any new evidence -- indicating that Johnson has IVF's customer information on his laptop or that he failed to delete the customer information when he left IVF, the Court *again* should summarily deny Plaintiffs' Second Motion to Compel.

### ARGUMENT

Plaintiffs brought this action against Johnson and his present employer, Repromedix Corp. ("Repromedix"), asserting that Johnson breached a non-competition agreement with IVF

BOST1-892319-1

by working for Repromedix, and further asserting that Johnson misappropriated IVF's alleged trade secrets, namely IVF's customer contact information, by contacting certain physicians that he had first contacted on behalf of IVF. What remains baffling about Plaintiffs' continued pursuit of this action is that ***IVF and Repromedix are not competitors*** and that ***Plaintiffs have suffered no damage*** as a result of Johnson's employment by Repromedix or his contacting of physicians or clinics that he first contacted while at IVF. Moreover, IVF has conceded that there is nothing secret about the list of physicians and clinics in the United States that provide *in vitro* fertilization services to patients.[1] Accordingly, the IVF customer contact information that Plaintiffs' ***hope to find***, but have no basis to expect to find, is hardly even a trade secret.

At issue once again is Plaintiffs' request that Johnson produce "any lap top computers, PDAs, and/or cellular telephones in [his] possession." [Plaintiffs'] First Set of Interrogatories and Requests for Production to Defendant Jeremy Johnson, Request No. 34.[2] Johnson objected to this Request on the grounds that "it is unduly burdensome," "seeks information which is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence," and "seeks the production of documents containing Repromedix's confidential and proprietary business information." A copy of Jeremy Johnson's Responses to Plaintiffs' First Set of Interrogatories and Requests for Production is attached to Defendant's Memorandum In Opposition To Plaintiffs' Motion to Compel, as Exhibit B.

On March 21, 2006, Plaintiffs moved to compel Johnson to produce his laptop computer [Docket No. 23]. Defendants opposed that motion, and insofar as there is no new evidence relevant to that motion, Defendants hereby incorporate by reference the arguments and authorities set forth in their Opposition to the motion, particularly section H thereof that relates

---

[1] During the Rule 30(b)(6) deposition of IVF, IVF's designee, Michael Cecchi, conceded that the list of physicians and clinics in the United States that provide in vitro fertilization services is not a secret, and that the list can be easily acquired through the Internet. *See* Transcript of Deposition of Michael Cecchi at 36, attached hereto as Exhibit 1.

[2] Plaintiffs incorrectly refer to themselves as "Defendants" in the title of their discovery requests.

2

to Plaintiffs' request that Johnson produce his laptop computer. [Docket No. 28]. On May 11, 2006, the Court denied without prejudice Plaintiffs' motion to compel Johnson to produce his laptop.

Plaintiffs now assert that the Court agreed to "re-entertain Plaintiffs' motion if Plaintiffs could produce evidence, such as an affidavit suggesting that Johnson *had* [Plaintiffs'] information on his laptop computer." *See* Plaintiffs' Memorandum of Law in Support of Second Motion to Compel at 3 (emphasis added). That is, Plaintiffs now assert that the Court stated that it would reconsider the motion to compel production of the laptop if Plaintiffs presented evidence that, ***in the past***, Johnson's laptop had contained IVF's customer contact information.[3] Plaintiffs' interpretation of the Court's basis for denying the motion to compel without prejudice is untenable given Johnson conceded that while working at IVF he routinely downloaded IVF customer contact information on to his laptop. *See* Transcript of Deposition of Jeremy Johnson at pages 121-22, attached hereto as Exhibit 2. The dispute is not whether Johnson *had* IVF's customer contact information on his laptop while working at IVF. Rather the dispute is whether Johnson ***still has*** IVF's customer contact information on his laptop. Accordingly, the Court agreed to reconsider its denial of the motion to compel production of the laptop if Plaintiffs presented evidence that Johnson still has IVF's customer contact information on his laptop or even if Plaintiffs presented evidence that Johnson did not, as he testified, delete IVF's customer contact information when he left IVF. *See Id*. In fact, when Plaintiffs filed their first Motion to Compel, they had no evidence that Johnson still has IVF customer contact information on his laptop computer or that he failed to delete the customer contact information before he left IVF.

---

[3] The confusing "evidence" that Plaintiffs submit in support of their Second Motion to Compel purports only to show that ***while at IVF***, Johnson deleted and allegedly transferred files from his IVF desktop computer. In other words, Plaintiffs do not even present convincing evidence that Johnson ever had Plaintiffs' customer contact information on his laptop. However, Johnson has conceded that while at IVF, he routinely downloaded IVF customer contact information on his laptop. The key point is that Plaintiffs present no evidence that Johnson still has IVF's customer contact information on his laptop and no evidence to contradict Johnson's testimony that he deleted the IVF customer contact information when he left IVF.

3

Plaintiffs still have no evidence to that effect and hence there is no basis whatsoever for reconsideration of the Court's denial of Plaintiffs' first motion to compel Johnson to produce his laptop.

For the reasons set forth herein, Defendants respectfully requests that the Court summarily, *and without a hearing*, deny Plaintiffs' Second Motion to Compel. Pursuant to Fed. R. Civ. P. 37(a)(4)(B), Defendants further request that the Court order Plaintiffs to reimburse Defendants for the reasonable expenses Defendants incurred in opposing this motion, including reasonable attorneys fees.

Respectfully submitted,

**JEREMY JOHNSON and REPROMEDIX CORP.,**

By their attorneys,

/s/ Melissa M. D'Alelio
John R. Bauer (BBO # 630742)
Melissa M. D'Alelio (BBO # 663035)
ROBINSON & COLE, LLP
One Boston Place
Boston, MA 02108-4404
(617) 557-5900

Dated: July 12, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 12, 2006.

/s/ Melissa M. D'Alelio
Melissa M. D'Alelio

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
DISTRICT COURT DEPARTMENT

GENX INTERNATIONAL, INC.
and IVFONLINE.COM, LLC,

       Plaintiffs,
VS

JEREMY JOHNSON and
REPROMEDIX CORP.,

       Defendants.

CIVIL ACTION NUMBER:
05-CV-10419(DPW)

**CONTAINS CONFIDENTIAL EXCERPTS**

**RULE 30(B)(6) DEPOSITION OF GENX INTERNATIONAL**

**BY MICHAEL CECCHI**

April 26, 2006
10:18 a.m.

Robinson & Cole
One Boston Place, 25th Floor
Boston, Massachusetts

Lauren Sullivan, Notary Public, Professional Shorthand Reporter
within and for the Commonwealth of Massachusetts.



**Jack Daniel**
Court Reporting & Video Services

EXHIBIT
1

Technologies you can use • Experience you can Trust
141 Portland Street, Suite 200, Boston, Massachusetts 02114
Phone: 617.557.0039 • Toll Free: 866.814.0039 • Toll Free Fax: 866.557.0041
www.jackdanielreporting.com

36

1  know, I mean it's a number we throw
2  around, 350, 400.
3      Q.  But the number of clinics in the
4  United States is not an IVFonline trade
5  secret?
6      A.  No, it isn't.
7      Q.  And, in fact, one could compile a
8  list of those 350 fertility clinics in the
9  US by doing some internet searching; is
10 that right?
11          MR. DUHL:  Object to the
12 form of the question.
13      BY MR. BAUER:
14     Q.  You can answer.
15     A.  Could you find them all?  No.
16     Q.  One could compile a substantial
17 number of the 350 -- a list of the -- a
18 substantial number of the 350 fertility
19 clinics by doing an internet search?
20     A.  Yes, they could.
21     Q.  So there is nothing secret about
22 the list of fertility clinics in the
23 United States.
24     A.  No.



Jack Daniel
Court Reporting & Video Services inc
Technologies you can use • Experience you can Trust

Direct Dial:    617.557.0039
Toll Free:      866.814.0039
Toll Free Fax:  866.557.0041
www.jackdanielreporting.com

141 Portland Street, Suite 200
Boston, Massachusetts 02114

Case 1:05-cv-10419-DPW   Document 38-3   Filed 07/12/2006   Page 1 of 3
Jeremy Johnson 4-19-2006
GENX International, Inc., and Ivfonline.com, LLC v. Jeremy Johnson and Repromedix Corp.

1

```
 1              UNITED STATES DISTRICT COURT
 2                DISTRICT OF MASSACHUSETTS
 3
 4    ---------------------------------x
 5    GENX INTERNATIONAL, INC., and
 6    IVFONLINE.COM, LLC,
 7                    Plaintiff
 8                                        Civil Action
 9    vs.                                  No. 05-CV-10419(DPW)
10
11    JEREMY JOHNSON and
12    REPROMEDIX CORP.,
13                    Defendant
14    ---------------------------------x
15
16          DEPOSITION OF JEREMY JOHNSON, a
17    witness called by and on behalf of the
18    Plaintiff, taken pursuant to the Federal Rules
19    of Civil Procedure, before Nicole E. Guilbert,
20    a Notary Public in and for the Commonwealth of
21    Massachusetts, at O'Brien & Levine, 195 State
22    Street, Boston, Massachusetts, on Wednesday,
23    April 19, 2006, commencing at 10:05 a.m.
24
```

EXHIBIT 2

Jeremy Johnson 4-19-2006
GENX International, Inc., and Ivfonline.com, LLC v. Jeremy Johnson and Repromedix Corp.

121

```
 1    to put that specific information in.  Why did you do it?
 2         A.    I would put specific information about a potential
 3    client or client so that I would be able to understand what
 4    they might be interested in, what products or -- what
 5    products they might be interested in or any other really
 6    sort of key information about that client or potential
 7    client.
 8         Q.    As you sit here today -- you have a computer that
 9    you had used at home, correct, when you were at IVFonline?
10         A.    Can you repeat that.
11         Q.    When you were at IVFonline, you had a home
12    computer, correct?
13         A.    Yes.
14         Q.    Where is that computer?
15         A.    It's at my home right now.
16         Q.    Is that a desktop or is that a portable?
17         A.    It's a laptop.
18         Q.    Have you preserved all the information that's on
19    it since this litigation commenced and that would be the
20    information relating to your prior working relationship
21    with IVFonline, anything you sent to it or received from
22    it?
23         A.    According to Monica's instructions, I deleted any
24    e-mails or contacts relating to any business of IVFonline's
```

Jeremy Johnson 4-19-2006
GENX International, Inc., and Ivfonline.com, LLC v. Jeremy Johnson and Repromedix Corp.

122

1   as well as any files that were on there as well relating to
2   that business.
3       Q.   When did you do that?
4       A.   Immediately upon giving my resignation.
5       Q.   All right.  And you have that laptop still,
6   correct?
7       A.   I have it but it's not in a working state right
8   now unfortunately.
9       Q.   And can you tell me why it's not in a working
10  state right now?
11      A.   Yes.  I don't know why but it -- actually, at this
12  point, the power source won't work correctly.  So I don't
13  know if it's the power cord or if it's the -- something
14  internal.  But currently it's not working.
15      Q.   Are you aware that, in this litigation, a request
16  has been made to inspect that hard drive?
17      A.   Yes.  I was aware that there was a request made
18  but I was informed that I would not --
19           MR. BAUER:  Let me --
20      Q.   (By Mr. Duhl)  Don't tell me what your attorney
21  has told you.
22      A.   I did see a request for the laptop.
23      Q.   Okay.  And to the extent necessary, you are
24  preserving the condition of that laptop, correct?  You're